**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | | |
|---|---|---|
| **R. CATHY REARDON,** | | |
| | **)** | |
| On behalf of herself and all | ) | |
| similarly situated individuals | ) | |
| . | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | |
| **CLOSETMAID CORPORATION** | ) | |
| **And EMERSON ELECTRIC CO.,** | ) | **Class Action** |
| | ) | |
| | ) | **TRIAL BY JURY IS DEMANDED**. |
| | ) | |
| **Defendants.** | ) | **Electronically Filed** |
| | ) | |

**CLASS COMPLAINT**

COMES NOW, the Representative Plaintiff, R. Cathy Reardon, on behalf of herself and

all similarly situated individuals and alleges the following claims:

**JURISDICTION/VENUE**

1.      The Court has jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15

U.S.C. §1681n and 1681p.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendants

regularly do business in the district and division.

3.      Defendants maintain the offices of their registered agents for service of process in

Pittsburgh, which offices are located in this district and division.

4.      Plaintiff lives just outside of Pittsburgh in this district and division in Glenshaw,

Pa. and Plaintiff applied for a job with Defendants in Pittsburgh.

5.      ClosetMaid and Emerson maintain local operations in Pittsburgh.

**PARTIES**

6.      R. Cathy Reardon (hereinafter "Reardon" or "Plaintiff") is a citizen of Glenshaw,

Pennsylvania and a "consumer" as protected and governed by the FCRA.

7.      ClosetMaid Corporation (hereinafter "ClosetMaid") is a Florida corporation.  At

all times relevant hereto, it was a "user" of the consumer report of Plaintiff, as governed by the

FCRA.

8.      Emerson Electric Co. (hereinafter "Emerson") is a Missouri corporation.  At all

times relevant hereto, it was a "user" of the consumer report of Plaintiff, as governed by the

FCRA.

**FACTS**

9.      ClosetMaid is a division of Emerson, Plaintiff applied to work at the Defendants,

and Defendants jointly acted and failed to act as alleged herein.

10.      At all times relevant hereto Securint was a "consumer reporting agency" as

governed by the FCRA. During the relevant time Securint was regularly engaged in the business

of assembling, evaluating and disbursing information concerning consumers for the purpose of

furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

11.      Reardon applied for a job with Defendants in Pittsburgh, Pennsylvania in

December 2006.

12.      As part of the application process, Reardon may have authorized a criminal

background check.

13.      Defendants hired Reardon subject to the receipt of her criminal background

check report.

14.     On or about December 15, 2006 Defendants obtained a criminal background check on Reardon from Securint.

15.     The background check from Securint listed 22 charges against Reardon, and it failed to list the disposition thereof, thereby indicating that the charges were still pending against her.

16.     In fact, each of the charges had been dismissed and subsequently expunged, so it was an error to include them in the criminal background report at all.

17.     Defendants failed to provide to Reardon a copy of the criminal background report a sufficient amount of time before they took the adverse action against Reardon to allow her to discuss the report with Defendants or otherwise respond before the adverse action was taken.

18.     Defendants decided not to hire Plaintiff based on the criminal background check without providing Reardon with any advance notice that they were going to take that adverse action, without providing her with a copy of the criminal background report, and without providing her with a written summary of her rights under the FCRA.

19.     Upon information and belief, it is Defendants' standard hiring practice to rely on criminal background checks, and when the results are unsatisfactory, to fire or refuse to hire people without providing them a pre-adverse action notice in writing at least five business days before taking the adverse action, without providing them with a copy of their criminal background check at least five business days before taking the adverse action, and without providing them with a written summary of their rights under the FCRA at least five business days before taking the adverse action, even though they told each applicant/employee that they

would wait five business days to make a decision about whether to hire or not.

20.     As a result of these FCRA violations, the Defendants are liable to Plaintiff and to each  Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §1681n(a)(2), and for attorneys fees and costs pursuant to §1681n and §1681o.

21.     Plaintiff and Class Members are entitled to equitable relief against Defendants requiring their compliance with the FCRA in all future instances and/or re-employment of Plaintiff, and enjoining their  future violations of the FCRA.

**CLASS ACTION ALLEGATIONS**

22.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class (the "Class") initially defined as follows:

> All employees or prospective employees of Defendants residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendants to make an adverse employment decision regarding such employee or prospective employee within the period prescribed by FCRA, 15 U.S.C. §1681p, prior to the filing of this action and for whom Defendants did fail to provide that applicant a copy of their consumer report at least five business days before it took such adverse action.

23.     **Numerosity.  FED. R. CIV. P. 23(a)(1).**  The Class is so numerous that joinder of all members is impractical.  The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

24.     **Existence and Predominance of Common Questions of Law and Fact.  FED. R. CIV. P. 23(a)(2).**  Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members.  These

common legal and factual questions include, among other things:

a.      Whether Defendants failed to provide each employee/applicant a copy of their

consumer report at least five business days before it took an adverse action based

upon the consumer report?

b.      Whether Defendants failed to provide each employee/applicant a copy of their

written notice of FCRA rights at least five business days before it took an adverse

action based upon the consumer report ?

c.      Whether Defendants knowingly and intentionally committed an act in conscious

disregard of the rights of the consumer ? and;

d.       Whether Defendants' conduct constituted violations of FCRA 15 U.S.C. §1681b?

25.      **Typicality. FED. R. CIV. P. 23(a)(3)**.  Plaintiff's claims are typical of the claims

of each Class member.  Plaintiff for class certification purposes seeks only statutory and punitive

damages.  Plaintiff would only seek individual or actual damages if class certification is denied.

In addition, Plaintiff is entitled to relief under the same causes of action as the other members of

the Class.

26.      **Adequacy. FED. R. CIV. P. 23(a)(4).**  Plaintiff is an adequate representative of

the Class because her interests coincide with, and are not antagonistic to, the interests of the

members of the Classes she seeks to represent; she has retained counsel competent and

experienced in such litigation; and she intends to prosecute this action vigorously.  The interests

of members of the Classes will be fairly and adequately protected by Plaintiff and her counsel.

27.      **Superiority.  FED. R. CIV. P. 23(b)(3).**  Questions of law and fact common to the

Class members predominate over questions affecting only individual members, and a class action

is superior to other available methods for fair and efficient adjudication of the controversy. The

statutory and punitive damages sought by each member are such that individual prosecution

would prove burdensome and expensive given the complex and extensive litigation necessitated

by Defendants' conduct. It would be virtually impossible for the members of the Class

individually to redress effectively the wrongs done to them. Even if the members of the Class

themselves could afford such individual litigation, it would be an unnecessary burden on the

Courts. Furthermore, individualized litigation presents a potential for inconsistent or

contradictory judgments and increases the delay and expense to all parties and to the court

system presented by the complex legal and factual issues raised by Defendants' conduct. By

contrast, the class action device will result in substantial benefits to the litigants and the Court by

allowing the Court to resolve numerous individual claims based upon a single set of proof in a

case.

28.     **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2).** Class

certification is appropriate because Defendants have acted on grounds generally applicable to the

Classes, making appropriate equitable injunctive relief with respect to Plaintiff and the Class

members.

**COUNT ONE**
**VIOLATION OF THE FCRA § 1681b**

29.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth

at length herein.

30.     Defendants willfully violated the FCRA, 15 U.S.C. §1681b, because they failed to

provide a copy of the consumer report used to make an employment decision to Plaintiff and all

others similarly situated at least five business days before taking an adverse action that was

6

based in whole or in part on that report.

31.     Plaintiff seeks statutory damages for himself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

32.     Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

33.     In the alternative to the Plaintiff's allegations that these violations were willful, she alleges that the violations were negligent and seeks appropriate remedy, if any, under 15 U.S.C. §1681o.

## COUNT TWO
## VIOLATION OF THE FCRA § 1681b

34.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

35.     Defendants willfully violated the FCRA, 15 U.S.C. §1681b(b)(3)(A)(ii), because they failed to provide Plaintiff and all others similarly situated the written summary of rights required by this section of the FCRA at least five business days before taking an adverse action that was based in whole or in part on a consumer report.

36.     Plaintiff seeks statutory damages for herself and all others similarly situated for this violation pursuant to 15 U.S.C. § 1681n(a)(1)(A).

37.     Plaintiff seeks punitive damages and equitable relief for this violation pursuant to 15 U.S.C. § 1681n(a)(2).

38.     In the alternative to the Plaintiff's allegations that these violations were willful, she alleges that the violations were negligent and seeks appropriate remedy, if any, under 15 U.S.C. §1681o.

39.     If and when appropriate, Plaintiff on behalf of herself and those similarly situated, seeks issue certification of the issue whether Defendants' violations of FCRA, 15 U.S.C. §1681b were negligent.

40.     Every paragraph in this Complaint is hereby incorporated into every other paragraph.

WHEREFORE, Plaintiff and the Class Members pray for relief as follows:

1.      an order certifying the proposed FCRA classes herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

2.      the creation of a common fund available to provide notice of and remedy Defendants' FCRA violations;

3.      statutory and punitive damages;

4.      injunctive relief as pled;

5.      attorneys fees, expenses and costs;

6.      pre-judgment and post-judgment interest as provided by law; and

7.      such other relief the Court does deem just, equitable and proper.

TRIAL BY JURY IS DEMANDED.

By: Dated: December 19, 2008          Respectfully Submitted:

By:     /s/ James M. Pietz_____

        James M. Pietz
        Pa I.D. No. 55406
        Pietz Law Office LLC
        Mitchell Building
        304 Ross Street, Suite 700
        412-288-4333
        jpietz@jpietzlaw.com

        Leonard A. Bennett, Esq.
        Consumer Litigation Associates

12515 Warwick Boulevard
Newport News, Va. 23606
(757) 930-3660
lenbennett@clalegal.com

Christopher North. Esq.
751-A Thimble Shoals Blvd.
Newport News, Va 23606
(757) 873-1010

*Counsel for the Representative And ClassPlaintiffs*