# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. CATHY REARDON, *on behalf of herself and all similarly situated individuals*, | Civil Division |
| | No. 2:08-cv-01730 |
| Plaintiff, | Judge Gary L. Lancaster |
| v. | |
| CLOSETMAID CORPORATION and EMERSON ELECTRIC CO., | *Electronically Filed* |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

AND NOW COME DEFENDANTS CLOSETMAID CORPORATION (hereinafter "CMC") and EMERSON ELECTRIC CO. (hereinafter "Emerson"), collectively referred to herein as "Defendants," and file the following response to the Complaint filed by Plaintiff R. CATHY REARDON (hereinafter "Plaintiff") in this matter.

## JURISDICTION/VENUE

1. The allegations set forth in Paragraph 1 of the Complaint are conclusions of law and, as such, require no response. To the extent that a response is deemed to be necessary, Defendants deny that there has been a violation of the statute set forth in that paragraph, and specifically denies that Plaintiff's rights were violated by any actions taken by CMC and/or Emerson.

2. The allegations set forth in Paragraph 2 of the Complaint are conclusions of law and, as such, require no response. To the extent that a response is deemed to be necessary, Defendants deny that there has been a violation of any statute and, therefore, deny that this court is the proper venue for this matter.

3. Defendants admit the allegations set forth in Paragraph 3 of the Complaint.

No. 2:08-cv-01730

4. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore deny the same, except to admit that Plaintiff supplied a Glenshaw address to CMC upon her application for employment.

5. Defendants deny the allegations set forth in Paragraph 5 of the Complaint, except to admit that CMC maintains local operations in the Pittsburgh area.

## PARTIES

6. Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of the Complaint, except to admit that as an individual, Plaintiff is a "consumer" under the FCRA.

7. CMC admits the allegations set forth in Paragraph 7 of the Complaint.

8. Emerson denies the allegations set forth in Paragraph 8 of the Complaint, except to admit that it is a Missouri corporation.

## FACTS

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint. CMC is a wholly-owned subsidiary of Emerson. Plaintiff applied for employment only with respect to CMC.

10. The allegations set forth in Paragraph 10 of the Complaint are legal conclusions, and are not directed to these Defendants and as such, require no response. To the extent that a response is deemed to be necessary, Defendants deny the allegations.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint, except to admit that Plaintiff applied for a job with CMC in December 2006.

No. 2:08-cv-01730

12. Defendants deny the allegations set forth in Paragraph 12, as stated. Plaintiff authorized a "Consumer Credit Report" as part of the application process for a position at CMC, and was made aware that such a report could include "criminal and civil history."

13. Defendants deny the allegations set forth in Paragraph 13, as stated. Plaintiff was not offered a position with CMC after her application for employment there. Plaintiff did not apply for employment with Emerson.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint, except to admit that a Consumer Credit Report regarding Plaintiff was obtained on or about December 15, 2006 from Lexis-Nexis Express Screening.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint, except to admit that the Consumer Credit Report regarding Plaintiff included entries of criminal charges, and no specific disposition was indicated for the charges.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and therefore deny the same.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. The allegations set forth in Paragraph 20 of the Complaint are legal conclusions, and as such, require no response. To the extent that a response is deemed to be necessary, Defendants deny the allegations.

No. 2:08-cv-01730

21.     The allegations set forth in Paragraph 21 of the Complaint are legal conclusions, and as such, require no response.  To the extent that a response is deemed to be necessary, Defendants deny the allegations.

## CLASS ACTION ALLEGATIONS

22.     With regard to the allegations contained in Paragraph 22 of the Complaint, Defendants admit only that Plaintiff attempts to define the class she seeks to represent. Defendant denies that class treatment of this matter is appropriate and denies the remainder of Paragraph 22.

23.     **Numerosity.**  Defendants deny the allegations set forth in Paragraph 23 of the Complaint, and specifically deny that this case is appropriate for class action.

24.     **Common Questions of Law and Fact.**  Defendants deny the allegations set forth in Paragraph 24 of the Complaint, including the allegations contained in each of the subparts a. through d, and specifically deny that this case is appropriate for class action.

25.     **Typicality.**  Defendants are without knowledge or information sufficient to form a belief as to the types of damages Plaintiff would seek if a class is certified or if a class is not certified.  Defendants deny the remainder of the allegations set forth in Paragraph 25, and specifically deny that this case is appropriate for class action.

26.     **Adequacy.**  Defendants are without knowledge or information sufficient to form a belief as to the competence or experience of Plaintiff's counsel.  Defendants deny the remainder of the allegations set forth in Paragraph 26, and specifically deny that this case is appropriate for class action.

27.     **Superiority.**  Defendants deny the allegations set forth in Paragraph 27 of the Complaint, and specifically deny that this case is appropriate for class action.

28. **Injunctive Relief.** Defendants deny the allegations set forth in Paragraph 28 of the Complaint, and specifically deny that this case is appropriate for class action.

## COUNT I
## VIOLATION OF THE FCRA §1681b

29. Defendants incorporate their responses to Paragraphs 1 through 28, above, as if fully set forth herein.

30. The allegations set forth in Paragraph 30 of the Complaint are conclusions of law and, as such, require no response. To the extent that a response is deemed to be necessary, Defendants deny the allegations, and further deny that they are liable for damages to "others similarly situated" to Plaintiff.

31. The allegations set forth in Paragraph 31 of the Complaint are conclusions of law and, as such, require no response. To the extent that a response is deemed to be necessary, Defendants deny the allegations, and specifically deny that damages suffered by Plaintiff, if any, were caused by any actions of either Defendant named in this matter. Defendants further deny that they are liable for damages to "others similarly situated" to Plaintiff.

32. The allegations set forth in Paragraph 32 of the Complaint are conclusions of law and, as such, require no response. To the extent that a response is deemed to be necessary, Defendants deny the allegations, and specifically deny that punitive or equitable damages are appropriate under the facts of this matter.

33. The allegations set forth in Paragraph 33 of the Complaint are conclusions of law and, as such, require no response. To the extent that a response is deemed to be necessary, Defendants deny the allegations, and specifically deny that damages suffered by Plaintiff, if any, were caused by any actions of either Defendant named in this matter.

No. 2:08-cv-01730

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint, and award costs and attorney fees to Defendants, along with such other and further relief as this Court deems just and proper.

## COUNT TWO
## VIOLATION OF THE FCRA §1681b

34. Defendants incorporate their responses to Paragraphs 1 through 23, above, as if fully set forth herein.

35. The allegations set forth in Paragraph 35 of the Complaint are conclusions of law and, as such, require no response. To the extent that a response is deemed to be necessary, Defendants deny the allegations, and further deny that they are liable for damages to "others similarly situated" to Plaintiff.

36. The allegations set forth in Paragraph 36 of the Complaint are conclusions of law and, as such, require no response. To the extent that a response is deemed to be necessary, Defendants deny the allegations, and specifically deny that damages suffered by Plaintiff, if any, were caused by any actions of either Defendant named in this matter. Defendants further deny that they are liable for damages to "others similarly situated" to Plaintiff.

37. The allegations set forth in Paragraph 37 of the Complaint are conclusions of law and, as such, require no response. To the extent that a response is deemed to be necessary, Defendants deny the allegations, and specifically deny that punitive or equitable damages are appropriate under the facts of this matter.

38. The allegations set forth in Paragraph 38 of the Complaint are conclusions of law and, as such, require no response. To the extent that a response is deemed to be necessary,

No. 2:08-cv-01730

Defendants deny the allegations, and specifically deny that damages suffered by Plaintiff, if any, were caused by any actions of either Defendant named in this matter.

39. The allegations set forth in Paragraph 39 of the Complaint are conclusions of law and, as such, require no response. To the extent that a response is deemed to be necessary, Defendants deny the allegations, and specifically deny that class treatment of these issues is appropriate.

40. The allegation set forth in Paragraph 40 of the Complaint is a conclusion of law and, as such, requires no response. To the extent that a response is deemed to be necessary, Defendants deny the allegation.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint, and award costs, attorney fees, and such other and further relief as this Court deems just and proper. Defendants specifically deny that Plaintiff – or any putative "Class members" - are entitled to any of the damages claimed in subparagraphs 1 through 7 of her "Wherefore" clause.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted under the statute cited, or under any statute or common law cause of action.

### SECOND AFFIRMATIVE DEFENSE

CMC states that each and every action taken with respect to Plaintiff was taken in good faith and for legitimate, non-discriminatory, business-related, and non-retaliatory reasons.

### THIRD AFFIRMATIVE DEFENSE

Damages allegedly incurred by Plaintiff, if any, were incurred because of reasonable factors other than any actions taken by CMC and/or Emerson, including - but not limited to - Plaintiff's own actions.

No. 2:08-cv-01730

## FOURTH AFFIRMATIVE DEFENSE

Defendant Emerson Electric Co. specifically denies each and every allegation set forth in Plaintiff's Complaint, and affirmatively asserts that it never employed Plaintiff, nor did Plaintiff ever apply to Emerson for a position of employment. Therefore, Plaintiff cannot support a cause of action against Emerson under the statutes cites, or on any basis in law on in fact.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot meet the requirements of Rule 23(a)(1) of the Federal Rules of Civil Procedure because she cannot show that she represents a class sufficiently numerous to warrant class treatment.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot meet the basic criteria of Rule 23(a)(2) and (3) as she cannot show that there are questions of law or fact common to the members of the putative class or that her claims are typical of the claims of the putative class.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot satisfy the requirements of Rule 23(a)(4) for class representation because she cannot show she will adequately represent and protect the interests of the putative class.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot prove that any policy or practice of either Defendant has resulted in a refusal to act in regard to Plaintiff and the putative class members on grounds which are generally applicable to all of them and, therefore, cannot prove that final injunctive relief with respect to the class as a whole is appropriate.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to certify a class pursuant to Rule 23(b)(3), Defendants contend that questions of law or fact which are common to class members do not predominate

No. 2:08-cv-01730

over questions affecting individual members, and therefore, Plaintiff cannot show that class action treatment is superior to the available methods for the fair and efficient adjudication of the controversy.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or reduced by her failure to mitigate her alleged damages by taking appropriate action upon being made aware of the information upon which CMC's decision not to employ her was made.

### ELEVENTH AFFIRMATIVE DEFENSE

CMC denies all other allegations of the complaint not specifically admitted or otherwise responded to herein.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss Plaintiff's Complaint, and award costs and attorney fees to Defendants, along with such other and further relief as this Court deems just and proper.

Respectfully submitted,
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.

/s/ *Maria Greco Danaher*
Maria Greco Danaher, Esquire
PA ID No. 47036
Four Gateway Center, Suite 400
444 Liberty Avenue
Pittsburgh, PA 15222
412-394-3390
412-232-1799 (fax)
maria.danaher@ogletreedeakins.com
Attorney for Defendants

No. 2:08-cv-01730

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of February, 2009, I electronically filed the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

James M. Pietz, Esquire
jpietz@jpietzlaw.com
(*Attorney for Plaintiff*)

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

/s/ *Maria Greco Danaher*
Maria Greco Danaher, Esquire