UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. CATHY REARDON, , *on her behalf and all similarly situated individuals*, | ) ) ) | Civil Division |
| | ) | No. 2:08-cv-01730 |
| | ) | |
| Plaintiff, | ) | Judge Gary L. Lancaster |
| | ) | |
| v. | ) | |
| | ) | ***Electronically Filed*** |
| CLOSETMAID CORPORATION and EMERSON ELECTRIC CO., | ) ) | |
| | ) | |
| Defendant. | ) | |

**FEDERAL RULE 26(f) REPORT OF THE PARTIES**

      1.    **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

<u>**Parties and Representatives:**</u>

PLAINTIFF:    **R. CATHY REARDON**
ATTORNEY:   PIETZ LAW OFFICES
                 James M. Pietz, Esquire
                 304 Ross Street, Ste 700
                 Pittsburgh, PA 15219
                 412-288-4333
                 jpietz@jpietzlaw.com

                 Christopher North. Esq.
                 751-A Thimble Shoals Blvd.
                 Newport News, Va 23606
                 (757) 873-1010

                 Leonard A. Bennett, Esq.
                 Consumer Litigation Associates
                 12515 Warwick Boulevard
                 Newport News, Va. 23606
                 (757) 930-3660
                 lenbennett@clalegal.com

DEFENDANT: **CLOSETMAID CORPORATION
and EMERSON ELECTRIC CO.,**
ATTORNEY: Maria Greco Danaher, Esquire
Ogletree Deakins, P.C.
Four Gateway Center, Suite 400
Pittsburgh, Pennsylvania 15222
(412) 394-3390
maria.danaher@ogletreedeakins.com


2. **Set forth the general nature of the case:** Fair Credit Reporting Act Claim; Plaintiff alleges that Defendants failed to follow the statutory procedures set forth in the FCRA with respect to the use of consumer reports as to prospective or current employees and that Plaintiff and those similarly situated are entitled to statutory and punitive damages because of that failure, which is characterized by Plaintiff as willful. Were the Court to find the failure was negligent, then Plaintiff will attempt to establish the resulting damages from the failure. Defendants deny the allegations, deny that the matter should be treated as a class action, and have asserted affirmative defenses, both to the substantive issues and the class issues.


3. **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:** Above-named counsel engaged in communications by phone and correspondence on multiple occasions between January 15 and the present.


4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:** April 2, 2009 at 4:30 p.m.


5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:** N/A


6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected and specify the anticipated time frame for completion of the ADR process:** The Parties have selected Early Neutral Evaluation/Mediation to be conducted by Retired Magistrate Judge Kenneth Benson. This ADR procedure is scheduled for May 13, 2009,

Plaintiffs have requested that *both* Defendants informally provide information about the size of the alleged class in order to facilitate beneficial use of the ADR process. Defendant has

agreed to provide information related to the number of individuals who were denied employment at ClosetMaid based upon information obtained by that company through the credit-reporting process.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:** N/A

8. **Subjects on which fact discovery may be needed.** (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

Plaintiffs contend discovery is required with respect to: 1) the issue of numerosity and other class certification issues 2) the relationship between ClosetMaid, Emerson Electric and other related companies with respect to the polices, practices and procedures created, used or implemented in obtaining criminal background reports on employees or prospective employees; 3) defenses raised in Defendants' answer; 4) the actual damages suffered by class members; 5) the sources, creation and implementation of practices and procedures followed by Defendants in obtaining consumer reports; (6) whether Defendants' conduct in allegedly failing to comply with the FCRA was "willful" and (7) Plaintiff's use of Defendants' employment application process. Defendants contend that discovery is required with respect to Plaintiff's substantive allegations and Plaintiff's allegations that class treatment is proper. Specifically, Defendants contend that discovery is required regarding whether Plaintiff can meet the requirements of Fed. R. Civ. P. 23(a) and (b). Defendants also contend that discovery is required regarding Plaintiff's allegations that Defendants violated the *FCRA* and that Plaintiff suffered damages as a result of the alleged violation.

9. **Set forth suggested dates for the**:

a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) will be made:** April 30, 2009

b. **Date by which any additional parties shall be joined:** Plaintiffs believe that the date by which proper parties can be determined can coincide with the Motion For Class Certification.

c. **Date by which the pleadings shall be amended:** The Parties have agreed that after completion of the ADR process, they will be in a better position to address the propriety of amending the Complaint to add or drop parties. In any event, Plaintiffs believe that the date by which pleadings will be amended should coincide with the Motion For Class Certification. The deadline for Defendant to amend pleadings shall be 20 days after Plaintiff's deadline

d. **Date by which fact discovery should be completed:**

As explained below, Plaintiffs request that this action be handled in two phases. The parties request that the ultimate date for close of discovery be set for a date approximately three months after this Court's determination on the issue of class certification.

  **e.**  **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** The Plaintiffs contend that this action should be conducted in two phases including: Phase 1: class certification and with respect to the proper party defendants and: Phase 2 merits. Plaintiffs suggest that the discovery cut-off for Phase 1 be July 31, 2009 to be followed by briefing on the Motion For Class Certification and, if necessary, on Defendants' Motion For Summary Judgment. The Parties request that the Merits Phase be set for a 3 month period beginning 10 days after the date that this Court makes a final determination on class certification. Alternatively, Plaintiffs propose a Post-Phase 1 status conference to facilitate the scheduling of the remaining merits aspect of the case.

  **f.**  **Date by which plaintiff's expert reports should be filed:**

  The Parties do not anticipate experts with respect to the Phase 1 identified above. To extent that the Parties determine that experts may be anticipated as to Phase 2, it is suggested that scheduling of such matter be determined at the proposed Post-Phase 1 Status conference.


  **10.**  **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:** N/A


**11.**  **Set forth whether the parties have considered the need for special deadlines, procedures or orders of court dealing with discovery of electronically-stored information (electronic discovery), including the need for the preservation of discoverable information and the protection of the right to assert privilege(s) after the production of privileged information and if so, set forth the results of such consideration:** The Parties agree to comply with the recently implemented Local Rules relevant to electronic discovery.

Further, Plaintiff would request that Defendants preserve all records related to persons within the alleged defined class. To the extent that Defendants have not retained such records, Plaintiffs would request that such records be obtained from the relevant reporting agencies retained by Defendants to conduct the criminal background checks.


  **12.**  **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery**: Parties respectfully request a Post-Phase 1 Status Conference.


  **13.**  **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c)**: N/A

14.     **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role**: N/A

15.     **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached**:  N/A

16.     **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration**:  Parties are not able to settle the matter at this time, but currently are conducting settlement discussions, and have agreed to early evaluation of the matter to assist in that process.

Counsel have agreed to the dates and information set forth in the foregoing Report of the Parties.

Dated:  March 30, 2009                      Respectfully submitted,

                                            /s/  James M. Pietz_____
                                            James M. Pietz, Esquire
                                            PIETZ LAW OFFICES
                                            304 Ross Street, Suite 700
                                            Pittsburgh, OA 15219
                                            412-288-4333
                                            jpietz@jpietzlaw.com


                                            Christopher North. Esq.
                                            751-A Thimble Shoals Blvd.
                                            Newport News, Va  23606
                                            (757) 873-1010

                                            *Attorneys  for Plaintiff*


                                            /s/ Maria Greco Danaher_____
                                            Maria Greco Danaher, Esq.
                                            PA Bar No. 47036

OGLETREE DEAKINS, PC
Four Gateway Center, Suite 400
444 Liberty Avenue
Pittsburgh, PA 15222

*Attorneys for Defendant*