# Exhibit B



**Federal Trade Commission**
Protecting America's Consumers

# UNITED STATES OF AMERICA
# FEDERAL TRADE COMMISSION
# WASHINGTON, D.C. 20580

Division of Credit Practices
Bureau of Consumer Protection
Clarke W. Brinckerhoff
Attorney

September 9, 1998

H. Rowan Leathers, III, Esq.
MANIER & HEROD
First Union Tower - Suite 2200
150 Fourth Avenue North
Nashville, Tennessee 37219

Re: Sections 603(d), 603(f), and 604(b) of the Fair Credit Reporting Act

Dear Mr. Leathers:

This responds to your letter dated concerning the application of the Fair Credit Reporting Act ("FCRA") to Employment Trac ("ET"), your client. ET provides information to prospective employers about the prior work experience of applicants, primarily in the fast food industry. ET provides the information telephonically (i.e., without a written report) on a specific applicant upon request from a subscriber to this service.

You ask three questions, which we report verbatim preceding our analysis of each.

*1. Is ET's provision of this type of information subject to the FCRA?*

Yes. ET is a "consumer reporting agency" ("CRA") because Section 603(f) defines that term to include any party that "for monetary fees . . . regularly engages in . . . assembling . . . information on consumers for the purpose of furnishing consumer reports to third parties" in interstate commerce. Each report on an employment applicant is a "consumer report" because Section 603(d) defines that term very broadly to include any information bearing on a consumer's credit standing, "character, general reputation, personal characteristics, or mode of living" which is used (among other things) to make employment decisions. An individual's employment history, based on data in ET's files, unquestionably bears on his or her character, reputation, and other listed characteristics.

*2. Section 604(b)(2)(A) of the FCRA seems to require that the consumer disclosure be "in a document that consists solely of the disclosure." With regard to this requirement, is it sufficient that the disclosure be prominently set forth within an application for employment, or must it truly be included on a separate document?*

The disclosure may not be part of an employment application, because the language you quote is intended to ensure that it appears conspicuously in a document not encumbered by any other information. The reason for requiring that the disclosure be in a stand-alone document is to prevent consumers from being distracted by other information side-by-side with the disclosure. A disclosure that is combined with many items in an employment application -- no matter how "prominently" it appears -- is not "in a document that consists solely of the disclosure" as required by Section 604(b)(2)(A).

*3. Section 604(b)(3)(A) of the FCRA requires that a copy of the "report" be provided by the user to the consumer prior to adverse employment action being taken based in whole or in part on the report. In this instance, the report provided to the user is a verbal report, and not a written report. We would appreciate some guidance concerning how to provide a "copy of the report" within the context of this transaction.*

The purpose of this section, which was added in the 1996 amendments to the FCRA, is to provide the consumer with knowledge of information the CRA has reported about him or her that is going to result in adverse action in an employment context, affording the individual an opportunity to respond to it.(1) Where a written report exists, as in the case of a traditional

consumer report, Section 604(b)(3)(A) requires that the actual unexpurgated report must be provided to the applicant.(2) Where the employer possesses no written report because the information is provided verbally, as in ET's business, we believe it the employer may comply with Section 604(b)(3)(A) by telling the applicant orally what is in the report before taking adverse action. Because the report itself is oral, an oral "copy" seems the proper method of compliance. An employer that verbally provides to the applicant the report it receives (and informs him or her that ET is the source of the report), before rejecting the application, complies with the provision by conveying information that Congress intended the consumer to know prior to suffering adverse action.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

1. S. Rept. 104-184, 104th Cong., 1st Sess. 35.

2. The enclosed staff opinion letter (Hahn, 7/8/98) discusses this subsection in that regard.

Last Modified: Monday, June 25, 2007