# Exhibit
# E

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LISA D. WILLIAMS, et al.,

    Plaintiffs,

v.

                                Civil Action No. 3:05CV853

TELESPECTRUM, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiffs, Lisa D. Williams, Stephen L. Sanders, and Eric L. Cox, bring a class action suit under the Federal Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681, et seq. They allege that the Defendant terminated their employment based on a consumer report that contained incorrect information as to criminal activity. In Claim One, the Plaintiffs assert various violations of the FCRA, and in Claim Two, they assert racial discrimination. Before the Court is the Defendant's Motion to Strike and Motion to Dismiss ("Motion to Dismiss") Claim One. The Defendant attached several documents to its Motion to Dismiss. Accordingly, the Court converted Defendant's Motion to Dismiss to a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. In addition, the Defendant initiates a Federal Rule of Civil Procedure 11 request for sanctions. The matters are ripe for adjudication.

### I. Standard of Review

A motion for summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S.

317, 322-23 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)(emphasis in original). "[A]n apparent dispute is not 'genuine' within contemplation of the summary judgment rule unless the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find the fact[s] in his favor." *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 818 (4th Cir. 1995) (quotations in original and citations omitted). A fact is material if under governing law it might affect the outcome of the litigation. *Anderson*, 477 U.S. at 248.

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). A court views the evidence and reasonable inferences drawn there "in the light most favorable to the nonmoving party." *Id.* at 239. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia*, 48 F.3d at 818. Nonetheless the nonmoving party "is entitled 'to have the credibility of his evidence as forecast assumed. . . .'" *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (quoting *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)). When, based on the evidence presented, a fair-minded jury could not reasonably find for the plaintiff, summary judgment is appropriate. *See Anderson*, 477 U.S. at 252; *E.E.O.C. v. Clay Printing Co.*, 955 F.2d 936, 942-43 (4th Cir. 1992). Ultimately, the court must adhere to the affirmative

2

obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323-24).

## II. Findings of Undisputed Facts

The Plaintiffs worked for Faneuil Group. The Defendant, Telespectrum, Inc., acquired Faneuil Group effective January 1, 2005 and, thereupon, became the employer of the Plaintiffs. For each Plaintiff, Telespectrum obtained and used a consumer report[1] provided by Securint Inc. that contained information regarding criminal history. On or about January 1, 2005, Telespectrum provided each Plaintiff with a disclosure regarding the procurement of a consumer report and a Summary of Rights under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681,

---

[1]Title 15 U.S.C. § 1681a(d) defines a consumer report as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . (B) employment purposes; or (C) any other purpose authorized under [§ 1681b]." 15 U.S.C. § 1681a(d).

However, the Fair and Accurate Credit Transaction Act of 2003 amended Title 15 U.S.C. § 1681a to exclude certain employee investigations from the definition of a consumer report. Pub. L. No. 108-159, § 111 (2003). An employee investigation is excluded from the definition of consumer report if "(A) but for subsection (d)(2)(D) [of § 1681a], the communication would be a consumer report; (B) the communication is made to an employer in connection with an investigation of – (i) suspected misconduct relating to employment; or (ii) compliance with Federal, State, or local laws and regulations, the rules of a self-regulatory organization, or any pre-existing written polices of the employer; (C) the communication is not made for the purpose of investigating a consumer's credit worthiness, credit standing, or credit capacity; and (D) the communication is not provided to any person except– (i) to the employer or an agent of the employer; to any Federal or State officer, agency, or department, or any officer, agency, or department of a unit of general local government; (iii) to any self-regulatory organization with regulatory authority over the activities of the employer or employee; (iv) as otherwise required by law; or (v) pursuant to [§ 1681f]." 15 U.S.C. § 1681a(x), *added by* Pub. L. No. 108-159, § 111 (2003). Neither party raised this section or addressed its potential application to this case. As such, the Court has no basis to find, and does not find, that any of the listed exclusions under the FACTA amendments applies.

3

*et seq.* (Williams Aff. ¶ 4; Sanders Aff. ¶ 4; Cox Aff. ¶ 4; Def.'s Br. Supp. Mot. Dismiss Attach.) Each Plaintiff signed a release authorizing the Defendant to obtain the report. *Id.* The reports provided by Securint Inc. indicated that the Plaintiffs had been convicted of one or more felonies. (Def.'s Reb. Br. Ex. 1, 2, 3.) Based on these results, Telespectrum discharged the Plaintiffs. In February 2005, Telespectrum called each of the Plaintiffs into a meeting, handed them another written Summary of Rights under the FCRA and a copy of their respective criminal reports, and immediately discharged them. (Williams Aff. ¶ 6; Sanders Aff. ¶ 5; Cox Aff. ¶ 5; Def.'s Br. 5.) The reports upon which Telespectrum based its termination decision were incorrect because none of the Plaintiffs had, in fact, been convicted of a felony. Telespectrum has not offered to re-employ any of the Plaintiffs.

### III. Analysis

A.  Notifications and Disclosures under Specific Provisions of 15 U.S.C. § 1681m(a)

    1.  15 U.S.C. § 1681m(a)(2)(A)

The Plaintiffs assert that the Defendant violated 15 U.S.C. § 1681m(a)(2)(A) by failing to provide the Plaintiffs with the name, address, and toll-free telephone number of the consumer reporting agency in an adverse action notice. (Pls.' Surreply 2.) Title 15 U.S.C. § 1681m(a) provides:

> If any person takes any adverse action with respect to any consumer that is based in whole or in part on any information contained in a consumer report, the person shall —
>
> . . . .
>
> > (2)  provide to the consumer orally, in writing, or electronically —
> > > (A) the name, address, and telephone number of the consumer reporting agency (including a toll-free telephone number established by the agency if the agency compiles and maintains files on consumers on a nationwide basis) that furnished the report to the person; and

4

(B) a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer the specific reasons why the adverse action was taken; and

(3) provide to the consumer an oral, written, or electronic notice of the consumer's right –

(A) to obtain, under section 1691j of this title, a free copy of a consumer report on the consumer from the consumer reporting agency referred to in paragraph (2), which notice shall include an indication of the 60-day period under that section for obtaining such a copy; and

(B) to dispute, under section 1681i of this title, with a consumer reporting agency the accuracy or completeness of any information in a consumer report furnished by the agency.

The Defendant attached to its Reply Brief copies of the reports that it delivered to the Plaintiffs when they were discharged. Each report contains Securint's name, address, and toll-free telephone number. The Plaintiffs concede the matter. (Pls.' Surreply 2-3) ("The Plaintiffs concede that the Defendant handed them a copy of the subject report at of [sic] discharge. If the court accepts this claim as factually true, then the Plaintiff withdraws this alleged violation.")

Accordingly, this Court RECOMMENDS that Defendant's Motion for Summary Judgment be GRANTED in part with respect to the violation of Title 15 U.S.C. § 1681m(a)(2)(A).

2.      15 U.S.C. § 1681m(a)(2)(B)

The Plaintiffs allege that the Defendant violated 15 U.S.C. § 1681m(a)(2)(B) by failing to notify the Plaintiffs that the consumer reporting agency did not make the discharge decision. (Pls.' Surreply 3.) The Defendant does not contend that it provided the required notice to the Plaintiffs that Securint did not make the discharge decision and was unable to prove the specific reasons for the discharge. In fact, the Defendant concedes that a triable issue of fact exists. (Def.'s Reb. Br. 2 )("As notice was given orally, *it will be left to be developed* as to whether or

5

not [an explanation that the consumer reporting agency did not make the decision to discharge the employee and could not provide the reasons for the action] was provided to the Named Plaintiffs")(emphasis added).

The initial burden of showing the absence of a genuine issue of fact rests on the moving party. *United States v. Ball*, 326 F.2d 898 (4th Cir. 1964). Because the Defendant has failed to meet its initial burden of showing the absence of a genuine issue of material fact, this Court RECOMMENDS that Defendant's Motion for Summary Judgment be DENIED with respect to the violation of Title 15 U.S.C. § 1681m(a)(2)(B).

    3.    15 U.S.C. § 1681m(a)(3)

The Plaintiffs assert that the Defendant violated 15 U.S.C. § 1681m(a)(3) by not disclosing to the Plaintiffs their right to request from the consumer reporting agency a free copy of their consumer report and to dispute the information contained therein under 15 U.S.C. § 1681i. (Pls.' Surreply 4.) The Defendant delivered to the Plaintiffs a Summary of Rights under the FRCA during the meeting in which the Plaintiffs were discharged. (Williams Aff. ¶ 6; Sanders Aff. ¶ 5; Cox Aff. ¶ 5; Def.'s Br. 5.) The issue in dispute is not whether the Plaintiffs received a disclosure of their right to obtain a free copy of their report and to dispute its accuracy within a specified time.[2] Rather, the parties dispute whether the Defendant was obligated to anticipate and correct the Plaintiffs' potential misunderstanding that the copy of their consumer

---

[2] The Summary of Rights attached to the Plaintiffs' Complaint as Exhibit "A" provides in pertinent part: "You can find out what is in your file. At your request, a CRA must give you the information in your file and a list of everyone who has requested it recently. There is no charge for the report if a person has taken action against you because of information supplied by the CRA, if you request the report within 60 days of receiving notice of the action. . . .You can dispute inaccurate information with the CRA."

reports given to them upon discharge supplanted the free copy which they had a right to request directly from Securint themselves. Whether the Defendant was required to inform the Plaintiffs that the free copy of their consumer report to which they had a right was *in addition to* the copy handed to them by the Defendant is a question of law.

The Defendant provided the Plaintiffs with a Summary of Rights substantially similar in content and form to the disclosure promulgated and recommended by the FTC in accordance with 15 U.S.C. § 1681g(c). It contains all of the information recommended by the FTC and is, therefore, *a priori* in compliance without more. This Court cannot conclude that a Defendant, otherwise in compliance with the procedures required by FRCA, has a legal obligation to anticipate and correct the Plaintiffs' potential misunderstanding resulting therefrom. If, at the time notice of adverse action was given, the Defendant delivered to each Plaintiff a copy of his or her report and a Summary of Rights that notified the Plaintiffs of their right to receive a free report, then 15 U.S.C. § 1681b(b)(3)(A) is satisfied.

Accordingly, this Court RECOMMENDS that the Defendant's Motion for Summary Judgment be GRANTED with respect to the alleged violations of Title 15 U.S.C. § 1681m(a)(3).

B.    **Failure to Provide a Copy of Consumer Reports Before Discharge**

1.    15 U.S.C. § 1681b(b)(3)(A) versus 15 U.S.C. § 1681m(a)

Plaintiffs also allege that Defendants violated aspects of the FCRA by failing to give them a copy of their consumer reports before discharge. As to this issue, neither party disputes that employees of Telespectrum called each of the Plaintiffs into a meeting, and that, at some point during that meeting, handed Plaintiffs a copy of their respective credit reports and

7

discharged them. (Williams Aff. ¶ 6; Sanders Aff. ¶ 5; Cox Aff. ¶ 5; Def.'s Br. 5.) Plaintiffs rely

on two FCRA provisions in bringing this claim.

First, the Plaintiffs argue that the Defendant violated 15 U.S.C. § 1681b(b)(3)(A) because

it did not give the Plaintiffs a copy of their consumer reports within a reasonable time before

discharge. (Compl. ¶ 51; Pls.' Surreply Opp'n Def.'s Mot. Summ. J. 1.) Title 15 U.S.C.

§ 1681b(b)(3)(A) provides:

> Except as provided in subparagraph (B) [in cases of a consumer applying
> for a position over which the Secretary of Transportation may establish
> qualifications], in using a consumer report for employment purposes, before
> taking any adverse action based in whole or in part on the report, the person
> intending to take such adverse action shall provide to the consumer to whom the
> report relates —
>
> > (i) a copy of the report; and
> > (ii) a description in writing of the rights of the consumer under this
> > subchapter, as prescribed by the Federal Trade Commission under
> > section 1681g(c)(3) of this title.

This portion of the FCRA requires employers to provide a copy of the employee's

consumer report and a disclosure of their rights "before" taking adverse action based upon it.

Second, Plaintiffs claim Defendants violated a separate notice provision within FCRA, 15

U.S.C. § 1681m(a). Section 1681m(a) provides, "If any person takes any adverse action[3] with

respect to any consumer that is based in whole or in part on any information contained in a

consumer report," the person must provide: (1) the name, address, and toll-free telephone number

---

[3]Adverse action is defined in the employment context as "a denial of employment or any
other decision for employment purposes that adversely affects any current or prospective
employee." 15 U.S.C. § 1681a(k)(ii). There is some authority suggesting that taking "adverse
action" may arise upon providing notice of adverse action. In *Obabueki v. International Business
Machines Corp.*, 145 F. Supp. 2d 371 (S.D.N.Y. 2001), the court held that an employer's internal
decision adverse to a job applicant was not itself the taking of adverse action; rather, adverse
action was "taken" when the employer sent a letter to a prospective employee indicating its intent
to withdraw a conditional offer of employment. *Id.* at 391-92.

of the consumer reporting agency that furnished the report; (2) "a statement that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reasons why the adverse action was taken;" and (3) a disclosure of the consumer's right to obtain a free copy of his or her report and dispute any inaccuracies. 15 U.S.C. § 1681m(a). The requirements of 15 U.S.C. § 1681m(a) and § 1681b(b)(3)(A) overlap in that they both impute a duty on the employer to provide notices and disclosures, but at different times. Section 1681b(b)(3)(A) requires disclosure "*before* taking adverse action," whereas § 1681m(a) requires disclosure "if a person *takes* an adverse action." Thus, under § 1681m(a), a user of a consumer report may simultaneously issue the disclosures when it notifies the consumer that it is taking adverse action. *Carroll v. Exxon Co., U.S.A.*, 434 F. Supp. 557, 560 (D.C. La. 1977) ("The language of 15 U.S.C. [§] 1681m(a) clearly requires such disclosure *contemporaneously* upon notification of the denial of credit")(emphasis added).[4]

However, the notices and disclosures required by 15 U.S.C. § 1681b(b)(3)(A) are unique to adverse use of consumer reports for employment purposes and are in addition to the notice and disclosure requirements of 15 U.S.C. § 1681m(a) described above. Title 15 U.S.C. § 1681b(b)(3)(A) requires the employer to furnish a copy of the consumer report and a written disclosure of the consumer's rights under the FRCA. Unlike the disclosure requirements of 15

---

[4]Informal Federal Trade Commission ("FTC") letters have suggested that Title 15 U.S.C. §1681m(a) disclosures may also be provided *after* adverse action is taken. *See* Letter from: Clarke W. Brinckerhoff to Vivian L. Solganik (Oct. 23, 1997), FTC Informal Staff Letter ("Brinckerhoff Letter I").

  The FTC provides Official Staff Commentary, as well as informal staff opinion letters guiding interpretation of the FCRA. Congress has granted the FTC the authority to prescribe trade regulation rules and other rules in relation to the FCRA. Pub. L. No. 106-102, 113 Stat. 1338 (Nov. 12, 1999).

9

U.S.C. § 1681m(a) that can be simultaneous with the adverse action taken, the disclosures required by 15 U.S.C. § 1681b(b)(3)(A) must be given to the consumer "before" any adverse action is taken. Letter from William Haynes to Harold Hawkey (Dec. 18, 1997), FTC Informal Staff Letter ("Haynes Letter")(explaining that "[t]he wording of Section 604(b) [§ 1681b(b)] and its relation to Section 615(a) [§ 1681m(a)] mandate that some period of time elapse between the pre-adverse action disclosure and the employment action that triggers the Section 615(a) [§ 1681m(a)] adverse action notice "). The law does not specify the amount of time that must elapse between the 15 U.S.C. § 1681b(b)(3)(A) disclosures and the adverse action taken. *Id.*

The plain meaning of the § 1681b(b)(3)(A), which is the starting point of any court's interpretation, *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004), requires a user to provide notice at some point before it takes an adverse action. Prior disclosure of the report provides the consumer with the opportunity to correct any inaccuracies in the report. Haynes Letter (noting that the "clear purpose"of Title 15 U.S.C. § 1681b is "to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken"); *see also Obabueki*, 145 F. Supp. 2d at 392 (stating that the "opportunity to discuss and dispute the report is exactly the scenario envisioned by the FCRA"). The Defendant's position that it may provide the report and notice of rights immediately before discharging an employee frustrates this purpose. Thus, the Court finds that a user must provide to a consumer a copy of his or her report and a disclosure of rights a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report, but that simultaneous provision of this report does not satisfy this requirement. *See* Letter from Clarke W. Brinckerhoff to Eric J.

10

Weisberg (June 27, 1997), FTC Informal Staff Letter ("Brinckerhoff Letter II")(noting that taking action a period of five business days after notice "appears reasonable.").

Because the requirements of § 1681m(a) and § 1681b(b)(3)(A) are somewhat duplicative, an employer making 15 U.S.C. § 1681m(a) disclosures who has already made proper 15 U.S.C. § 1681b(b)(3)(A) disclosures may inform the consumer that he or she has already received a copy of his or her report and a disclosure of rights in lieu of making multiple disclosures of the same information. *See* Brinckerhoff Letter II. The Defendant argues, citing the interest in minimizing duplication, that it satisfied the FRCA's requirements by providing a Summary of Rights before it procured the reports and a copy of the criminal report along with another Summary of Rights at the time it took adverse action.[5] The Defendant appears to assert that the allowance for the minimization of duplication should be extended to establish compliance with 15 U.S.C. § 1681b(b)(3)(A) when the defendant provided a Summary of Rights on its own initiative before procurement of the report.

Such action satisfies the Defendant's obligation, but only in part. The Defendant does not also contend that it provided the Plaintiffs with a copy of their reports prior to the meeting during which they were discharged. Title 15 U.S.C. § 1681b(b)(3)(A) requires the employer to provide *both* a disclosure of the employee's rights under the FCRA and a copy of his or her report, and the user must take these steps a sufficient amount of time before taking adverse action.

_____

[5]The Plaintiffs have not asserted that the Defendant failed to provide a Summary of Rights before taking adverse action. It appears that when the Defendant obtained the Plaintiffs' authorization to access the criminal reports, it also provided a Summary of Rights. (*See* Williams Aff. ¶ 4; Sanders Aff. ¶ 4; Cox Aff. ¶ 4; Def.'s Br. Attach.)

11

Accordingly, this Court RECOMMENDS that the Defendant's Motion for Summary

Judgment be DENIED with respect to the violation of Title 15 U.S.C. § 1681b(b)(3)(A).

C.    **Procuring and Using a Consumer Report Without or Prior to Proper Disclosures**

    1.    15 U.S.C. § 1681b(b)(2)(A)

The Plaintiffs contend that the Defendant violated 15 U.S.C. § 1681b(b)(2) because it

procured and used a consumer report without or prior to providing them with the proper

disclosures required by FCRA. (Compl. ¶ 52.) Title 15 U.S.C. § 1681b(b)(2)(A) provides:

> Except as provided in subparagraph (B) [in cases of a consumer applying
> for a position over which the Secretary of Transportation may establish
> qualifications], a person may not procure a consumer report, or cause a consumer
> report to be procured, for employment purposes with respect to any consumer,
> unless –
>> (i) a clear and conspicuous disclosure has been made in writing to
>> the consumer at any time before the report is procured or caused to be
>> procured, in a document that consists solely of the disclosure, that a
>> consumer report may be obtained for employment purposes; and
>> (ii) the consumer has authorized in writing (which authorization
>> may be made on the document referred to in clause (i)) the procurement of
>> the report by that person.

The Defendant attached to its Brief in Support of the Motion to Dismiss a signed

"Disclosure to Employment Applicant Regarding Procurement of a Consumer Report" and

"Release Authorization," both of which it provided to the Plaintiffs a month before their

discharge.[6] Except for a notification that a Summary of Rights would accompany the

procurement disclosure, the "Disclosure to Employment Applicant Regarding Procurement of a

---

[6]In their Memorandum in Opposition to Defendant's Motion to Dismiss, the Plaintiffs
object to the admissibility of these documents pursuant to Federal Rule of Civil Procedure 56(e)
as unauthenticated. However, the Plaintiffs subsequently reference these documents in their
affidavits attached to their Surreply in Opposition to Defendant's Motion for Summary
Judgment. Accordingly, the Court will consider these documents.

Consumer Report" consisted solely of the disclosure that a consumer report may be obtained for employment purposes. The Plaintiffs do not contest the assertion that they signed and received these documents before a report was obtained; each Plaintiff concedes in his or her affidavit that an authorization for the procurement of a consumer report was given. (Williams Aff. ¶ 4; Sanders Aff. ¶ 4; Cox Aff. ¶ 4.) The nonmoving party may not rely on mere allegations set forth in its pleadings, but must set forth specific facts showing that a genuine issue for trial exists. *Rivanna Trawlers*, 840 F.2d at 240. The Plaintiffs' concession that the Defendant provided a requisite disclosure creates no dispute of fact, and it establishes proper disclosure under this provision of FCRA.

Accordingly, this Court RECOMMENDS that the Defendant's Motion for Summary Judgment be GRANTED with respect to the violation of Title 15 U.S.C. § 1681b(b)(2)(A).

D.    Willfulness

1.    15 U.S.C. § 1681n

The Plaintiffs also contend that the Defendant's violations of the FCRA were willful or, in the alternative, negligent. (Compl. ¶¶ 53, 55.) The FCRA imposes liability for both negligent, 15 U.S.C. § 1681o, and wilful, 15 U.S.C. § 1681n, noncompliance with any of its requirements. The Defendant does not contest the claim of negligence as a disputable issue, only the claim of willfulness. (Def.'s Br. 9; Def.'s Reb. Br. 3.) To show willful noncompliance with the FCRA, the Plaintiff must establish that the Defendant knowingly and intentionally committed an act in conscious disregard for the rights of others, but need not demonstrate a culpable state of mind. *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409, 418 (4th Cir. 2001).

A court should exercise caution before granting summary judgment when a determination of a party's state of mind is an essential element of the alleged offense. *See Overstreet v. Kentucky Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991)("Where states of mind are decisive as elements of a claim or defense, summary judgment ordinarily will not lie"). Summary judgment is not appropriate even where the dispute lies not with the evidentiary facts in the case, but only with the conclusions to be drawn therefrom. *Id.* A determination of willfulness necessarily relies on inference. Therefore, to survive summary judgment on a willful noncompliance claim, the Plaintiff need only set forth affirmative evidence from which a reasonable jury may infer that the Defendant consciously disregarded or deliberately violated the FCRA.

In support of its willfulness claim, the Plaintiff proffers that: (1) the Defendant acted in full conformity with its established procedures; (2) multiple employees suffered the same misconduct; and, (3) the Defendant failed to make corrective disclosures or to re-employ the Plaintiffs after receiving notice that the termination decisions were based on inaccurate reports. (Pls.' Surreply 3-4.)

Viewing the evidence in the light most favorable to the nonmoving party, a reasonable jury could infer from repetitiveness or multiplicity of conduct alone that the Defendant's conduct was deliberate. *See Dalton*, 257 F.3d at 418; *Mathews v. Gov't Employees Ins. Co.*, 23 F. Supp. 2d 1160, 1165 (S.D. Cal. 1998)(holding that a violation may be willful where failure to comply with notice requirements was not an isolated instance). That the Defendant's conduct was substantially the same with regard to three Plaintiffs and that all three incidents took place within a period of one month supports an inference that the conduct was not merely an isolated instance

14

of inadvertence otherwise inconsistent with reasonable, well-established procedures for complying with the FRCA.[7] Instead, it appears that the Defendant acted intentionally.

Accordingly, this Court RECOMMENDS that the Defendant's Motion for Summary Judgment be DENIED with respect to the claim of willfulness under 15 U.S.C. § 1681n.

## IV. Rule 11

The Defendant, as an aside in one paragraph and a footnote in its Brief in Support of Motion to Dismiss, raises the issue of sanctions. (Def.'s Br. 7, n.1.) Rule 11 of the Federal Rules of Civil Procedure requires that any paper filed with a court be based upon a reasonable inquiry into the facts and law of the case. Fed. R. Civ. P. 11(b). When a party initiates a Rule 11 request for sanctions, it "shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b)." Fed. R. Civ. P. 11(c)(1)(A). The Defendant has not complied with the requirements for bringing a motion for sanctions. Furthermore, the Court sees no reason to raise the issue on its own initiative. *See* Fed. R. Civ. P. 11(c)(1)(B).

Accordingly, to the extent that the Defendant brings a motion for Rule 11 sanctions, the Court RECOMMENDS that its request be DENIED.

---

[7]The FRCA provides that a user of a consumer report has an affirmative defense to an action brought under Title 15 U.S.C. § 1681n, if the user shows by a preponderance of the evidence that reasonable procedures to ensure compliance were maintained. 15 U.S.C. §§ 1681d(c), 1681m(c). The Defendant asserts this defense. (Answer ¶ 75.) The Defendant, however, bears the burden to show that it instituted reasonable procedures. The Defendant has not carried its burden as it relies merely on the allegation in its pleadings.

15

## VI.  Conclusion

Based on the foregoing reasons, the Court hereby RECOMMENDS that the Defendant's

Motions for Summary Judgment (Docket No. 3-4) be granted in part and denied in part.

For the reasons articulated above, it is hereby RECOMMENDED that as to Count 1:

¶ 50, alleging any violations of Title 15 U.S.C. § 1681m(a)(2)(A) and §1681m(a)(3), the

motion should be GRANTED;

¶ 50, alleging any violations of Title 15 U.S.C. § 1681m(a)(2)(B) and § 1681n, the

motion should be DENIED;

¶ 51, alleging any violations of Title 15 U.S.C. § 1681b(b)(3)(A), the motion should be

DENIED;

¶ 52, alleging any violations of 15 U.S.C. § 1681b(b)(2)(A), the motion should be

GRANTED;

¶¶ 53 and 55, alleging any violations of § 1681n, the motion should be DENIED; and,

It is further RECOMMENDED that the Defendant's motion for Rule 11 sanctions be

DENIED.

The parties are ADVISED that they may file specific written objections to the Report and

Recommendation within ten (10) days of the date of entry hereof.  Each objection should be

labeled with the corresponding heading from the Report and Recommendation, should be

numbered, and should identify with specificity the legal or factual deficiencies of the Magistrate

Judge's findings.  Failure to file specific objections to the Report and Recommendation in a

timely manner may result in the entry of an Order dismissing the Complaint. *See* Fed. R. Civ. P.

16

72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*,

766 F.2d 841 (4th Cir. 1985).

The Clerk is directed to send a copy of the Report and Recommendation to counsel of

record and to the Honorable Robert E. Payne.

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: NOV - 7 2006

17