# Exhibit F



**Federal Trade Commission**
Protecting America's Consumers

## UNITED STATES OF AMERICA
## FEDERAL TRADE COMMISSION
## WASHINGTON, D.C. 20580

**June 27, 1997**

Eric J. Weisberg, Esq.
SZOLD & BRANDWEN
14 Wall Street
New York, NY 10005

Dear Mr. Weisberg:

This responds to your letter dated April 17, 1997, concerning the obligations of employers to consumers (who may be either applicants or current employees) against whom they take adverse action based in whole or in part on a consumer report, under amendments to the Fair Credit Reporting Act (FCRA) that become effective September 30, 1997. Specifically, you ask if an employer's compliance with Section 604 before taking adverse action makes it unnecessary to provide some or all of the disclosures required by Section 615 after the action is taken.

Section 604(b)(3) applies specifically to employers. It requires them to provide to the consumer, before taking any adverse action based on a consumer report, a copy of (1) the report and (2) a summary of consumer rights under the FCRA.(1) Section 615(a) applies more generally to any party who takes adverse action that is based, in whole or in part, on a consumer report. The report user must notify the consumer of the fact that adverse action has been taken based on a consumer report, including that it disclosure (1) the name, address, and phone number of the consumer reporting agency (CRA) that furnished the report, (2) a statement that the CRA did not decide to take the adverse action and is unable to provide the consumer with specific reasons for the action, and (3) a notice of a consumer's rights to obtain a free copy of his or her report from the CRA within 60 days under Section 612 and to dispute the accuracy or completeness of any information in a consumer report under Section 611.

You note that the Section 615(a) notice appears redundant in the context of employment in two ways: (1) the employer will have already provided an applicant (or employee) with an actual copy of his or her report pursuant to Section 604(b)(3), making unnecessary the notice of the consumer's Section 612 right to get a free report within 60 days, and (2) the consumer will have already received a statement of his or her FCRA rights, duplicating the notice of the consumer's Section 611 right to dispute inaccurate or incomplete information in the file. You ask whether an employer who has already complied with Section 604(b)(3) may comply with Section 615(a) simply by telling the consumer that adverse action has been taken based on the report already provided.

In our view, any employer who uses consumer reports in making employment decisions must comply with both Section 604(b) and Section 615(a). Although there is some duplication of disclosures required by those two subsections of the amended FCRA in the employment context,(2) we do not believe the latter disclosures can be omitted, given the clear and specific language of the statute. Furthermore, it seems to us that the duplication may be (at least in part) intended by the drafters, and that employers will be able to comply with both provisions. Section 615(a)(3)(B) singles out the consumer's right to dispute inaccurate or incomplete information with the CRA, under Section 611, as part of the disclosure. The dispute rights are among the most important the FCRA gives consumers; thus, the Section 615(a) notice highlights these rights, even though they will have already been included in a general summary of consumer rights that the consumer received pursuant to Section 604(b). Similarly, Section 615(a)(3)(A) focuses on the consumer's right to a free report for 60 days under Section 612. The fact that a rejected employment applicant receives one copy before the adverse action when the employer complies with Section 604(b) does not negate his or her right to another free disclosure for a full two-month period -- a significant benefit because credit files routinely change over time.(3)

In order to prevent confusion on the part of consumers, an employer may provide the information required by Section 615(a) in a way that minimizes duplication with its compliance with Section 604(b). For example, when an employer provides the Section 615(a) notice -- including the required statements that the consumer has the right to obtain a free copy of the consumer report under Section 612, and to dispute the accuracy or completeness of the report under Section 611(4) -- it may

also note that the consumer has already received (before adverse action was taken) a copy of his or her report and a summary of consumer rights under the FCRA. Similarly, when the employer makes the required disclosure of the name, address, and phone number of the CRA,(5) it may take note of the fact that some or all of this information is contained in the report already provided.

In sum, it is the FTC staff's view that employers must comply in full with both Section 604(b) and 615(a). To the extent any duplication may confuse consumers, it can be minimized by the type of cross-reference suggested above.

The final issue raised by your letter concerns the period of time that an employer must wait after supplying the materials required by Section 604(b), before taking adverse action, an issue on which the section is silent. You suggest a period of five business days from the date of the notice. Although the facts of any particular employment situation may require a different time, the five day period that you proposed appears reasonable.

The opinions set forth in this informal opinion letter are those of the staff, and are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

**Endnotes:**

1. Section 609(a)(3) mandates the Federal Trade Commission to prescribe the form and content of the summary. On February 28, 1997, the Commission published a proposed version of "A Summary of Your Rights Under the Fair Credit Reporting Act" (62 Fed. Reg. 9123, 9128-29). The staff expects that a final version will be published within a few days.

2. Some of the Section 615(a) disclosures -- most importantly the statement required by Section 615(a)(2)(B) that the CRA is not able to provide the specific reasons for the adverse action because it did not make the decision to take the action -- are not in any way duplicated by an employer who has provided the report and summary required by Section 604(b).

3. Also, the complete file disclosure provided to the consumer pursuant to Section 609 may have more information, or be in a more readable format, than the report upon which the employer relied.

4. Section 615(a)(3)

5. Section 615(a)(2)(A)

_____

Last Modified: Monday, June 25, 2007