# Exhibit L

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| R. CATHY REARDON | ) | |
| On behalf of herself and all | ) | |
| similarly situated individuals, | ) | |
| | ) | |
| Plaintiffs, | ) | NO. 2:08cv1730GLL |
| v. | ) | |
| CLOSETMAID CORPORATION | ) | Hon. Chief Judge Gary Lancaster |
| and EMERSON ELECTRIC CO. | ) | |
| | ) | Class Action |
| | ) | |
| Defendants. | ) | ELECTRONICALLY FILED |

**DECLARATION OF JAMES M. PIETZ**

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1. I have been a member in good standing of the bar of the State of Illinois since 1988 and the bar of the Commonwealth of Pennsylvania since 1989. I am a graduate of Marquette University (1982) and the Chicago-Kent College of Law (1987). I am admitted to practice before the Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Circuit and Federal Circuit Courts of Appeal. I am also admitted to practice by the United States District Court for the Northern District of Illinois and the Western District of Pennsylvania.

2. I have been given the highest possible rating (AV) by the Martindale-Hubbell Law Directory.

3. Since 1989, I have concentrated my work in the prosecution of class actions in both state and federal jurisdictions around the United States. I had been employed by the law firm of Malakoff, Doyle & Finberg, P.C. ("MDF") for 17 years from December 1989 until

January 2007.  MDF or its predecessors were engaged in prosecuting class actions since 1972.  As of January 2007, I established Pietz Law Office, LLC.  This firm, likewise, concentrates its practice in consumer protection and class action litigation.(See www.jpietzlaw.com.).

    4.    Since January 2007, I have been appointed class action counsel in at least four consumer class actions.

    5.    Most recently, I was appointed co-lead class counsel in a class action alleging the illegal force-placement of property insurance where the district court recently granted class certification of a 500,000 member class. *See Wahl v. American Security Ins. Co.*, 2010 WL 188216 (May 10 2010 Memorandum Order).

    6.    I have been appointed Plaintiffs' Class Counsel in a national class action in Chicago, Illinois brought under the Fair Credit Reporting Act, 15 U.S.C. § 1581 *et. seq. See Gillespie v. Equifax,* 2008 WL 4614327 (N.D. Ill. October 15, 2008) where the court found:

> Equifax does not challenge plaintiffs' contention that their lawyers are adequate to serve as class counsel because they have substantial class action experience and have handled many such cases in the Seventh Circuit and elsewhere. The Court has no doubt that plaintiffs' counsel will be able to litigate the case fairly and adequately on behalf of the proposed class.

    7.    I was appointed Plaintiffs' Class Counsel for purposes of a settlement class in *Vincent v. Wolpoff & Abramson*, 08-423 (W.D.Pa. 2008 September 9, 2008 Order).  I was also appointed class counsel in *Campos v. ChoicePoint Services, Inc.* 237 F.R.D. 478 (N.D.Ga. 2006).  The Hon. Judge William Duffey found as follows:

> "Defendant does not challenge that counsel for the representative Plaintiffs are experienced, qualified and generally able to conduct the litigation.   The Court's review of the parties' pleadings and the argument of counsel at the Hearing indicates to the Court that adequacy of counsel is not an issue here.   (*See also* Pietz Decl., attached to Pls.' Mot. for Class Cert.)

*Id.* at 488.

8. In May 2010, I provided an expert report and was determined qualified to testify as an expert in the area of consumer law in a trial in the Common Pleas Court of Allegheny County. *See Brand v. O'Brien,* GD -08-011943.

9. During my tenure at MDF, Courts recognized MDF's background in representing plaintiff classes in certifying the firm as class counsel: *Bald Eagle Area School Dist. v. Mid-State Bank,* 1999 WL 335059 (Pa.Comm.Pl. Ct.) ("Counsel can rightly claim to be competent and experienced in complex state and federal class action litigation, including cases involving alleged fraudulent practices, breach of fiduciary duty, breach of contract, and duties and obligations of banks. . . . In the case of Malakoff, Doyle and Finberg their practice is limited almost exclusively to class actions with a few exceptions involving financial frauds. We have no reason to believe that these law firms will not continue to competently and vigorously protect the interests of class members. This criteria is clearly satisfied"); *In Re CMS Energy Litigation,* Master File No. 02-CV -72834 (W.D. Mich. 2004) ("Counsel for plaintiffs, furthermore, is clearly qualified to prosecute this case, as they have demonstrated with vigor to date"); *Ida Kennedy v. United Healthcare of Ohio,* C-2-98- 0128 (S.D. Ohio 2002) ("Counsel in this case has served as class counsel in factually similar cases. The Court finds that counsel is well qualified to serve as class counsel").

10. During my tenure at MDF, I was principally responsible for the prosecution of seven class actions involving the allegedly illegal sale and financing of campground timeshare interests. With respect to this litigation I was certified as class counsel in the following cases: *See Zaazouh v. Bank One, C.A.,* No. 89-145 (W.D. Pa. 1989); *Conley v. Bank One*, 4:91-CV-0251 (N.D. Ohio 1991); *Rudnik v. Cortland,* 1120 of 1990 C.D. (Fayette Cty. 1990); *Gogola v. FirstSouth*, No. 1121 of 1990 (Fayette County, Pa. 1990) and *McDonagh v. GEICO Financial*,

4:93 CV 1352 (N.D. Ohio) ; *Isaak v. Trumbull Savings and Loan*, 4:93 CV 1121 (N.D. Ohio) and *Slentz v. Cortland*, C.A. 4:93 CV 1480 (N.D. Ohio 1993).

11. Additionally, I was principally responsible for handling the firm's prosecution of class actions against Metropolitan Life Insurance Company alleging the fraudulent and deceptive sale of life insurance policies. With respect to this litigation, I was certified as class counsel in the following cases: s*ee, e.g., State ex. rel. Metropolitan Life v. Starcher,* 196 W.Va. 519, 474 S.E.2d 476 (1996); *Cope v. Metropolitan Life*, 82 Ohio St.3d 426, 696 N.E.2d 1001 (1998). These actions ultimately resulted in the national class settlement at *In Re: Metropolitan Life Insurance Sales Practice Litigation*, 1999 U.S. Dist. Lexis 22688, MDL No. 1091 (W.D. Pa).

12. I have also handled numerous other appeals in the state and federal courts many of which involved significant, systemic issues in complex consumer class litigation. *Martin v. Franklin Capital,* 393 F.3d 1143 (10th Cir. 2004) (what standard applies under 28 U.S.C. § 1447 for awarding attorneys' fees and costs for defendants' erroneous removal); *In Re Prudential Sales Practice Litigation,* 2004 WL 1559579 (3rd Cir. 2004) (class action attorneys' fees and costs); *Tancredi v. Metropolitan Life,* 316 F.3d 308 (2nd Cir. 2003) *cert. denied* 539 U.S. 942 (2003)(whether demutualization of life insurer pursuant to state law constitutes "state action" within the meaning of 42 U.S.C. § 1983.); *Gayman v. Principal Life,* 311 F.3d 851 (7th Cir. 2002) (same); *LaBarre v. Credit Acceptance,* 175 F. 3d 640 (8th Cir. 1999) (whether McCarren-Ferguson Act barred claim under RICO, 18 U.S.C. §1962(c)); *Stewart v. National Education Assoc.*, 471 F.3d 169 (D.C. Cir. 2006) (whether demutualization consideration attributable to a group life insurance policy must be held exclusively for the benefit of the insureds under the policy).

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 13th Day of September, 2010.

By s/ James M. Pietz