IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

R. CATHY REARDON, on behalf      )
Of herself and all similarly    )
Situated individuals,           )
                                )
          Plaintiffs,            )
                                )
     v.                          )    Civil Action No. 08-1730
                                )
CLOSETMAID CORPORATION,          )
                                )
          Defendant.             )

## MEMORANDUM and ORDER

Gary L. Lancaster,                              April 27 2011
Chief Judge.

          This is an action brought pursuant to the Fair Credit

Reporting Act, 15 U.S.C. § 1681 ("FCRA"). Plaintiff, Cathy

Reardon, alleges that defendant, ClosetMaid Corporation

("ClosetMaid"), has a standard practice of disqualifying

applicants for employment on the basis of consumer reports in

violation of the FCRA. Specifically, plaintiff alleges that

ClosetMaid relies upon information in consumer reports without

obtaining the appropriate disclosures from applicants for

employment. Plaintiff further alleges that ClosetMaid fails to

provide applicants for employment a reasonable time to dispute

the information contained in the consumer reports prior to

refusing to hire them. Plaintiff seeks statutory and punitive

damages.

          Plaintiff has now moved for class certification [Doc.

1

No. 34 as amended by Doc. No. 46]. A hearing was held on January 4, 2011. For the reasons set forth below, the class will be certified. Plaintiff has not, however, provided the court with a plan to provide adequate notice to the absent class members. Accordingly, plaintiff is directed to file a notice plan within fourteen (14) days of this order.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 2006, plaintiff applied for a job as a Territory Supervisor for ClosetMaid. As part of her employment application, ClosetMaid required plaintiff to sign two (2) documents that ClosetMaid stated were necessary to allow ClosetMaid to obtain a consumer report on plaintiff. One document, entitled "Notice of Intent to Obtain a Consumer Credit Report" provided that "if any adverse action is to be taken based upon [a] consumer report, a copy of the report and summary of the consumer's rights will be provided to me if requested." Another document, entitled "Authorization to Obtain a Consumer Credit Report and Release of Information for Employment Purposes" provided, inter alia that: "I hereby release ClosetMaid … from any and all liability for damages of whatever kind, which may at any time, result to me … because of compliance with this authorization and request to release." This document also purported to release any and all claims plaintiff may have had with regard to ClosetMaid's use of the

2

consumer report.

Plaintiff signed both forms. ClosetMaid obtained a consumer report from LexisNexis. The report contained negative information plaintiff contends is incorrect.

On December 18, 2006, ClosetMaid sent the report to plaintiff. Also enclosed was a summary of plaintiff's rights under the FCRA. ClosetMaid stated that it would wait "five business days from the date of this letter before it makes a decision on your application." On December 22, 2006, ClosetMaid informed plaintiff that "[t]he Company has now decided not to offer you the position you applied for based in whole or in part upon" the consumer report. ClosetMaid also informed plaintiff of the address of the reporting agency and advised her of her right to dispute the information with the credit reporting agency.

Plaintiff filed this action on December 19, 2008. Plaintiff seeks to represent a class of individuals who applied for jobs with ClosetMaid whose applications were processed at ClosetMaid locations in Belle Vernon, Pennsylvania, Chico, California, Grantsville, Maryland or Ocala, Florida within the period prescribed by the FCRA, 15 U.S.C. § 1681p. Plaintiff seeks to represent individuals about whom ClosetMaid obtained a consumer report and, within that class, a subclass of individuals who ClosetMaid did not hire based in whole or in

3

part upon information contained in the consumer report.

Specifically, in her amended motion for class certification, plaintiff seeks to represent the following which she has defined as the "Disclosure Class" and "Pre Adverse Action Sub-Class":

Disclosure Class

All employees or prospective employees of Defendants residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendants and who executed ClosetMaid's forms purporting to authorize ClosetMaid to procure a consumer report about them within the period prescribed by the FCRA, 15 U.S.C. § 1681p, prior to filing this action.

Pre Adverse Action Sub-Class

All employees or prospective employees of Defendant residing in the United States (including all territories and political subdivisions of the United States) who were the subject of a consumer report which contained any negative (derogatory) credit history, driving record, public record criminal arrest, charge or conviction, civil judgment, bankruptcy or tax liens, regarding such employee or prospective employee within the period prescribed by the FCRA, 15 U.S.C. § 1681p, prior to the filing of this action and for whom defendants did fail to provide that applicant with a copy of their consumer report and/or FCRA summary of rights at least five days before the employee or prospective employee was notified that ClosetMaid may take adverse action.

Solely for the purposes of this motion, plaintiff concedes that the FCRA does not protect prospective employees who merely signed the disclosure forms but for whom ClosetMaid

4

never obtained a consumer report. Plaintiff no longer seeks to represent these individuals.

During discovery related to class certification, plaintiff took a Fed.R.Civ.P. 30(b)(6) deposition of ClosetMaid's Vice President of Human Resources, Catherine B. Beal. Ms. Beal testified that ClosetMaid required applicants for employment to execute forms substantially similar to the two that plaintiff signed. Ms. Beal stated that her department's review of the documents revealed that at least 6,769 people filled out applications for employment and executed a version of the disclosure forms during the relevant period. Ms. Beal also testified that after the application forms, including the disclosure forms, were received by the Human Resources department, the information was reviewed in order to determine hiring decisions. Ms. Beal testified that hiring decisions were made taking into account all the information collected, including the results of the background investigation. Ms. Beal further testified that some hiring decisions were made by individual hiring managers.

II. DISCUSSION

A. Standard of Review - Class Certification

Plaintiff bears the burden of demonstrating, by a preponderance of the evidence, that class certification is appropriate. In re Hydrogen Peroxide, 552 F.3d 305, 307 (3d

Cir. 2008). In order to establish that class certification is appropriate, plaintiff must satisfy each of the requirements of Fed.R.Civ.P. 23(a) and one of the requirements of Fed.R.Civ.P. 23(b).

Rule 23(a) requires that plaintiff prove that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representatives parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately represent the class. Fed.R.Civ.P. 23(a).

Plaintiff seeks certification pursuant to Rule 23(b)(3), which provides that certification is appropriate if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.R.Civ.P. 23(b)(3). The court of appeals has noted that "[t]he twin requirements of Rule 23(b)(3) are known as predominance and superiority." In re Hydrogen Peroxide, 552 F.3d at 310.

In In re Hydrogen Peroxide, the court of appeals observed that "[b]ecause the decision whether to certify a class requires a thorough examination of the factual and legal

6

allegations, the court's rigorous analysis may include a preliminary inquiry into the merits, and the court may consider the substantive elements of the plaintiffs' case in order to envision the form that a trial on those issues would take." Id. at 317 (citations and internal quotations omitted). Further, "[f]actual determinations necessary to make Rule 23 findings must be made by a preponderance of the evidence." Id. at 320. Therefore, "[i]f a class is to be certified the text of the order or incorporated opinion must include (1) a readily discernible, clear, and precise statement of the parameters defining the class or classes to be certified, and (2) a readily discernible, clear, and complete list of the claims, issues or defenses to be treated on a class basis." Id. at 320- 21 (citation and internal quotation omitted).

### B.   FCRA

As noted above, plaintiff alleges that ClosetMaid relies upon information in consumer reports without obtaining the appropriate disclosures from applicants for employment in violation of the FCRA. Plaintiff further alleges that ClosetMaid fails to provide applicants for employment a reasonable time to dispute the information contained in the consumer reports prior to refusing to hire them in violation of the FCRA.

Pursuant to the FCRA, credit reports may be issued to employers for "employment purposes." 15 U.S.C. § 1681a(h). An employment purpose is defined as a purpose relating to the evaluation of "a consumer for employment, promotion, reassignment or retention as an employee." 15 U.S.C. § 1681a(h).

The FCRA requires, in pertinent part that, prior to procuring a consumer report on an applicant for employment, an employer must: (1) provide a clear and conspicuous disclosure from each applicant for whom a consumer report may be procured; and (2) obtain the applicants authorization, in writing. 15 U.S.C. § 1681b(b)(4). There is no dispute that ClosetMaid's conduct in this case is governed by the FCRA. There is further no dispute that plaintiff is an individual protected by the FCRA. Nor is there a dispute that the reports obtained by ClosetMaid are "consumer reports" as defined by the FCRA.

Plaintiff contends, however, that ClosetMaid's disclosure forms were not stand alone documents as required by the FCRA, 15 U.S.C. § 1681b(b)(2)(A)(i). There is no dispute that the application form plaintiff signed contained multiple disclosures. Plaintiff contends ClosetMaid's use of forms with more than one disclosure, and more than one release, violates the FCRA as a matter of law. In short, plaintiff argues that the FCRA disclosure must be a stand alone document.

The FCRA further requires that an employer provide an applicant with advance notice of the employer's intention to deny employment on the basis of information contained in the report. Plaintiff contends that ClosetMaid was required to provide her at least five (5) business days to dispute the derogatory information in her credit report. There is no dispute that ClosetMaid mailed to plaintiff a letter notifying her that there was derogatory information in her credit report and that it was considering refusing to hire her on that basis dated December 18, 2006. There is further no dispute that ClosetMaid sent to plaintiff a letter informing her that they had not selected her for employment on December 22, 2006.

Defendant correctly notes that the FCRA is silent as to the amount of time an employer is required to provide an applicant prior to refusing to hire her on the basis of derogatory information in a consumer report. Plaintiff relies on an informal advice letter issued by the Federal Trade Commission ("FTC") in 1997, which stated that the FTC considered five (5) days notice to be reasonable time as required by the statute.

Although plaintiff's arguments are novel, they are consistent with the statutory language of the FCRA. Although an opinion letter by an agency charged with administering a statute is not entitled to Chevron deference, it is well established

9

that it is entitled to "respect." Christensen v. Harris County,
529 U.S. 576, 589 (2000). Under the facts presented here, it
appears that plaintiff was not given "reasonable" time to
dispute the derogatory information contained in her credit
report. While five (5) days may not be required as a matter of
law, a jury could find that plaintiff was entitled to more time
than she was given here.

Accordingly, plaintiff has stated a claim, at least at
this procedural posture. This finding is, of course, without
prejudice to defendant's right to raise all of these issues in a
motion for summary judgment. We now turn to whether plaintiff
has satisfied the requirements of Rule 23.

    C.    Rule 23

        i.    Rule 23(a) –

            1.    Numerosity

There is no dispute that the class meets the Rule
23(a)(1) numerosity requirement. Defendant contends, however,
that the subclass fails to have the requisite number of
potential class members. Defendant contends that there are only
four (4) members of the subclass, that is to say, there are only
four (4) individuals including plaintiff who were denied
employment solely because of the derogatory information
contained in their credit report.

Although there is no "magic number" which satisfies

the numerosity requirement, the court of appeals has noted that "generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met." Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001).

The parties have both a legal and factual dispute on this issue. The legal dispute is whether negative information on a consumer report coupled with a denial of an offer of employment is sufficient to state a claim that ClosetMaid denied the applicant employment on the basis of the report. ClosetMaid contends that, in order to violate the FCRA, their employment decision must have solely been motivated by the consumer report. Plaintiff argues that the fact that ClosetMaid obtained a consumer report regarding her and then refused to hire her establishes that the information in the consumer report, if not the sole reason for ClosetMaid's decision was, at a minimum, a part of the reason they refused to hire plaintiff. Plaintiff contends that the statutory language of the FCRA supports her argument.

As to the legal issue, although it is close, defendant's argument would lead to a strained reading of the statute. We find that ClosetMaid's procurement of a consumer report and subsequent decision not to hire plaintiff states a claim that the FCRA was violated.

The factual dispute is whether there were any other class members who were not hired because of information contained in their consumer report. As to the factual dispute, the record at this stage indicates that there are more than forty (40) potential members of the subclass. If it later becomes clear that there are fewer than forty (40) members of the subclass, ClosetMaid is free to move for decertification or, if appropriate, summary judgment.

## 2. Commonality

Pursuant to Federal Rule of Civil Procedure 23(a)(2), plaintiff can satisfy her burden to prove that there is commonality if "there are questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). The court of appeals has held that plaintiff must show the existence of at least one issue of law or fact common to the class. In re Prudential Ins. Co. Am. Sales Practices Litig. Agent Actions, 148 F.3d 283, 310 (3d Cir. 1998). Further, plaintiff does not have to show that there is "an identity of claims or facts among class members" to establish the commonality prong. Johnston v. HBO Film Mgmnt., 265 F.3d 178, 184 (3d Cir. 2001).

Here, there are numerous questions of law or fact common to the class. These include, but are not limited to, whether the forms used by ClosetMaid to obtain consent to procure a consumer report from the class member violated the

FCRA;  whether ClosetMaid relied on derogatory information in consumer reports to deny employment to the sub-class members in violation of the FCRA;  whether ClosetMaid was required by the FCRA to provide a copy of the consumer report to sub-class members at least five (5) days before refusing to hire the sub-class  members;  and  whether  ClosetMaid  acted  willfully. Accordingly, plaintiff has established commonality.

### 3.   Typicality

The United States Supreme Court has noted that "[t]he commonality and typicality requirements of Rule 23(a) tend to merge."  Gen. Tel. Co. v. Falcon, 457 U.S. 147, 158, n. 13 (1982).   The court of appeals observed that "[t]he typicality inquiry centers on whether the interests of the named plaintiffs align with the interests of the absent class members."  Stewart v. Abraham, 275 F.3d 220, 227 (3d Cir. 2001).

Here, as with the commonality prong, plaintiff has satisfied her burden to show that her interests are in alignment with the absent class members.  Simply put, plaintiff executed what  she  alleges  were  legally  infirm  disclosures,  which ClosetMaid used to obtain a consumer report on her.  ClosetMaid then declined to hire her in part because of the derogatory information contained in that report.   Plaintiff seeks to represent a class of individuals who also executed allegedly legally infirm disclosures.  Plaintiff also seeks to represent a

subclass of those individuals who ClosetMaid ultimately did not hire after obtaining a credit report for them. Plaintiff's interests are sufficiently aligned with the absent class members to satisfy the commonality prong.

4.     Adequacy

Pursuant to Rule 23(a)(4), plaintiff must show that she "will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The court of appeals has held that the adequacy requirement "encompasses two distinct inquiries designed to protect the interests of class members: it considers whether the named plaintiffs' interests are sufficiently aligned with the absentees', and it tests the qualifications of the counsel to represent the class." In re Cmty. Bank of N. Va., 418 F.3d 277, 303 (3d Cir. 2005)("Community Bank I").

Defendant does not challenge either the named plaintiff or her counsel. As noted above, the named plaintiff has interests which are almost identical to those of both the class and the subclass. Further, class counsel is well known to the court as experienced, highly capable and ethical class action practitioners.

The court is aware, however, of the potential for the named plaintiff's interests to, at some point, diverge from those of the class in light of the possibility that the named

plaintiff may be able state a claim for actual damages far in
excess of those of the absent class members. If that appears to
be the case on a more fully developed record, ClosetMaid should
move for decertification at that time.

ii. Rule 23(b)(3)

Rule 23(b)(3) provides that:

A class action may be maintained if Rule 23(a) is
satisfied and if …

(3) the court finds that the questions of law or fact
common to class members predominate over any
questions affecting only individual members, and
that a class action is superior to other
available methods for fairly and efficiently
adjudicating the controversy. The matters
pertinent to these findings include:

 (A) the class members' interests in individually
controlling the prosecution or defense of
separate actions;

 (B) the extent and nature of any litigation
concerning the controversy already begun by
or against class members;

 (C) the desirability or undesirability of
concentrating the litigation of the claims
in the particular forum; and

 (D) the likely difficulties in managing a class
action.

Fed.R.Civ.P. 23(b)(3).

The court of appeals has clarified that, when
certification is sought pursuant to Rule 23(b)(3), two
additional requirements must be met: "(i) common questions of

law or fact predominate (predominance) and (ii) the class action is the superior method for adjudication (superiority)." In re Cmty. Bank of N. Va., 622 F.3d 275, 291 (3d Cir. 2010)("Community Bank II"). Although predominance is similar to commonality, the court of appeals has stressed that predominance is a "far more demanding" standard which "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 266 (3d Cir. 2009)(citations and internal quotations omitted). Plaintiff must show that "common issues predominate over issues affecting only individual class members." Id. The court must consider whether a trial of the claims by representation would pose difficulties such that some other method of adjudication would be superior to class certification. In Re Cmty. Bank (I), 418 F.3d at 309.

ClosetMaid argues that the predominance and superiority requirements of Rule 23(b)(3) cannot be met under the facts and circumstances of this case. Specifically, ClosetMaid argues that each of its four (4) locations at issue in this case had its own set of forms. ClosetMaid further argues that at each location, hiring decisions were made on an individualized basis, with much of the decision being made on the basis of the recommendation of the supervisor who would be supervising the applicant if hired. ClosetMaid thus contends

that plaintiff cannot, and has not, satisfied her burden of proof to establish predominance and/or superiority for either the class or the subclass.

As noted above, in support of her motion for class certification, plaintiff submitted the Rule 30(b)(6) testimony of Catherine B. Beal, ClosetMaid's Vice President for Human Resources. Ms. Beal testified that ClosetMaid required applicants for employment to execute forms substantially similar to the forms plaintiff signed. Ms. Beal stated that her department's review of the documents revealed that at least 6,769 people filled out applications for employment and executed a version of the disclosure forms during the relevant period. Ms. Beal also testified that after the application forms, including the disclosure forms, were received by the Human Resources department, the information was reviewed in order to determine hiring decisions. Ms. Beal testified that hiring decisions were made taking into account all the information collected, including the results of the background investigation. It is true that Ms. Beal testified that some hiring decisions were made by individual hiring managers. If it becomes clear that most decisions were not made in a centralized fashion, ClosetMaid should move for decertification of, at a minimum, the subclass.

On this record, the remainder of the Fed.R.Civ.P.

23(b)(3) factors favor class certification. There is no indication that the absent class members would prefer to individually prosecute this action and, if they so desire, they may opt out. There is no evidence that there is other litigation brought by or against class members currently pending. Plaintiff's forum selection is neutral. If, however, it turns out that individual questions predominate over common questions, this litigation may become unmanageable.

While ClosetMaid's arguments are compelling, they seem more a defense to liability than an objection to class certification. On this record, it appears that plaintiff has satisfied her burden of proof. If, at a later date, it appears that individual questions predominate over common questions, and that a class action is not superior to another type of action, plaintiff will have failed to satisfy Fed.R.Civ.P. 23(b), and decertification will be appropriate.

D. Notice

Fed.R.Civ.P. 23(c)(2)(B) provides that, for classes certified pursuant to Fed.R.Civ.P. 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances …" The notice must inform the class members of the pendency of the action, their right to opt-out, the binding effect of their failure to do so and their right to appear through counsel. Id. The court of appeals has held

that, "[i]n the class action context, the district court obtains
personal jurisdiction over the absentee class members by
providing proper notice of the impeding class action and
providing the absentees with the opportunity to be heard or the
opportunity to exclude themselves from the class."    In re
Prudential Ins. Co. Am. Sales Practices Litig., 148 F.3d 283,
306 (3d Cir. 1998)(citation omitted).    Plaintiff must file a
notice plan within fourteen (14) days.  In order to be approved,
the notice must substantially conform to the notices proposed by
the Federal Judicial Center which are available at www.fjc.gov.

E.    Appointment of Class Counsel

"[A] court that certifies a class must appoint class
counsel …"   Fed.R.Civ.P. 23(g)(1).   The court must consider:
(1)   the work counsel has done in identifying or investigating
the potential claims;   (2)   counsel's experience in handling
class actions, other complex litigation, and claims of the type
asserted in the action;   (3)   counsel's knowledge of the
applicable law;   and (4)   resources counsel will commit to
representing the class.   Fed.R.Civ.P. 23(g)(1)(A).   The court
may also consider "any matter pertinent to counsel's ability to
fairly and adequately represent the class."   Fed.R.Civ.P.
23(g)(1)(B).

The court finds that James M. Pietz, Esquire, the
Pietz Law Office, LLC, Leonard A. Bennet, Esquire, Consumer

Litigaiton Associates and Christopher Noth, Esquire, are qualified to fairly and adequately represent the class. Accordingly, the court will appoint them class counsel.

### III. CONCLUSION

For the reasons set forth above, plaintiff's amended Motion for Class Certification, [Doc. No. 34 as amended by doc. No. 46] will be granted. James M. Pietz, Esquire, the Pietz Law Office, LLC, Leonard A. Bennet, Esquire, Consumer Litigaiton Associates and Christopher Noth, Esquire will be appointed class counsel. Plaintiff has failed, however, to provide a plan for notice to the absent class members pursuant to Rule 23(c)(2)(B). Plaintiff shall file a plan within fourteen (14) days. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

R. CATHY REARDON, on behalf      )
Of herself an all similarly     )
Situated individuals,           )
                                )
        Plaintiffs,             )
                                )
    v.                          )    Civil Action No. 08-1730
                                )
CLOSETMAID CORPORATION,         )
                                )
        Defendant.              )

ORDER

AND NOW, this $27$ day of April, 2011, upon consideration
of plaintiff's motion for class certification, [doc. No. 34 as
amended by doc. No. 46], for the reasons stated in the
Memorandum filed concurrently, IT IS HEREBY ORDERED THAT:

>    (1) Class Certification.   Civil Action No. 08-1730,
>
>        styled   R.   Cathy   Reardon   v.   ClosetMaid
>
>        Corporation, shall be maintained as a class
>
>        action pursuant to Rule 23 on behalf of the
>
>        following "Disclosure Class" and "Pre Adverse
>
>        Action Sub-Class" of plaintiffs:
>
>        Disclosure Class
>
>        All employees or prospective employees of
>        Defendants residing in the United States
>        (including all territories and other
>        political subdivisions of the United States)
>        who were the subject of a consumer report
>        which was used by Defendants and who
>        executed ClosetMaid's forms purporting to
>        authorize ClosetMaid to procure a consumer

report about them within the period prescribed by the FCRA, 15 U.S.C. § 1681p, prior to filing this action.

Pre Adverse Action Sub-Class

All employees or prospective employees of Defendant residing in the United States (including all territories and political subdivisions of the United States) who were the subject of a consumer report which contained any negative (derogatory) credit history, driving record, public record criminal arrest, charge or conviction, civil judgment, bankruptcy or tax liens, regarding such employee or prospective employee within the period prescribed by the FCRA, 15 U.S.C. § 1681p, prior to the filing of this action and for whom defendants did fail to provide that applicant with a copy of their consumer report and/or FCRA summary of rights at least five days before the employee or prospective employee was notified that ClosetMaid may take adverse action.

(2) Class Representative; Class Counsel. This class shall be maintained with R. Cathy Reardon as class representative. The following are appointed to represent the class:

James M. Pietz, Esquire
Pietz Law Office, LLC
429 Forbes Avenue, Suite 1616
(412) 288-4333
jpietz@pietzlaw.com

Leonard A. Bennett, Esquire
Consumer Litigation Associates
12515 Warwick Boulevard
Newport News, VA 23606
lenbennet@calegal.com

and

Christopher Noth, Esquire
751-A Thimble Shoals Blvd.
Newport News, VA 23606.

(3) Notice. Plaintiff is directed to submit a plan for providing notice to the class within fourteen (14) days. In order to obtain court approval, the notice must substantially comply with the sample notices promulgated by the Federal Judicial center available at www.fjc.gov.

(4) If the notice is approved, the court will issue an order directing notice to be disseminated to the class, setting the date by which class members must opt-out of the class or be bound by this litigation.

BY THE COURT:

_____, C.J.

cc:  All Counsel of Record