IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. CATHY REARDON, on behalf of herself and all similarly situated individuals, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 08-1730 |
| vs. | ) ) | Judge Gary L. Lancaster |
| CLOSETMAID CORPORATION, | ) ) | ELECTRONICALLY FILED |
| Defendant. | ) ) ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
CLASS COUNSEL'S  MOTION TO "CLARIFY" THE CLASS DEFINITION**

Defendant, ClosetMaid Corporation ("ClosetMaid"), files this Response in Opposition to Class Counsel's "Motion to Clairfy the Class Definition."

**ARGUMENT**

Class Counsel's self-styled "Motion to Clarify the Class Definition" seeks not "clarification" but a vast expansion of the Disclosure Class (the "Class") and the Pre-Adverse Action Sub-Class (the "Sub-Class") certified by this Court on April 27, 2011.  Indeed, Class Counsel seeks to substantially change, not "clarify," the very class definitions they drafted, twice moved to represent through certification, and that this Court certified in its April 27, 2011 Opinion and Order.  Class Counsel's Motion should be denied because the parties have already briefed and argued, and this Court has already decided, the appropriate parameters of the Class and Sub-Class.[1] The definitions of the Class and Sub-Class as certified in this Court's Order require no "clarification" because the plain text of the Court's Order is clear and unambiguous.

---

[1]     Per this Court's Order of April 27, 2011, ClosetMaid reserves its right to seek decertification of the Class and Sub-Class.

I.   **Class Counsel's Motion to "Clarify" the Class Definition is a Naked Attempt to Expand the Parameters of the Class and Sub-Class and is Contrary to this Court's Certification Order**.

On July 8, 2011, mere hours after being informed that ClosetMaid intended to file an Objection to Class Counsel's improvident attempt to expand the Class and Sub-Class of individuals certified in this Court's April 27, 2011 Opinion and Order through the use of its proposed Class Notice, Class Counsel, despite stating that ClosetMaid's argument was "ludicrous" and "borderline frivolous," filed the instant motion seeking to modify substantially, not merely clarify, this Court's Certification Order.  Class Counsel has done so only because ClosetMaid rightfully noted that the Class and Sub-Class as certified includes only those individuals "within the period prescribed by the FCRA, 15 U.S.C. § 1681p, *prior to the filing of this action*..." April 27, 2011 Opinion & Order of Court (Doc. 51), p. 4; see also Pl's Amended Motion for Class Certification (Doc. 46), pp. 2-3.

Now, apparently conceding that Class Counsel's proposed Notice does not comply with the plain text of this Court's Certification Order and its Amended Motion for Class Certification, Class Counsel seeks to change the parameters of the Class and Sub-Class *post facto* from the very clear and unambiguous text it proposed to the Court and that the Court accepted and certified on April 27, 2011.  Indeed, Class Counsel's current position appears to be, one the one hand, their proposed Class Notice is entirely consistent with this Court's Certification Order, but, on the other hand, the Court's Certification Order still must be "clarified" to include individuals that plainly fall outside of the Class and Sub-Class as certified.

In its April 27, 2011 Order, this Court granted Class Counsel's Amended Motion for Class Certification and certified the following Class:

> All employees or prospective employees of Defendants residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was

used by Defendants and who executed ClosetMaid's forms purporting to authorize ClosetMaid to procure a consumer report about them within the period prescribed by the FCRA, 15 U.S.C. § 1681p, *prior to filing this action*.

April 27, 2011 Opinion & Order of Court (Doc. 51), p. 4 (emphasis added).[2]   Class Counsel's Amended Motion for Class Certification sought to represent that exact same Class, expressly limiting it to only those individuals who were the subject of a consumer report that was obtained and used by ClosetMaid *prior to the filing of this Action*.   See Pl's Amended Motion for Class Certification (Doc. 46), pp. 2-3.

Similarly, this Court also certified the Sub-Class, a class expressly defined as:

> All employees or prospective employees of Defendant residing in the United States (including all territories in and political subdivisions of the United States) who were the subject of a consumer report which contained any negative (derogatory) credit history, driving record, public record criminal arrest, charge or conviction, civil judgment, bankruptcy or tax liens, regarding such employee or prospective employee *within the period prescribed by the FCRA, 15 U.S.C. §1681p, prior to the filing of this action* and for whom defendants did fail to provide that applicant with a copy of their consumer report and/or FCRA summary of rights at least five days before the employee or prospective employee was notified that ClosetMaid may take adverse action.

April 27, 2011 Opinion & Order of Court (Doc. 51), p. 4 (emphasis added).   Once again, the Court certified the Sub-Class that Class Counsel moved to represent,  see Pl's Amended Motion for Class Certification (Doc. 46), pp. 2-3, and the Court's Order makes clear that the certified Class and Sub-Class do not extend to the present, but are limited to those claims which accrued *prior to the filing of this action.*

---

[2]     Class Counsel relied on this very definition when it claimed in its Reply in Support of Motion for Class Certification that the numerosity requirement of Rule 23 was satisfied.  "*Using this class definition as a guidepost*, the Disclosure Class is comprised of at least 1793 persons..." Pl's Reply in Support of Motion for Class Certification (Doc. 48), p. 10 (emphasis added).  In fact, Class Counsel never articulated a desire for it to represent or for the Court to certify a prospective Class or Sub-Class anywhere in its arguments in support of the Motion for Class Certification.

Apparently unable to take "yes" for an answer, Class Counsel now seeks to "clarify" the Court's Certification Order by changing, not clarifying, their definitions to excise the phrase "within the period prescribed by the FCRA, 15 U.S.C. § 1681p, *prior to the filing of this action*" and to now add the phrase, "with the period prescribed by FCRA, 15 U.S.C. § 1681p(2), *which is 5 years prior to the filing of this action until the present or until the date that it can be determined from Defendant's records that the Defendant revised its allegedly illegal practices*." Pl's Proposed Order, p. 3 (emphasis added).

To call this change a "clarification" is disingenuous, as it attempts to eliminate the limits imposed by this Court's Certification Order, and instead seeks to encompass prospective classes despite the fact that Class Counsel never sought such classes in its Amended Motion for Class Certification. Indeed, Class Counsel now seeks to re-litigate issues previously addressed at the *certification* stage.[3]

In objecting to the proposed Class Notice, ClosetMaid merely asks that this Court approve a class notice applicable only to those individuals that fit within the clear text of its April 27, 2011 Certification Order, i.e., individuals who were the subject of a consumer report obtained and used by ClosetMaid prior to the filing of this action and within FCRA's statute of limitations.[4]

---

[3]     Class Counsel argues that ClosetMaid's "construction of the Class Definition does not encompass all person's [sic] who were subject to ClosetMaid's allegedly illegal practices…" Pl's Motion, p. 3. But it is not ClosetMaid's supposed construction at issue, but the plain text of Class Counsel's own Class and Sub-Class definitions that limit the members of the class to those who allegedly suffered an injury "prior to the filing of this action." Pl's Amended Motion for Class Certification (Doc. 46), pp. 2-3.

[4]     Even if the Court disagrees with ClosetMaid's arguments that the "look back" period for the class definitions is two years, it is beyond dispute that the Class and Sub-Class include only those individuals whose consumer reports were procured and used "prior to the filing of this action" and within the two or five year statute of limitations of FCRA. See 15 U.S.C. § 1681p(1-2).

Class Counsel should not be permitted to re-litigate the certification process immediately after the Court has decided and certified the Class and Sub-Class. This Court's Certification Order is clear and unambiguous, so it should be respected by Class Counsel and enforced as is.

**II.    Class Counsel's Motion Contains Specious and Irrelevant Arguments**.

In their Motion, Class Counsel blatantly misrepresents the timing of ClosetMaid's objection to the time period set forth in Class Counsel's proposed Class Action Notice.  During the very first telephone call between the parties regarding the proposed notice, counsel for ClosetMaid raised the issue of the time period set forth in the proposed notice, noting that it was contrary to this Court's Certification Order.   Indeed, Class Counsel's allegation that ClosetMaid's objection to the notice was "new" and "newly minted," see Pl's Motion, p. 2, is disingenuous.[5]

Second, Class Counsel relies upon the Manual on Complex Litigation for the proposition that "the class period" typically involves the time period which members of the proposed class incurred an injury" and also cites authority for the proposition that the claims of putative class members "are tolled as of the date of the filing of the complaint until certification is denied." Pl's Motion, p. 3, 5.  Respectfully, Class Counsel's arguments are irrelevant to this analysis because the issue at bar is the unambiguous definition of the Class and Sub-Class that Class Counsel proposed and this Court ultimately certified, not whether the statute of limitations is tolled or what the definition of a class "typically" includes.  Class Counsel had the opportunity to draft and argue for its preferred class definitions as part of the certification process pursuant to

---

[5]     It is noteworthy that, on July 8, 2011, despite informing ClosetMaid's counsel that he regarded ClosetMaid's argument regarding the time period applicable to the class as "ludicrous" and "borderline frivolous," Class Counsel saw the perceived need to file its Motion to "Clarify the Class Definition," and did so within hours of that final discussion.

Federal Rule of Civil Procedure 23; the Court agreed with those arguments and certified the Class and Sub-Class as such.

Third, Class Counsel, on pages 6-7 of their Motion, speciously argues that the Court certified the Class consisting of individuals who were "the subject of a consumer report which was used by ClosetMaid *between December 19, 2003 and the present*."  Pl's Motion, pp. 6-7 (emphasis added).   Class Counsel does not cite to this Court's Order in support of that contention.  However, the text of this Court's Certification Order is quite clear, as it expressly limits the Class and Sub-Class to those individuals who were subject to a consumer report procured and used by ClosetMaid "prior to the filing of this action."  Court's April 27, 2011 Opinion & Order (Doc. 51), pp. 22-23.[6]   As such, Class Counsel's contention is simply misleading and untrue.

---

[6]      Class Counsel's argument is doubly specious as its very own Amended Motion for Class Certification defines the Class and Sub-Class in the same way as this Court's Order.  See Pl's Amended Motion for Class Certification (Doc. 46), pp.2-4.

## CONCLUSION

This Court should deny Class Counsel's Motion to Clarify the Class Definition and remain faithful to the plain text of its Certification Order of April 27, 2011.  That unambiguous Order certified a Class and Sub-Class consisting of individuals who were the subject of a consumer report obtained and used by ClosetMaid *prior to the filing of this action* and within the time period prescribed by FCRA.  See April 27, 2011 Opinion and Order (Doc. 51), p. 4.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

**/s/ Philip K. Kontul**
W. Scott Hardy (*PA 79225*)
scott.hardy@ogletreedeakins.com

Philip K. Kontul (*PA 94156*)
philip.kontul@ogletreedeakins.com

Four Gateway Center, Suite 400
444 Liberty Avenue
Pittsburgh, PA 15222
412.394.3333
412.232.1799 (fax)
Attorneys for Defendant ClosetMaid
Corporation

10618301.1 (OGLETREE)