IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. CATHY REARDON, on behalf of herself and all similarly situated individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>CLOSETMAID CORPORATION,<br><br>    Defendant. | Civil Action No. 08-1730 |

MEMORANDUM and ORDER

Gary L. Lancaster,                                                     September 6, 2011
Chief Judge.

      This is an action brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA"). Representative plaintiff, Cathy Reardon, alleges that defendant, ClosetMaid Corporation ("ClosetMaid"), has a standard practice of disqualifying applicants for employment on the basis of consumer reports in violation of the FCRA. Plaintiff seeks statutory and punitive damages on behalf of herself and the class. This matter is before the court on plaintiff's "Motion to Clarify the Class Definition" [doc. No. 59], and defendant's objections and opposition thereto [doc. Nos. 60, 62]. At issue is the temporal scope of the class. For the reasons that follow, the motion

will be granted in part and denied in part.

I.   BACKGROUND

The parties are familiar with the factual background of this matter. Accordingly, only that which is relevant to the instant motion will be discussed. On April 27, 2011, this court granted plaintiff's amended motion for class certification, and certified the following "Disclosure Class" and "Pre Adverse Action Sub-Class" as they were defined by plaintiff [Doc. No. 51]:

Disclosure Class

All employees or prospective employees of Defendants residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendants and who executed ClosetMaid's forms purporting to authorize ClosetMaid to procure a consumer report about them **within the period prescribed by the FCRA, 15 U.S.C. § 1681p, prior to filing this action.**

Pre Adverse Action Sub-Class

All employees or prospective employees of Defendant residing in the United States (including all territories and political subdivisions of the United States) who were the subject of a consumer report which contained any negative (derogatory) credit history, driving record, public record criminal arrest, charge or conviction, civil judgment, bankruptcy or tax liens, regarding such employee or prospective employee **within the period prescribed by the FCRA, 15 U.S.C. § 1681p,** prior to the filing of this action and for whom defendants did fail to provide that applicant with a copy of their consumer report and/or FCRA summary of rights at least five days before the employee or prospective employee was

2

notified that ClosetMaid may take adverse action.
(emphasis added).

This court further directed plaintiff to file a plan for notice to the absent class members. Counsel engaged in negotiations regarding the proposed notice and came to an agreement on all issues save one: when the class period begins and when it ends. More specifically, the parties disagree as to the meaning of the following phrase in the class definition: "within the period prescribed by the FCRA, 15 U.S.C. § 1681p, prior to filing this action."

Plaintiff concedes that the class definition is ambiguous. Accordingly, plaintiff seeks an order clarifying that the class includes all applicants for employment with ClosetMaid from December 19, 2003 (in accordance with the five year statute of repose as set forth in 15 U.S.C. 1681p(2)) to the present. Defendant contends that the class definition unambiguously defines the class as commencing on December 19, 2006 (in accordance with the two year statute of limitations as set forth in 15 U.S.C. § 1681p(1)) and ending on December 19, 2008, the date the complaint was filed. Defendant argues that plaintiff has improperly broadened the class which she represents after the court made the certification decision. For the reasons set forth below, the court finds that the class period begins on December 19, 2006 and extends to the date of


the notice.

## II. DISCUSSION

Federal Rule of Civil Procedure 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment." Fed.R.Civ.P 23(c)(1)(C). As noted above, the FCRA contains two distinct limitations period, a two (2) year statute of limitations and a five (5) year statute of repose. 15 U.S.C. § 1681p. The class, as defined by plaintiff, did not distinguish between these two limitations periods and, therefore, did not define the beginning of the class period. The class definition also appears to set the end of the class period as the date of the filing of the complaint, which would deny relief to those individuals whose claims accrued after the complaint was filed. Accordingly, clarification is appropriate.

Plaintiff argues that, despite the ambiguity in the class definition, well established principles of class action tolling save otherwise untimely claims of the class members. At this juncture, as to the two (2) year statute of limitations, the court agrees.

In American Pipe & Construction Co. v. Utah, 414 U.S. 538 (1974), the Supreme Court held that "the commencement of the original class suit tolls the running of the statute [of limitations] for all purported members of the class" who file

4

motions to intervene after class certification has been denied. Id. at 552-53. In Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983), the Supreme Court held that class action tolling extends to "all asserted members of the class, not just as intervenors." Id. at 350 (citation and internal quotation omitted). The Court of Appeals for the Third Circuit has noted that central to the Supreme Court's rationale in Crown Cork & Seal was the fact that "the filing of a class complaint puts a defendant on notice of the need to preserve evidence and witnesses respecting the claims of all members of the class" and, therefore, "[t]olling the statute of limitations thus creates no potential for unfair surprise …" Yang v. Odom, 392 F.3d 97, 103 (3d Cir. 2004)(citation and internal quotation omitted).

Defendant essentially argues that plaintiff, as the drafter of the class definition, should have the provision strictly construed against her. However, in the class action context "the district court acts as a fiduciary who must serve as a guardian of the rights of absent class members." In re General Motors Corp. Pick-Up Trick Fuel Tank Products Liab. Litig., 55 F.3d 768, 785 (3d Cir. 1995)(citation and internal quotation omitted). It would be unjust to deny the absent class members whose claims accrued after the filing of the plaintiff's complaint relief simply because plaintiff inartfully drafted the

class definition. Further, the only additional class members who are now included are those whose claims accrued after plaintiff filed her complaint. Surely defendant cannot claim they are prejudiced as to these claims since they were placed on notice of these claims by plaintiff's complaint.

Under Rule 23, the court is precluded from engaging in a merits based inquiry at the class certification stage if it "is not necessary to determine a Rule 23 requirement." In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 317 (3d Cir. 2008). Here, it is clear that the two (2) year statute of limitations applies to the claims of the named representative. Accordingly, in order to satisfy the Rule 23 requirements of commonality and typicality, the class must be limited to similar claims. Further, it is doubtful that class action tolling applies to statutes of repose. Cf. Footbridge Limited Trust and OHP Opp. Trust v. Countrywide Financial Corp. 770 F.Supp.2d 618 (S.D.N.Y. 2011)(collecting cases).

The court finds that revising the class definition to specify that the class period starts on December 19, 2006 and ends on the date of the notice meets the Rule 23 requirements for the same reasons as set forth in the April 27, 2011 memorandum and order granting class certification [Doc. No. 51], which is incorporated by reference. This finding is without prejudice, however, to defendant's right to assert its defenses

in a properly supported motion for summary judgment.

### III. CONCLUSION

For the reasons set forth above, plaintiff's motion to clarify the class definition, [doc. No. 59] will be granted in part and denied in part. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. CATHY REARDON, on behalf Of herself an all similarly Situated individuals,<br><br>      Plaintiffs,<br><br>v.<br><br>CLOSETMAID CORPORATION,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 08-1730<br>)<br>)<br>)<br>) |

ORDER

AND NOW, this 6th day of September, 2011, upon consideration of plaintiff's motion to "Clarify the Class Definition" [Doc. No. 59] for the reasons stated in the Memorandum filed concurrently, IT IS HEREBY ORDERED THAT:

    (1) <u>Class Certification</u>. Civil Action No. 08-1730, styled <u>R. Cathy Reardon v. ClosetMaid Corporation</u>, shall be maintained as a class action pursuant to Rule 23 on behalf of the following "Disclosure Class" and "Pre Adverse Action Sub-Class" of plaintiffs:

    <u>Disclosure Class</u>

    All employees or prospective employees of Defendants residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a consumer report which was used by Defendants and who executed ClosetMaid's forms purporting to authorize ClosetMaid to procure a consumer

report about them between December 19, 2006 and the date of the notice.

<u>Pre Adverse Action Sub-Class</u>

All employees or prospective employees of Defendant residing in the United States (including all territories and political subdivisions of the United States) who were the subject of a consumer report which contained any negative (derogatory) credit history, driving record, public record criminal arrest, charge or conviction, civil judgment, bankruptcy or tax liens, regarding such employee or prospective employee between December 19, 2006 and the date of the notice and for whom defendants did fail to provide that applicant with a copy of their consumer report and/or FCRA summary of rights at least five days before the employee or prospective employee was notified that ClosetMaid may take adverse action.

(2) <u>Notice</u>.  Plaintiff is directed to submit a plan for providing notice to the class within fourteen (14) days.  In order to obtain court approval, the notice must substantially comply with the sample notices promulgated by the Federal Judicial center available at <u>www.fjc.gov</u>.

(3) If the notice is approved, the court will issue an order directing notice to be disseminated to the class, setting the date by which class members must opt-out of the class or be bound by this litigation.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record