UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| R. CATHY REARDON<br>　　On behalf of herself and all<br>　　similarly situated individuals,<br><br>　　Plaintiffs,<br>v.<br><br>CLOSETMAID CORPORATION<br><br><br><br>　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br>NO. 2:08cv1730GLL<br><br><br>Hon. Chief Judge Gary Lancaster<br><br>**Class Action**<br><br>ELECTRONICALLY FILED |

**NOTICE OF PLAINTIFF'S PROPOSED PLAN AND FORM OF
CLASS ACTION NOTICE**

On April 27, 2011, this Court entered an order granting class certification. ECF 51, p.15.  On September 6, 2011 this Court entered an order clarifying the definition of the certified Class and Sub-class. ECF 63. In the September 6, 2011 Order, this Court directed that the Plaintiff submit a plan for providing notice to the certified Classes within 14 days. *Id*. at p. 22 of 23.  Pursuant to this Order, Plaintiff hereby submits the following proposed plan and form of notice.  The Defendant, ClosetMaid Corporation, does not intend to submit objections to this proposed plan.

Plaintiff proposes a two-step process including, 1) the identification of class members from ClosetMaid's or its agents records in order to create a class member list, and 2) the mailing of class notice to class members identified from these records.  A complete list of class members needs to be derived from because during class discovery the Parties stipulated that ClosetMaid would produce

1

representative samplings of class member files, and that, if the Court granted class certification, ClosetMaid would produce a complete set of files in order to facilitate class member identification. The Stipulation provides, *inter alia*:

> The Parties further understand and have agreed, to alleviate burden, that Plaintiffs will not at this time pursue production of the names, addresses, applications, employment or personal files or other related documents of persons within the defined class as requested by Plaintiffs in discovery. The Parties stipulate that this agreement to delay the production of such information shall be without prejudice to Plaintiff's right to request such information in the event the Court grants Plaintiff's Motion For Class Certification.

Plaintiff's Class Certification Exhibit H, Docket No. 36-8.

Therefore, Plaintiff proposes that ClosetMaid be ordered to produce the files necessary for Plaintiff to identify the members of the defined class and sub-class. Once the class members are identified, then Plaintiff proposes to send a proposed Class Action Notice, a copy of which is attached as Exhibit A. A proposed Order Of Court is attached as Exhibit B.

### **Legal Standards Applicable To Class Member Identification And Notice**

Class certification notice typically involves two stages: class member identification and then dissemination of a notice of class action.

The process of class identification is an administrative task that is based upon the Court's adoption of a class definition that makes it administratively feasible for the court to determine class membership. *Chiang v. Veneman*, 385 F.3d 256, 271-72 (3d Cir. 2004)(recognizing that the class definition must be based upon objective criteria that make it administratively feasible for the court to determine class membership. See also 7A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1760. *Elliott v. ITT Corp.*, 150 F.R.D.

569, 573-74 (N.D. Ill. 1992) citing *Harris v. General Dev. Corp.*, 127 F.R.D. 655, 658 (N.D.Ill.1989) (citations omitted).  The purpose of an objective class definition is to facilitate identification of class members that oftentimes occurs with reference to the defendant's records.  See *Elliott* 150 F.R.D. at  575.

Once the class is identified, the "best notice practicable under the circumstances" must be provided to class members. Fed.R.Civ.P. 23(c)(2)(B) provides as follows:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language
> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion;
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

See also *Larson v. Sprint Nextel Corp.*, 07-5325JLL, 2009 WL 1228443 (D.N.J. 2009) and Wright & Miller, Vol 7AA *Federal Practice and Procedure*  § 1787 (3d ed.).

Further, the Advisory Committee Notes to Rule 23(c) recognize that, "The federal judicial center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms." Adv. Cmte. Notes (2003) to Fed.R.Civ.P. 23(c). See also  *Judges Class Action Notice And Plain Language Checklist,*  (2010 Federal Judical Center).

## The Proposed Plan Of Class Notice Complies With Fed.R.Civ.P. 23

Plaintiff hereby incorporates a Proposed Order that encompasses the proposed Plan of Notice. Exhibit B. Plaintiff proposes first that ClosetMaid be required to produce the names, addresses, applications, employment or personal files or other related documents of persons within the defined class within 30 days of this Court's entry of a order approving a Plan of Class Notice. From these documents Plaintiff will prepare a list of identified class members. Plaintiffs will then undertake to update the addresses of persons on the class list using the National Change Of Address Datebase ("NCOA") or similar database to obtain the most recently listed address of the class members.

Thereafter, within 45 days of receiving the aforesaid files from ClosetMaid, Plaintiff will undertake to send a court approved notice to identified class members. The notice of class action will then be sent to the updated address of each class member by First Class Mail. A copy of the Proposed Class Action Notice is attached as Exhibit B. To the extent that Plaintiff receives back Class Notices that are marked undeliverable by the USPS, Plaintiff will again attempt to identify a new address of the class member and to conduct a re-mailing. Additionally, Plaintiff intends create a website to which class members will be referred to get additional information about the case and their rights. Plaintiff proposes to name the URL for the website: www.ClosetMaidClassAction.com.

The proposed Notice complies with Fed.R.Civ.P. 23(c)(2)(B). To begin with, the Notice is based upon the illustrative forms suggested by the Federal

\

Judicial Center in that it uses the question and answer format that the FJC recommends. See *Judges Class Action Notice Checklist,* pp. 7-10. The Notice uses easy to understand language to provide additional information about the lawsuit. The first page of the notice provides a basic description of the nature of the action and describes the class claims, issues, or defenses. The proposed Notice contains a Table of Contents. The Notice further explains the basic information about the lawsuit in the Answers to Questions Nos. 1-7. The Answers to Questions 8 and 9provide a description of the Defined Class and helps explain how to determine if a person is a class member. The Answers to Questions 10-11 provide an explanation of the rights of class members should they elect to remain as class members in the action including an option that he or she may enter an appearance through their own counsel if the member so desires and that informs each class member about the binding effect of a class judgment on class members. The Answer to Question 12 explains that the court will exclude from the class any member who requests exclusion and of the time and manner for requesting exclusion. If this information is not enough, then the Answer to Question 19 informs class members that more information is available by calling visiting the website or by contacting Class Counsel whose addresses are identified in the Notice.

      Plaintiff respectfully submits that this Proposed Plan and Form of Notice fully comply with Federal Rule 23(c) and the dictates of due process.

                                         By:   s/ James M. Pietz

                                         James M. Pietz
                                         Pa. I.D. No. 55406
                                         Pietz Law Office LLC

Allegheny Building
429 Forbes Ave., Suite 1616
412-288-4333
jpietz@jpietzlaw.com

Leonard A. Bennett
Consumer Litigation Associates
12515 Warwick Boulevard
Newport News, VA 23606
757-930-3660
lenbennett@clalegal.com

Christopher Colt North
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
757- 873-1010
cnorthlaw@aol.com