**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | | |
|---|---|---|
| **R. CATHY REARDON** | ) | |
| **On behalf of herself and all** | ) | |
| **similarly situated individuals,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **NO. 2:08cv1730GLL** |
| **v.** | ) | |
| **CLOSETMAID CORPORATION** | ) | **Hon. Chief Judge Gary** |
| | ) | **Lancaster** |
| | ) | |
| | ) | **Class Action** |
| | ) | |
| **Defendant.** | ) | |

**CLASS PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGEMENT AS TO THE LIABILITY OF DEFENDANT CLOSETMAID CORPORATION**

The Representative and Class Plaintiffs, by their undersigned counsel, hereby submit their Motion For Partial Summary Judgment as to the liability of Defendant Closetmaid Corporation ("ClosetMaid") on the claims in the First Amended Class Action Complaint. In support, Class Plaintiffs state as follows:

1.      Federal Rule 56(a) authorizes the Court to enter partial summary judgment as follows:

> **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).

2.      The Representative and Class Plaintiffs are entitled to partial summary judgment as to ClosetMaid's liability to them because there is no genuine dispute as to any material fact that ClosetMaid willfully failed to comply with the requirements of 15

U.S.C. § 1681b(b)(2)  and 15 U.S.C. § 1681b(b)(3), two provisions of the Fair Credit

Reporting Act.

3.      The First Amended Complaint ("FAC") alleges that ClosetMaid is subject

to liability pursuant to 15 U.S.C. § 1681n(1)(A) entitled "Civil Liability For Willful

Noncompliance". This FCRA civil liability provision provides:

> (a) In general. "Any person who *willfully fails to comply with any requirement imposed under this title with respect to any consumer* is liable to that consumer in an amount equal to the sum of
> (1)
>     (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; . . .

3.      The First Amended Complaint (ECF # 16) alleges that Defendant violated

the *requirements* of Disclosure and Pre-Adverse Action provisions of the Fair Credit

Reporting Act. *See* 15 U.S.C. § 1681b(b)(2) (the "Disclosure Provsion") and 15 U.S.C. §

1681b(b)(3) (the Pre-Adverse Action Provision") with respect to the use of consumer

reports for employment purposes.

4.      On April 27, 2011, this Court entered a Memorandum and Order

certifying the action as a class action on behalf of a defined Disclosure Class and a Pre-

Adverse Action Sub-class. Exhibit 1. *See also Reardon v. Closetmaid Corp.*, CIV.A. 08-

1730, 2011 WL 1628041 (W.D. Pa. Apr. 27, 2011).

5.      On September 9, 2011, this Court entered an Order clarifying the class

definitions in the Class Certification Order.

6.      The Plaintiffs then undertook to send Notice Of Class Action to

approximately 2000 Disclosure class members and 70 Pre-Adverse Action sub-class

members. On September 28, 2012 Class Notice was mailed to 2,147 potential members of

the Disclosure Class and 72 members identified as being in the Pre-Adverse Action Sub-

class.  Thereafter,   34 potential  class members elected to opt-out after receiving the class notice.

### Liability As To The Disclosure Class

7.     Section  § 1681b(b)(2)  provides:

> Except as provided in subparagraph (B) . . . a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless -
>
> (i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii)     the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2).

8.     The undisputed facts demonstrate that ClosetMaid violated the requirement of § 1681b(b)(2) by incorporating a prospective Waiver Or Release of Rights in the document that was used to obtain job applicants' written consent that a consumer report could be obtained about them for employment purposes. The plain, unambiguous language of § 1681b(b)(2) prohibits the inclusion of such a Waiver Of Rights.

9.     ClosetMaid's violation of § 1681b(b)(2) was "willful" because its reading of § 1681b(b)(2) to authorize the inclusion of a Waiver Of Rights provision was "objective unreasonably " pursuant to the 3 pronged analysis set forth in *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 248 (3d Cir. 2012).

### Liability As To The Pre-Adverse Action Sub-Class

10.     The full text of the Pre-Adverse Action provision states:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may

establish qualifications], in using a consumer report for employment purposes, *before taking any adverse action based in whole or in part* on the report, the person *intending* to take such adverse action shall provide to the consumer to whom the report relates –

(i)       a copy of the report; and

(ii)      a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

15 U.S.C. § 1681b(b)(3).

11.       The plain language of this provision requires an employer to establish a Pre-Adverse Action procedure that: 1) identifies job applicants who are entitled to Pre-Adverse Action notices, that is, those job applicants as to whom the employer might consider not hiring based upon the results of a consumer report, and; 2) establishes a sufficiently long "hold" on any final employment decision until the disclosures required by 15 U.S.C. § 1681b(b)(3) are provided to them.

12.       No material issue of fact exists that ClosetMaid has failed to establish procedures designed to comply with § 1681(b)(B)(3).  *First,* there is no dispute that ClosetMaid has failed to adopt a procedure that identifies job applicants who are entitled to a Pre-Adverse Action Notice-- that is those job applicants at ClosetMaid as to whom it might decide not to hire. *Second,* ClosetMaid has failed to establish any procedure that puts a final employment decision on hold until job applicants are provided the required disclosures.

13.       ClosetMaid's violation of § 1681(b)(B)(3) was "willful" because its reading of §1681(b)(B)(3)  as allowing the required disclosures to be made only if the sole, final reason for not hiring was based upon the results of a consumer report is "objective unreasonably " pursuant to the 3 pronged analysis set forth in *Fuges v. Sw.*

*Fin. Servs., Ltd.*, 707 F.3d at 248.

Wherefore, it is respectfully requested that this Court enter partial summary judgment in favor of the Disclosure Class and the Pre-Adverse Action Sub-Class as to liability of Defendant ClosetMaid on the claims in the FAC. A proposed Order Of Court defining the scope of the proposed summary judgment is attached hereto.

May 24, 2013                          **Respectfully submitted,**

                                      R. CATHY REARDON,
                                      For herself and on behalf of
                                      all similarly situated
                                      individuals**.**

                                         s/ James M. Pietz
                                      James M. Pietz
                                      PIETZ LAW OFFICE LLC
                                      429 Forbes Avenue, Suite 1616
                                      Allegheny Building
                                      Pittsburgh, PA 15219
                                      412-288-4333
                                      jpietz@jpietzlaw.com


                                      Leonard A. Bennett
                                      Consumer Litigation Associates
                                      12515 Warwick Boulevard
                                      Newport News, VA 23606
                                      757-930-3660
                                      lenbennett@clalegal.com

                                      Christopher Colt North
                                      The Consumer & Employee Rights Law
                                      Firm
                                      751-A Thimble Shoals Boulevard
                                      Newport News, Virginia 23606
                                      757- 873-1010