**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| R. CATHY REARDON, on behalf of herself and all similarly situated individuals, | ) ) | |
| | ) | Civil Action No. 2:08-cv-1730 |
| Plaintiffs, | ) | |
| | ) | Hon. Mark R. Hornak |
| vs. | ) | United States District Judge |
| | ) | |
| CLOSETMAID CORPORATION, | ) | *Filed Electronically* |
| | ) | |
| Defendant. | ) | |

**CLOSETMAID'S REPLY TO CLASS PLAINTIFFS' CONCISE STATEMENT OF
MATERIAL FACTS IN SUPPORT OF CLASS PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT**

Defendant ClosetMaid Corporation ("ClosetMaid"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak, & Stewart, P.C., and pursuant to Federal Rule of Civil Procedure 56 and Western District of Pennsylvania Local Rule 56.1, files this Reply to Class Plaintiffs' Concise Statement of Material Facts in Support of Class Plaintiffs' Motion for Partial Summary Judgment as to Liability of Defendant ClosetMaid.

1.     Admitted.   <u>See</u> ClosetMaid's Statement of Undisputed Material Facts ("ClosetMaid's Fact") ¶15.

2.     Admitted.  <u>See</u> ClosetMaid's Facts, ¶13.

3.     Denied as inaccurately quoted.

4.     Admitted to the extent that the document speaks for itself.

5.     Admitted.

6.     Denied.  <u>See</u> ClosetMaid's Facts, ¶ 2.

7.     Admitted.

8.      Denied as inaccurately quoted.

9.      Denied as inaccurately quoted.  Statement of Fact #9 is further denied to the extent that Class Plaintiffs characterize any provision as a "Waiver of Rights."

10.     Denied as inaccurately quoted.

11.     Denied as inaccurately quoted.

12.     Admitted to the extent that the document speaks for itself.

13.     Admitted in part and denied in part.  Admitted to the extent that the document speaks for itself.  By way of further response, ClosetMaid denies Class Plaintiffs' characterization of the document as a "Waiver of Rights."

14.     Admitted.

15.     Admitted.

16.     Admitted in part and denied in part.  ClosetMaid admits that it revised its Notice and Authorization.  See ClosetMaid's Facts, ¶ 19.  ClosetMaid denies Statement of Fact #16 to the extent it purports to allege ClosetMaid's motive for revising the Notice and Authorization as being immaterial in accordance Federal Rule of Evidence 407.  By way of further response, ClosetMaid denies Class Plaintiffs' characterization of the documents as a "Waiver of Rights."

17.     Admitted in part and denied in part.  ClosetMaid admits that it revised its Notice and Authorization as of July 1, 2009.  See ClosetMaid's Facts, ¶ 19.  ClosetMaid denies Class Plaintiffs' characterization of the documents as a "Waiver of Rights."

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Admitted.

23.     Admitted.  See ClosetMaid's Facts, ¶5.

24.     Admitted.

25.     Denied as inaccurately quoted.

26.     Denied.  See ClosetMaid's Facts, ¶ 11.

27.     Denied.  See ClosetMaid's Facts, ¶ 11.

28.     Denied.  By way of further response, Ms. Mary Price, former Human Resource Manager, testified that ClosetMaid did in fact seek legal advice to ensure ClosetMaid's compliance with the Fair Credit Reporting Act.  See ClosetMaid's Facts, ¶ 31

29.     Denied.  See ClosetMaid's Fact, ¶ 32.

30.     Denied.

31.     Denied.  ClosetMaid is without sufficient knowledge as to the meaning Plaintiffs attach to the term "negative."  See ClosetMaid's Facts, ¶ 21.

32.     Admitted.  See ClosetMaid's Facts, ¶ 22.

33.     Denied.  See ClosetMaid's Facts, ¶ 25.

34.     Denied.  See ClosetMaid's Facts, ¶¶ 22-25.

35.     Admitted.  See ClosetMaid's Facts, ¶ 21.

36.     Denied.  See ClosetMaid's Facts, ¶¶ 8, 10.

37.     Denied.  See ClosetMaid's Facts, ¶¶ 3, 12, & 20.

38.     Denied.  See ClosetMaid's Facts, ¶¶ 4 & 7-10.

39.     Admitted.

40.     Denied.  See ClosetMaid's Facts, ¶¶ 4 & 7-10.

41.     Denied.  See ClosetMaid's Facts, ¶¶ 4, & 8-10.

42.     Denied.  <u>See</u> ClosetMaid's Facts, ¶¶ 4, & 7-10.

43.     Denied.  <u>See</u> ClosetMaid's Facts, ¶¶ 27-30.

44.     Admitted.

45.     Denied.  By way of further response, Class Counsel's assessment and advocacy as to purported information contained in any consumer report cannot be considered evidence of record.  Further, Class Plaintiffs have failed to file as of record any of the purported consumer reports referenced in their Statement of Fact.  <u>See</u> ClosetMaid's Facts, ¶¶ 28, 29, & 30.

46.     Denied.  <u>See</u> ClosetMaid's Facts, ¶¶ 28, 29, & 30.

47.     Denied.  <u>See</u> ClosetMaid's Facts, ¶ 20.

48.     Denied.  By way of further response, Class Counsel's assessment and advocacy as to purported information contained in any consumer report is not evidence.  Further, Plaintiff has failed to file as of record any of the purported consumer reports referenced in this Statement of Fact.  <u>See</u> ClosetMaid's Facts, ¶ 20.

49.     Denied.  By way of further response, Class Counsel's assessment and advocacy as to purported information contained in any consumer report is not evidence.  Further, Class Plaintiffs have failed to file as of record any of the purported consumer reports referenced in their Statement of Facts.  <u>See</u> ClosetMaid's Facts, ¶ 20

50.     Admitted to the extent the document speaks for itself.

51.     Admitted to the extent the document speaks for itself.

Dated: June 24, 2013                    Respectfully submitted,


**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

**/s/ W. Scott Hardy**
_____

W. Scott Hardy, Esq.
PA I.D. No. 79225
scott.hardy@ogletreedeakins.com

Philip K. Kontul, Esq.
PA I.D. No. 94156
philip.kontul@ogletreedeakins.com

One PPG Place
Suite 1900
Pittsburgh, PA 15222
Telephone: (412) 394-3333
Facsimile: (412) 232-1799

Attorneys for Defendant
ClosetMaid Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing REPLY TO CLASS PLAINTIFFS'

CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF CLASS PLAINTIFFS'

MOTION FOR PARTIAL SUMMARY JUDGMENT  was filed electronically on June 24, 2013.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.


**/s/ W. Scott Hardy**

_____

Attorney for Defendant ClosetMaid Corporation


15316083.1