UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| R. CATHY REARDON <br> On behalf of herself and all <br> similarly situated individuals, <br> <br> Plaintiffs, <br> <br> v. <br> CLOSETMAID CORPORATION <br> <br> <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br> <br> <br> <br> <br> NO. 2:08cv1730MRH <br> <br> Hon.  Mark R. Hornak <br> <br> <br> Class Action <br> <br> Electronically Filed |

## CLASS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO STRIKE DECLARATIONS OF JENNIFER BORING, MERLYN HERNANDEZ-OPIO, AND PATRICIA DAMERON

### INTRODUCTION

The Declarations of Jennifer Boring, Merlyn Hernandez-Opio, and Patricia Dameron that Defendant ClosetMaid Corporation ("ClosetMaid") submits in support of its Motion For Summary Judgment and its Motion To Decertify the Pre-Adverse Action Sub-class (ECF 97-13; 97:14 97:15) fail to comport with Fed.R.Civ. 56(c)(4). As fully demonstrated in Plaintiffs' Response To The Motion For Summary Judgment and the Response To The Motion To Decertify, these declarations are immaterial and irrelevant. Yet, even assuming they could be deemed material, they fail to comply with Fed.R.Civ. 56(c)(4). These declarations are based upon "information", "belief", second hand information, conjecture and layperson opinions. Accordingly, they fail to meet the "personal knowledge" requirement of  Fed.R.Civ. 56(c)(4).  Therefore, it is respectfully requested that these declarations be stricken from the record.

## I. Statement Of The Case

ClosetMaid has submitted the Declarations of Jennifer Boring, Merlyn Hernandez-Opio, and Patricia Dameron in support of its Motion For Summary Judgment and its Motion To Decertify the Pre-Adverse Action Sub-class. ClosetMaid St. Facts ¶ 28; ECF 97-13; 97:14 97:15. Using these Declarations as a basis, ClosetMaid argues that the consumer reports obtained about each member of the Pre-Adverse Action did not provide the ultimate basis these persons were not hired. ECF 96 at p.17. ClosetMaid also submits these Declarations as a basis for its argument that numerosity, typicality and predominace are no longer purportedly satisfied. ECF 99 pp. 7-14.

Each Declaration contains an Exhibit A. *Id.* Taken together each of these Exhibits list all members identified as being in the Pre-Adverse Action Subclass. *Id.* Each Exhibit A to the respective Declarations contains 3 columns that lists 1) the name of the identified sub-class member; 2) the ClosetMaid location that considered the sub-class member's job application, and 3) the final reason that the sub-class member was not hired. ECF 97-13 p. 4 of 4; ECF 97-13 p. 4 of 4; ECF 93-15 p. 4 of 4.

Ms. Boring, the Employee Relations Manager at ClosetMaid, testified to her creation of the aforementioned Exhibits to the Declarations. She said that several weeks before her deposition on April 2, 2013, she was given a list of persons within the Pre-Adverse Action Sub-Class. ECF 93, Ex. 4, Boring Dep. 60:9-18. She then pulled the files for each of the persons on the list. ECF 93, Ex. 4 Boring Dep. p. 59:24-60:4. She then reviewed each file and rendered a retrospective judgment as to the final basis for each person not being hired. ECF 93, Ex. 4 Boring Dep. 61. In making this determination, she did not include a column that lists the results of the consumer report

obtained by ClosetMaid, because, as she stated, "It wasn't relevant." ECF 93, Ex. 4, Boring Dep. 64:2-13. However, Ms. Boring conceded that she does not even know the reason that consumer reports are used by ClosetMaid. ECF 93, Ex. 4 Boring Dep. 12:15-14:5. She made this determination even though there was "not necessarily" anything in the file that set forth the reason for not hiring. ECF 93, Ex. 4 Boring Dep. 61:5-13. She made these determinations even though she did not know if she was involved in the determination. ECF 93, Ex. 4 Boring Dep. 61:14-62:1 ("I made an educated, based upon my experience. . ."). Ms. Boring also used the same process to make the Exhibit A to the Declaration of Merlyn Hernandez-Opio (ECF 93, Ex. 4 Boring Dep. p. 67:10-69:14) and to make the Exhibit A to the Declaration of Patricia Dameron. ECF 93, Ex. 4 Boring Dep. 69:15- 71:1; Boring Dep. 57:9-66:3.

Ms. Dameron's Declaration does not attest that she has any personal knowledge of all the information in her Declaration. Instead, it states, ". . . the facts in this declaration are based upon matters known personally to me, on information provided to me by others and/or on information contained in ClosetMaid records and *are true and correct to the best of my knowledge, information and belief.*" ECF 97-13 ¶4. Likewise, Ms. Hernandez-Opio and Ms. Boring make the exact same statements. ECF 97-14 ¶ 4; ECF 97-15, ¶ 4.

II. **Legal Argument**

Federal Rule 56(c)(4) provides that, "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Statements in affidavits made in the absence of personal knowledge

3

or without factual foundation, and conclusory statements for which no basis in fact or personal knowledge is provided, are not properly considered. *See Reynolds v. Dept. of Army,* 439 Fed. App'x 150, 152 (3d Cir.2011). The Third Circuit has interpreted the rule to require an affiant to state facts, rather than opinions and conclusions. *Maldonado v. Ramirez,* 757 F.2d 48, 51 (3d Cir.1985).

Moreover, affidavits based upon "information and belief" do not meet the "personal knowledge" requirement of Fed.R.Civ.P. 56. *Olivares v. United States*, 447 F. App'x 347, 352 (3d Cir. 2011) citing *Patterson v. Cnty. of Oneida, N.Y.,* 375 F.3d 206, 219 (2d Cir.2004) ("The Rule's requirement that affidavits be made on personal knowledge is not satisfied by assertions made 'on information and belief.' ") *See also, Automatic Radio Mfg. Co. v. Hazeltine Research, Inc.,* 339 U.S. 827, 831 (1950) (stating "[an affidavit] made upon information and belief ... does not comply with Rule 56(e)"). *Teltron, Inc. v. Alexander*, 132 F.R.D. 394, 396 (E.D. Pa. 1990) ("Belief, no matter how sincere, is not *personal knowledge. . . )* and *Equity One, Inc. v. City of Pittsburgh*, 2:03CV1816, 2006 WL 1509334 (W.D. Pa. May 30, 2006). "Statements of belief, no matter how sincere, are properly subject to a motion to strike because they do not meet the personal knowledge requirement." *Summy–Long v. Pa. State Univ.,* Civ. A. No. 1:06–cv–1117, 2009 WL 811616, at *2 (M.D.Pa. Mar. 26, 2009) (citing *Fowler v. Borough of Westville,* 97 F.Supp.2d 602, 607 (D.N.J.2000)).

Here, the declarations are not even germane to the issues presented in the Motion For Summary Judgment and the Motion To Decertify. Yet, even if they were, they are the product of guess-work, conjecture, and mere belief. None of the declarations establish that either Ms. Boring, Ms. Dameron or Ms. Hernandez-Opio were even involved in

4

making any determinations with respect to the Pre-Adverse Action sub-class. All three declarations instead are the products of Ms. Boring recent retrospective guess work as to why these persons were not hired. Moreover, all of the Declarations are based upon "information and belief" and as such, do not satisfy the Fed.R.Civ. 56(c)(4) standards.

It is respectfully requested that this Court grant this Motion To Strike and grant the relief requested in the proposed Order Of Court attached hereto.

                Respectfully submitted,

                R. CATHY REARDON,
                For herself and on behalf of all similarly situated individuals.

                   s/ James M. Pietz
                James M. Pietz
                PIETZ LAW OFFICE LLC
                429 Forbes Avenue, Suite 1710
                Allegheny Building
                Pittsburgh, PA 15219
                412-288-4333
                jpietz@jpietzlaw.com

                Leonard A. Bennett
                Consumer Litigation Associates
                12515 Warwick Boulevard
                Newport News, VA 23606
                757-930-3660
                lenbennett@clalegal.com

                Christopher Colt North
                The Consumer & Employee Rights Law Firm
                751-A Thimble Shoals Boulevard
                Newport News, Virginia 23606
                757- 873-1010