UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| R. CATHY REARDON | ) | |
| On behalf of herself and all | ) | |
| similarly situated individuals, | ) | |
| | ) | |
| Plaintiffs, | ) | NO. 2:08cv1730 MRK |
| v. | ) | |
| CLOSETMAID CORPORATION | ) | Hon. Judge Mark R. Hornak |
| | ) | |
| Defendant**.** | ) | **Class Action** |

**PLAINTIFF'S SUPPLEMENT IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT AND MOTION TO DECERTIFY THE SUB-CLASS OF CLOSETMAID CORPORATION**

James M. Pietz
Pa I.D. No. 55406
Pietz Law Office LLC
429 Forbes Ave., Suite 1616
Pittsburgh, Pa. 15219
412-288-4333
jpietz@jpietzlaw.com

Leonard A. Bennett, Esq.
Consumer Litigation Associates
12515 Warwick Boulevard
Newport News, Va. 23606
(757) 930-3660
lenbennett@clalegal.com

Christopher North. Esq.
751-A Thimble Shoals Blvd.
Newport News, Va  23606
(757) 873-1010

*Counsel for the Representative And Class Plaintiff*

## INTRODUCTION

At the July 19, 2013 hearing on pending motions in this matter, an issue of discussion was whether the mere procurement of a consumer report triggered the disclosure duties under 15 U.S.C. § 1681b(b)(3). It was Plaintiffs' position the procurement of a report containing derogatory information does not trigger the duty to make the disclosures. Instead, as Plaintiffs argued, an employer has a duty to make the disclosures once the employer uses a consumer report containing derogatory information as part of the process of determining a prospective employee's qualification for a job. Thus, once a consumer report is part of the mix of information being used to determine the prospective employee's eligibility for employment, the § 1681b(b)(3) disclosures are required to be made. Plaintiff argued at the July 19th, 2013 hearing that the testimony of ClosetMaid's Fed.R.Civ.P. 30(b)(6) deponent demonstrated that it was ClosetMaid's policy and practice to procure a consumer report only *after* a prospective employee was deemed qualified based upon a review of his or her education, employment history and other background information and, therefore, as a matter of practice, the consumer report was in that mix of information being used to assess the applicant's qualifications.

In considering this argument, this Court requested that the Parties make supplemental submissions pinpointing the record evidence bearing on this issue. Accordingly, Plaintiffs hereby summarize the testimony of Catherine Beal, ClosetMaid's Fed.R.Civ.P. 30(b)(6) deponent with excerpts of her tesitmony, and provide a concise argument demonstrating that ClosetMaid failed to provide the required § 1681b(b)(3) disclosures despite being under the duty to do so.

**SUMMARY OF TESTIMONY OF CLOSETMAID CORPORATION**

Plaintiffs served a Notice Of Deposition pursuant to Fed.R.Civ.P. 30(b)(6) on ClosetMaid. Exhibit 1 attached. Pursuant to this rule, ClosetMaid designated it Vice-President of Human Resources, Catherine Beal, to testify on behalf of Closetmaid. Ex. 2, excerpted Beal Dep. p.1. Ms. Beal understood she was testifying on behalf of ClosetMaid. Ex 2, Tr. pp. 8:17-9:1.   Prior to her deposition, Ms. Beal reviewed the topics listed in the Notice Of Deposition and prepared to testify about each of the topics on behalf of ClosetMaid. Ex.2, Beal, pp. 9:24-10:22:.   In particular, the Notice Of Deposition requested ClosetMaid to designate a person to testify about ClosetMaid's procedures for hiring and screening prospective employees including the application process, the interview process, background check procedures, etc. Exhibit 1, Para. 9 and 15.[1]

---

[1] As the Fed.R.Civ.P. 30(b)(6) designee, Ms. Beal's testimony is binding as to ClosetMaid. *Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007) ("Pursuant to this Rule, a party may take a deposition of an individual who is designated to testify on behalf of a company, corporation or government agency. The testimony of a Rule 30(b)(6) witness is binding on the entity and goes beyond the individual's personal knowledge. "); *See also, In re Neurontin Antitrust Litig.*, MDL 1479, 2011 WL 253434 (D.N.J. Jan. 25, 2011). Citing and quoting *Bracco Diagnostics Inc. v. Amersham Health Inc.*, C.A. No. 03-6025(SRC), 2005 U.S. Dist. LEXIS 26854, at *3 (D.N.J.2005)  the *Harris* court explained the purpose of the rule is that, "A 30(b)(6) deposition more efficiently produces the most appropriate party for questioning, curbs the elusive behavior of corporate agents who, one after another, know nothing about facts clearly available within the organization and suggest someone else has the requested knowledge, and reduces the number of depositions for which an organization's counsel must prepare agents and employees." 259 F.R.D. at 92

Ms. Beal described the policies and procedures for interviewing and recruiting prospective employees. Ex. 2, Beal Dep. 27:14—30-23. Initially, a requisition to hire a position is made, a job description is created and then the position is advertised. Ex. 2, Beal Dep. pp. 27:21-29. Once a potential recruit is identified, they are interviewed either by phone or the hiring manager may interview them personally. Ex. 2, Beal Dep. at p. 228:14-23. Once a prospect is determined to be qualified after the phone or in person interview, then at that point, they are given documents used to perform a background check. Ex. 2, Beal Dep. at p. 30:5-18. Background checks are *not* run on all prospective employees; instead, background checks are only run on the prospective employees that ClosetMaid has "selected to hire." Ex.2, Beal Dep. at p. 49:10-50:12 [2]

Once the consumer report is obtained the recruiter reviews it to determine if there are any issues. Ex.2, Beal Dep. at p.60:23-63:13. As Ms. Beal further explained, the report is obtained and reviewed towards the end of the recruiting process. Ex. 2, Beal Dep. at p. 66:3-23. ("As I stated, at the end of the recruiting process. Once we've gotten to this point its pretty far down the process of getting ready to potentially hire someone.").

ClosetMaid requires that its hiring personnel to obtain and review a consumer report about all prospective employees that are deemed qualified without regard to the

---

[2] Similarly, Ms. Beal described a document called "Salaried Recruiting Procedure". Ex. 2, Beal Dep at p. 39 and Ex. 3. This document set forth hiring procedures for salaried employees. As Ms. Beal explained, this document includes Section 5.7 entitled "Reference Processing/Start Hiring Candidate Hiring Process. Ex. 2, Beal Dep. at p. 60-61. In this process, ClosetMaid checks references and confirms the prospect is still a candidate. This process includes checking references, verifying past employment, verifying education. Once through this process and it is determined that the prospect is "qualified", then ClosetMaid obtains a background check or consumer report. *Id.*

3

position to be filled or whether they are to be salaried or hourly. Ex. 2 Beal Dep. at p. 50:4-11.The purpose for obtaining the reports is to determine if there are any issues as to being violent, driving records, social security verifications, etc. Ex. 2 Beal Dep. at pp. 63:14—645:6.

The applicant file maintained by ClosetMaid with respect to Ms. Reardon confirms this process.  Ex. 4, Reardon applicant file.  Ms. Reardon's qualifications were screened by ClosetMaid by phone. Ex. 4. Bates no. 215.  According to this screening form's comments, she was deemed qualified. *Id.*  On or about December 13, 2006, Ms. Reardon completed ClosetMaid's application forms. Ex. 4. Bates nos. 208-212. Then, on December 15, 2006, ClosetMaid ordered and obtained a consumer report about Ms. Reardon. Ex. 4, bates nos. 218-226.  Thereafter, ClosetMaid made the determination not to hire Ms. Reardon.

### APPLICATION OF 15 U.S.C. § 1681B(B)(3)

In relevant part,  § 1681b(b)(3) provides that, ". . . *before taking any adverse action based in whole or in part* on the report, the person *intending* to take such adverse action shall provide to the consumer to whom the report relates" the consumer report and the summary of rights. 15 U.S.C. § 1681b(b)(3).  As demonstrated above, ClosetMaid does not obtain a consumer report until a prospect or candidate is deemed "qualified" or is "selected to hire".  The consumer report is obtained at the end of the recruiting process when ClosetMaid is getting ready to hire a candidate.  In sum, when a consumer report is obtained it automatically becomes part of the "mix" of other information that has already been used to determine a prospect's employment qualifications such as references, past employment, education and skills.

4

Therefore, when ClosetMaid obtains a consumer report that contains derogatory information that could disqualify the applicant for the job such as violent behavior, fraud, theft, poor driving records or bad credit, that information is placed in the mix of other information that has already been gathered by ClosetMaid. As such, ClosetMaid is basing its hiring determination *at least in part* on the results of a consumer report. Accordingly, it is at this point that ClosetMaid is required to establish a sufficiently long "hold" on any final employment decision until the disclosures required by 15 U.S.C. § 1681b(b)(3) are provided to them and the applicant is given an opportunity to provide an explanation. ClosetMaid's failure to place a hold and provide such disclosures violates § 1681b(b)(3).

## CONCLUSION

Wherefore, it is respectfully requested that ClosetMaid's Motion For Summary Judgment and the Motion To Decertify the Sub-class be over-ruled.  At a minimum, the Motion For Summary Judgment should be denied with respect to the 50 persons ClosetMaid has identified as being subject to an adverse action. See ECF 95 at ¶ 30. It is further respectfully requested that this Court enter partial summary judgment in favor of the Pre-Adverse Action Sub-Class as to liability of Defendant ClosetMaid .

August 2, 2013                                              Respectfully submitted,

By:      /James M. Pietz_____
James M. Pietz
Pa I.D. No. 55406
Pietz Law Office LLC
429 Forbes Ave., Suite 1616
Pittsburgh, Pa. 15219
412-288-4333
jpietz@jpietzlaw.com

Leonard A. Bennett, Esq.
Consumer Litigation Associates
12515 Warwick Boulevard

Newport News, Va. 23606
(757) 930-3660
lenbennett@clalegal.com

Christopher North. Esq.
751-A Thimble Shoals Blvd.
Newport News, Va  23606
(757) 873-1010