IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. CATHY REARDON, on behalf of herself and all similarly situated individuals, | ) | |
| Plaintiffs, | ) | Civil Action No. 08-1730 |
| vs. | ) | Judge Mark R. Hornak |
| CLOSETMAID CORPORATION, | ) | ***Electronically Filed*** |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE**
**TO EXCLUDE EVIDENCE OF ACTUAL DAMAGES INCLUDING THE PURPORTED "IMPACT" OF CLOSETMAID'S ALLEGED NONCOMPLIANCE ON CLASS REPRESENTATIVE REARDON**

Defendant, ClosetMaid Corporation ("ClosetMaid"), by and through its undersigned counsel, hereby moves for an Order *in limine* excluding the introduction of any testimony, documentary evidence or argument related to actual damages, including the purported "impact" of ClosetMaid's alleged Fair Credit Reporting Act ("FCRA") noncompliance on Class Representative Reardon, because such evidence and argument would be inadmissible pursuant to Federal Rules of Evidence 401, 402 and 403.

**MEMORANDUM OF LAW**

It is anticipated that Class Representative Reardon will seek to offer testimony and argument pertaining to the purported "impact" on her of ClosetMaid's alleged willful noncompliance with the FCRA. Such evidence is inadmissible because Reardon and the class of similarly situated individuals she represents have elected to forgo actual damages and instead seek statutory damages of not less than $100 and not more than $1,000" pursuant to 15 U.S.C. § 1681n(a)(1)(A) ("actual damages sustained by the consumer as a result of the failure [to comply] <u>or</u> damages of not less than $100 and not more than $1,000") (emphasis added). Thus, evidence

related to actual damages would be irrelevant and would pose a danger of unfair prejudice, confusing the issues, or misleading the jury.

Evidence pertaining to actual damages, including the purported "impact" of ClosetMaid's alleged willful noncompliance on Class Representative Reardon, is not relevant because it does not have any tendency to make a fact more or less probable than it would be without the evidence; and the fact at issue, actual damages, is of no consequence in determining the action *See* Fed. R. Evid. 401. Evidence pertaining to the purported "impact" of ClosetMaid's alleged willful noncompliance on Class Representative Reardon only would be probative of actual damages, which is not of consequence here because she has chosen not to seek actual damages for herself or other class members. Accordingly, such evidence is not relevant and must be excluded. See Fed. R. Evid. 402.

Even so, to the extent that such evidence is deemed relevant, a contention ClosetMaid disputes, its putatively probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Indeed, relevant evidence may be excluded if its probative value is substantially outweighed by any one of these dangers. *See* Fed. R. Evid. 403. If the jury were permitted to hear evidence about the purported "impact" of ClosetMaid's alleged noncompliance on Class Representative Reardon, the jury would be unfairly allowed to consider evidence of actual damages in its deliberation on the determination of statutory damages even though FCRA expressly permits the recovery of one but not both types of damages and Class Representative Reardon has chosen to forgo actual damages and chose instead to seek statutory damages for herself and the class members in this case. Therefore, such evidence would pose a danger of unfair prejudice, confusion of issues, and misleading the jury and thus compels exclusion pursuant to Fed. R. Evid. 403.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendant ClosetMaid Corporation, respectfully requests that the Court:

(1) GRANT Defendant's Motion *in limine*;

(2) ORDER that Plaintiffs shall not introduce or attempt to introduce, through the testimony of Class Representative Reardon or any witness, or through any documentary records, any evidence of, or make any references to, whether directly or indirectly, the purported "impact" of ClosetMaid's alleged noncompliance on Class Representative Reardon;

(3) ORDER that Class Counsel shall be precluded from making any reference to the purported "impact" of ClosetMaid's alleged noncompliance on Class Representative Reardon in his opening statement, closing argument, or at any other time in the presence of the jury; and

(4) ORDER all other relief that the Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

***/s/ Philip K. Kontul***

W. Scott Hardy, Esq.
PA I.D. No. 79225
scott.hardy@ogletreedeakins.com

Philip K. Kontul, Esq.
PA I.D. No. 94156
philip.kontul@ogletreedeakins.com

One PPG Place
Suite 1900
Pittsburgh, PA 15222-1237
Telephone: (412) 394-3333
Facsimile: (412) 232-1799

Counsel for ClosetMaid Corporation

Dated: November 27, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE PERTAINING TO THE PURPORTED "IMPACT" OF CLOSETMAID'S ALLEGED NONCOMPLIANCE ON CLASS REPRESENTATIVE REARDON was filed electronically on November 27, 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

***/s/ Philip K. Kontul***
Counsel for Defendant