IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. CATHY REARDON, on behalf of herself and all similarly situated individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> CLOSETMAID CORPORATION, <br><br> Defendant. | Civil Action No. 08-1730 <br><br> Judge Mark R. Hornak <br><br> *Electronically Filed* |

**DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE PERTAINING TO EMERSON'S "WORTH"**

Defendant, ClosetMaid Corporation ("ClosetMaid"), by and through its undersigned counsel, hereby moves for an Order *in limine* excluding the introduction of any testimony, documentary evidence or argument related to Emerson's "worth" because such evidence and argument would be inadmissible pursuant to Federal Rules of Evidence 401, 402 and 403.

**MEMORANDUM OF LAW**

It is anticipated that Plaintiffs will seek to offer testimony, documentary records, and argument pertaining to Emerson Electric Co. ("Emerson"), its Commercial & Residential Solutions "segment," and Emerson's "worth" to the extent the jury is permitted to receive evidence regarding punitive damages. While ClosetMaid separately moves for an Order *in limine* to exclude evidence pertaining to punitive damages generally, ClosetMaid files this Motion *in limine* for the separate and more precise purpose of excluding evidence pertaining to the income and worth of non-parties such as Emerson and other companies owned by it. Such evidence is not relevant and would pose a danger of misleading the jury, confusing the issues, and causing unfair prejudice. Such evidence should be excluded from evidence pursuant to Federal Rules of Evidence 401, 402 and 403.

Plaintiffs presumably intend to proffer evidence of aggregated income and "worth" of Emerson, or of a segment of separate companies that Emerson owns, in furtherance of their punitive damages claim. Indeed, in their Pre-Trial Statement, Plaintiffs cite to three non-controlling cases for, *inter alia*, the proposition that a Defendant's income and net worth are relevant factors in this regard. *See* Plaintiffs' Pre-Trial, p. 17. However, Emerson is not a party defendant in this case. *See* Stipulation and Notice of Dismissal entered by Order of the Court at docket at Doc. No. 27 more than four years ago on October 9, 2009.

Other than the fact that ClosetMaid is owned by Emerson, there is no other record evidence linking Emerson to ClosetMaid that would be relevant to this case. Indeed, it is uncontroverted that ClosetMaid is a wholly separate corporate entity with its own management and human resources personnel. Despite this evidentiary record, Plaintiffs intend to offer evidence of Emerson's "worth" including aggregated financial information pertaining to Emerson's Commercial & Residential Solutions "segment" which is comprised of several separate companies that it owns, including but not limited to RIDGID, RIDGID Software Solutions, Ridge Tool Company, InterMetro Industries, InSinkErator, and ClosetMaid. Each of these companies has separate management and each controls their own day-to-day operations and human resource functions. *See* Plaintiffs' Pre-Trial Statement, Supplemental Exhibit List at Exhibit No. 5.

Such evidence is not relevant and should be excluded. *See* Fed. R. Evid. 402.

Even so, to the extent that such evidence is deemed relevant, a contention ClosetMaid disputes, its putatively probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See* Fed. R. Evid. 403. If the jury were permitted to hear testimony about the Emerson's "worth" or aggregated financial information of several separate companies owned by Emerson, then the jury would be unfairly allowed to infer

-3-

that ClosetMaid has more financial resources and "worth" than it actually does. Thus the jury could be misled by such inflated "worth" and potentially punish ClosetMaid at a level disproportionate to its actual income and net worth. Therefore, the danger of confusion of issues, misleading the jury, and unfair prejudice posed by presenting the jury with aggregated financial information pertaining to several companies not owned or controlled by ClosetMaid's compels the exclusion of such evidence pursuant to Fed. R. Evid. 403.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, Defendant ClosetMaid Corporation, respectfully requests that the Court:

(1) GRANT Defendant's Motion *in limine*;

(2) ORDER that Plaintiffs shall not introduce or attempt to introduce, through the testimony of any witness, or through any documentary records, any evidence of or make any references to, whether directly or indirectly, documents, argument and inadmissible testimony pertaining to the income or "worth" of Emerson or any aggregated financial statements, including income or "worth," of any segment of companies owned by Emerson or otherwise;

(3) ORDER that Plaintiffs shall not introduce or attempt to introduce Exhibit No. 5 on its Supplemental ("May Offer") List;

(4) ORDER that Plaintiffs' counsel shall be precluded from making any reference to Emerson's income or "worth," or to financial information aggregating the income or "worth" of any segment of companies owned by Emerson, during his opening statement or closing argument; and

(5) ORDER all other relief that the Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

## */s/ Philip K. Kontul*

W. Scott Hardy, Esq.
PA I.D. No. 79225
scott.hardy@ogletreedeakins.com

Philip K. Kontul, Esq.
PA I.D. No. 94156
philip.kontul@ogletreedeakins.com

One PPG Place
Suite 1900
Pittsburgh, PA  15222-1237
Telephone: (412) 394-3333
Facsimile: (412) 232-1799

Counsel for ClosetMaid Corporation

Dated:  November 27, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EMERSON'S WORTH was filed electronically on November 27, 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Philip K. Kontul*
Counsel for Defendant

16534225.1