IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. CATHY REARDON, on behalf of herself and all similarly situated individuals, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CLOSETMAID CORPORATION, )<br>)<br>Defendant. ) | Civil Action No. 08-1730<br><br>Judge Mark R. Hornak<br><br>***Electronically Filed*** |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT PERTAINING TO PUNITIVE DAMAGES**

Defendant, ClosetMaid Corporation ("ClosetMaid"), by and through its undersigned counsel, hereby moves for an Order *in limine* excluding the introduction of any testimony, documentary evidence or argument pertaining to punitive damages, including, but not limited to, ClosetMaid's income or net worth. Such testimony, documentary evidence, and argument are inadmissible, thereby warranting its exclusion pursuant to Federal Rules of Evidence 401, 402 and 403.

**MEMORANDUM OF LAW**

It is anticipated that Plaintiffs will present testimony, documentary records, and argument to the jury seeking an award of punitive damages. However, there is no basis for an award of punitive damages in this case so any testimony regarding ClosetMaid's income or net worth, or any argument advocating for a punitive award, should be excluded.

As a threshold matter, Plaintiffs cannot seek punitive damages unless, at a minimum, they prove that ClosetMaid's purported noncompliance with the Fair Credit Reporting Act ("FCRA") was willful. *See* 15 U.S.C. § 1681n (providing for actual or statutory damages, and possible punitive damages as the Court may allow, for willful noncompliance) and 15 U.S.C. §

1681o (providing for actual damages for negligent noncompliance). As set forth in ClosetMaid's Motion for Summary Judgment, Plaintiffs cannot proffer evidence sufficient to prove as a matter of law that ClosetMaid's purported noncompliance was willful. Accordingly, any such determination of noncompliance would be, at most, negligent and thus an award of punitive damages would not be statutorily authorized or permitted. *See* 15 U.S.C. § 1681o; *see also Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007) (describing "willful" standard).

Even if Plaintiffs were to establish that ClosetMaid's purported noncompliance was willful, a contention ClosetMaid disputes, any potential award of punitive damages would not be automatic. Rather, 15 U.S.C. § 1681n provides that punitive damages would be awardable "as the court may allow" (emphasis added). Congress' use of "may" rather than "shall" indicates that the potential awarding of this category of damages is at the Court's discretion.

Here, even if Class Representative Reardon can establish willful noncompliance, a contention ClosetMaid disputes, punitive damages are nonetheless not awardable because Class Representative Reardon will not be presenting any evidence of willful concealments, misrepresentations, or any other proofs that would justify an award of punitive damages. In the absence of such evidence, the issue of punitive damages should not be presented to the jury and, as such, evidence of ClosetMaid's income or net worth would not be relevant. Accordingly, such evidence is not relevant and should be excluded. *See* Fed. R. Evid. 401, 402.

To the extent that such evidence is deemed relevant, a contention ClosetMaid disputes, its putatively probative value would be substantially outweighed by the danger of confusion of the issues, misleading of the jury, and unfair prejudice. *See* Fed. R. Evid. 403. If the jury were permitted to hear testimony about ClosetMaid's income and net worth when such information has little or no probative value as to whether ClosetMaid complied *vel non* with the FCRA, then

such probative value, if any, would be substantially outweighed by the dangers preventable by Fed.R.Evid. 403 so such evidence and argument should be excluded.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendant ClosetMaid Corporation, respectfully requests that the Court:

(1) GRANT Defendants' Motion *in limine*;

(2) ORDER that Plaintiffs shall not introduce or attempt to introduce, through the testimony of any witness, or through any documentary records, any evidence of or make any references to, whether directly or indirectly, documents, argument and testimony pertaining to ClosetMaid's income or net worth or an award of punitive damages;

(3) ORDER that Plaintiffs' counsel shall be precluded from making any reference to ClosetMaid's income or net worth, from any request or demand for punitive damages, and from proffering a calculation for determining punitive damages; and

(4) ORDER all other relief that the Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

### */s/ Philip K. Kontul*

W. Scott Hardy, Esq.
PA I.D. No. 79225
scott.hardy@ogletreedeakins.com

Philip K. Kontul, Esq.
PA I.D. No. 94156
philip.kontul@ogletreedeakins.com

One PPG Place
Suite 1900
Pittsburgh, PA  15222-1237
Telephone: (412) 394-3333
Facsimile: (412) 232-1799

Counsel for ClosetMaid Corporation

Dated:  November 27, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing DEFENDANT'S MOTION IN LIMINE EXCLUDING EVIDENCE AND ARGUMENT PERTAINING TO PUNATIVE DAMAGES was filed electronically on November 27, 2013.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Philip K. Kontul*
Counsel for Defendant

16537238.1