IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. CATHY REARDON<br>On behalf of herself and all<br>similarly situated individuals, | )<br>)<br>) | No. 2:08-cv-001730-MRK |
| Plaintiffs, | )<br>) | Judge Mark R. Hornak |
| v. | )<br>)<br>) | *Electronically Filed* |
| CLOSETMAID CORPORATION, | )<br>) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE FTC STAFF OPINION LETTERS**

Defendant, ClosetMaid Corporation ("ClosetMaid"), by and through its undersigned counsel, hereby moves for an Order *in limine* excluding evidence of FTC Staff Opinion Letters and other FTC publications.

**MEMORANDUM OF LAW**

It is anticipated that Plaintiffs will attempt to present testimony and documentary evidence of certain Federal Trade Commission ("FTC") Staff Opinion Letters that opine on the interpretation of specified provisions of the Fair Credit Reporting Act ("FCRA") and apply those interpretations to specific circumstances presented by the companies who requested such opinions. Notably, Plaintiffs' Pre-Trial Statement identifies the following FTC Opinion Letters and other publications issued by the FTC, as follows:

Plaintiff Ex. No. 2    FTC Staff Opinion of William Haynes to Richard W. Hauxwell, CEO of Accufax (June 12, 1998)

Plaintiff Ex. No. 3    FTC Staff Opinion of Cynthia S. Lamb to Richard L. Steer of Jones, Hirsch, Connors & Bull, P.C. (October 21, 1997)

Plaintiff Ex. No. 11   FTC Staff Opinion of William Haynes to Harold R. Hawley, Esq. of the Employers Association of New Jersey. (December 18, 1997)

    Plaintiff Ex. No. 12    FTC Staff Opinion of William Haynes to A. Michael Rosen, Esq., Senior Vice President and General Counsel to Background America, Inc. (June 9, 1998)

    Plaintiff Ex. No. 13    FTC FACTS for Business: Using Consumer Reports: What Employers Need To Know." (1999)

    Presumably, Plaintiffs intend to proffer these FTC Staff Opinions and publications in an attempt to instruct the jury as to the meaning and interpretation of certain applicable provisions of the FCRA. Doing so would be improvident because the Court, and not parties, their witnesses, or documentary evidence, instructs the jury on the law. Even so, these materials are not binding on this Court nor are they entitled to deference. *See e.g., Goode v. LexisNexis Risk & Info. Analytics Group, Inc.*, 848 F. Supp. 2d, 532, 541 (E.D. Pa. 2012) (holding that "agency interpretations, like this FTC Staff Report that do not carry the 'force of law' are 'entitled to respect'…but only to the extent that they are persuasive"). Interpretations such as those in opinion letters—like interpretations contained in policy statements, agency manuals, and enforcement guidelines all of which lack the force of law—do not warrant *Chevron*-style deference. *Goode*, 848 F. Supp. 2d at 542 (*citing Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000)); *see also Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, (1984); *Safeco Insurance Company of America v. Burr*, 551 U.S. 47, 70 and n. 19 (2007).

    Plaintiffs may also attempt to proffer these FTC materials in furtherance of their contention that ClosetMaid's purported noncompliance with the FCRA was willful. However, the U.S. Supreme Court has already addressed this specific issue and determined that such materials, FTC Staff Opinions in particular, are not relevant for determining whether a business willfully failed to comply with the FCRA. Indeed, in *Safeco*, the U.S. Supreme Court expressly held that FTC Staff Opinions were merely an informal staff opinion not binding on the FTC,

"which in any case has only enforcement responsibility, not substantive rulemaking authority . . . ." 551 U.S. 47, 70 and n. 19.  In the case *sub judice*, Plaintiffs seek to introduce the very same type of non-binding staff opinions which expressly disclaim: "The views that are expressed above are those of the [FTC's] staff and not the views of the [FTC] itself."

Moreover, the FTC Staff Opinions at issue seek to apply non-authoritative interpretations of the FCRA to specific businesses presenting their specific factual circumstances, not all of which are known or otherwise apparent.  By way of example, in the July 12, 1998 FTC Staff Opinion expressed by Mr. Hanes to the CEO of Accufax, it is apparent that the opinion-seeker was a consumer reporting agency, and not an employer like ClosetMaid. It is also expressly apparent that the CEO of this consumer reporting agency requested such an opinion because the "language of the law is confusing."  Importantly, however, while Mr. Haynes expresses his opinion (and not that of the FTC) that Accufax's inclusion of a waiver in a disclosure form would violate the FCRA, Mr. Haynes' letter does not quote or otherwise divulge the waiver language he is assessing.  We have no way of discerning if or whether the waiver Accufax presented to Mr. Haynes was similar to or different from the language used in some of ClosetMaid's forms.

Plaintiffs' proposed Exhibit No. 13 "FTC FACTS for Business: Using Consumer Reports: What Employers Need To Know" (1999) and "FTC Facts for Consumers" (2010) pose even more problems that necessitate their exclusion, or at least certain redactions.  These apparent FTC publications attempt to describe the FCRA and such rendering is not accurate in all respects.  One glaring example appears at page 2 of "FTC Facts for Consumers."  Here, the document reads, in part:

> Pre-Adverse Action Procedures. If an employer <u>might use information from a credit or other background report</u> to take

> "adverse action" – say, to deny your application for employment . . . – he must give you a copy of the report and a document called A Summary of Your Rights Under the Fair Credit Reporting Act (ftc.gov/bcp/edu/pubs/consumer/credit/cre35.pdf) before taking the averse action.

(emphasis added). The language in this excerpt misapprehends and incorrectly describes the causation standard applicable to the Pre-Adverse Action Sub-Class in the case *sub judice*. Indeed, in order for Class Representative Reardon and the Pre-Adverse Action Sub-Class to prove noncompliance, they must prove that ClosetMaid failed to comply with 15 U.S.C. §1681b(b)(3), which provides:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, *before taking any adverse action based in whole or in part on the report*, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> (i)    A copy of the report; and
>
>   (ii)    A description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681g(c)(3) of this title.

*See* 15 U.S.C. §1681b(b)(3) (emphasis added). Again, the U.S. Supreme Court in *Safeco* affords controlling direction here by holding that the FCRA's "based in whole or in part on" language requires proof of a "but-for causal relationship and thus a necessary logical condition." *Safeco*, 551 U.S. 47, 63-64. 127 S.Ct. 2201, 2212 ("Since the statute does not explicitly call for notice when a business acts adversely merely after consulting a [consumer] report, conditioning the requirement on action 'based . . . on' a report suggests that the duty . . . arises from some practical consequence of reading the [consumer] report, not merely some subsequent adverse occurrence that would have happened anyway . . . And if examining [consumer] reports that

4

make no difference was supposed to trigger a reporting requirement, it would be hard to find any practical point in imposing the 'based . . . on' restriction. So it makes more sense to suspect that Congress meant to require notice and prompt a challenge by the consumer only when the consumer would gain something if the challenge succeeded"); *see also Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, __ U.S. __, 133 S.Ct. 2517, 2526 (2013).

Unfortunately, the offending excerpt in Plaintiffs' proposed Exhibit No. 13 suggests a "might use" standard as opposed to the much higher "but-for" standard actually imposed by the U.S. Supreme Court in *Safeco*.

*       *       *

The presentation of such so-called "evidence" would impinge upon the sole province of the Court, it would confuse the issues and mislead the jury, and it would unfairly prejudice ClosetMaid. Accordingly, such materials should be excluded. *See* Fed.R.Evid. 401, 402, 403.

**CONCLUSION**

For these reasons, ClosetMaid respectfully asks the Court:

(1)   GRANT Defendant's Motion *in limine*;

(2)   ORDER that Plaintiff shall not introduce, or attempt to introduce, through any documentary record, any evidence of or make any references to, whether directly or indirectly, FTC Staff Opinion Letters or incorrect excerpts from other FTC publications;

(3)   ORDER that Plaintiff's counsel shall be precluded from making any references to FTC Staff Opinion Letters during opening statement, closing argument or otherwise; and

(4)   ORDER all other relief that the Court deems just and proper.

Dated: November 27, 2013             Respectfully submitted,

                                          **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

                                          ***/s/ Philip K. Kontul***
                                          W. Scott Hardy, Esquire
                                          PA I.D. No. 79225
                                          scott.hardy@ogletreedeakins.com

                                          Philip K. Kontul, Esquire
                                          PA I.D. No. 94156
                                          philip.kontul@ogletreedeakins.com

                                          One PPG Place
                                          Suite 1900
                                          Pittsburgh, PA 15222
                                          Telephone: (412) 394-3333
                                          Facsimile: (412) 232-1799

                                          Attorneys for Defendant ClosetMaid Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing DEFENDANT'S MOTION IN LIMINE TO EXCLUDE FTC STAFF OPINION LETTERS was filed electronically on November 27, 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Philip K. Kontul*
Counsel for Defendant

16538453.1