IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. CATHY REARDON, on behalf of herself and all similarly situated individuals, ) ) ) | |
| Plaintiffs, ) | Civil Action No. 08-1730 |
| ) | |
| vs. ) | Judge Mark R. Hornak |
| ) | |
| CLOSETMAID CORPORATION, ) ) | ***Electronically Filed*** |
| Defendant. ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
PERTAINING TO CLASS MEMBERS' EXECUTION OF ONE FORM**

Defendant, ClosetMaid Corporation ("ClosetMaid"), by and through its undersigned counsel, hereby moves for an Order *in limine* excluding testimony, documents and argument pertaining to members of the Disclosure Class who signed one of ClosetMaid's Fair Credit Reporting Act ("FCRA") forms because Class Representative Reardon admittedly executed two different forms.

Pursuant to Federal Rule of Civil Procedure 23, Class Representative Reardon may represent only those Disclosure Class members whose claims present common issues of law or fact and her claims must be typical of those individuals that she seeks to represent. See FED. R. CIV. P. 23(a)(1-4). Moreover, those common questions of law or fact must predominate over questions affecting individual class members. See FED. R. CIV. P. 23(b)(3).

Here, it is undisputed that Class Representative Reardon signed two forms, while other members of the Disclosure Class executed only one form. As such, Class Representative Reardon cannot represent or otherwise advance the claims of Disclosure Class members whose claims are not common or typical of her claims, or where questions affecting individual class members predominate over common questions.

Accordingly, documentary records, argument and testimony regarding Disclosure Class Members who signed one form constitutes inadmissible evidence, thereby warranting its exclusion pursuant to Federal Rules of Evidence 402 and 403.

## MEMORANDUM OF LAW

It is anticipated that Plaintiffs will seek to offer documentary records, argument and testimony pertaining to Disclosure Class members who signed one form. It is undisputed, however, that Class Representative Reardon signed two separate forms. Accordingly, Class Representative Reardon claims, as class representative, are separate and distinct from many of those individuals she seeks to represent in this action. Indeed, the questions of law or fact inherent in Ms. Reardon's claims relating to her execution of two separate forms, are atypical and distinct from those members of the Disclosure Class who signed only one form. Moreover, ClosetMaid's defenses to claims asserted by Ms. Reardon are separate and distinct from those asserted in response to claims by those members of the Disclosure Class who signed one form. See FED. R. CIV. P. 23(a)(1-4).

Similarly, individual questions regarding Ms. Reardon's claims and corresponding defenses based upon her execution of two forms vary from the questions regarding the claims and corresponding defenses to other Disclosure Class members' execution of one form, and these individual questions predominate over any single question of law or fact. See FED. R. CIV. P. 23(b)(3).

For these reasons, evidence pertaining to ClosetMaid's use of one form for certain applicants and the execution of such form by those Disclosure Class members should be excluded from evidence because it is irrelevant to Class Representative Reardon's claims because she undisputedly signed two forms. See FED. R. EVID. 402.

Moreover, the use of evidence pertaining to ClosetMaid's use of one form should also be excluded pursuant to Federal Rule of Evidence 403. The introduction of such evidence, because it does not pertain to the claims of the Class Representative Reardon, would cause unfair prejudice to ClosetMaid, and confuse the issues and mislead the jury regarding the claims asserted in the case, and the defenses thereto, thus substantially outweighing any probative value. This is particularly true because Class Representative Reardon would be seeking the entry of liability and damages based upon evidence unrelated to her and those members of the Disclosure Class who are similarly situated. Therefore, evidence regarding ClosetMaid's use of a single FCRA Authorization Form should be excluded.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, Defendant ClosetMaid Corporation, respectfully requests that this Court:

(1)     GRANT this Motion;

(2)     ORDER that Plaintiffs shall not introduce or attempt to introduce, through the testimony of any witness, or through any documentary records, any evidence of or make any references to, whether directly or indirectly, documents, argument and the testimony pertaining to Disclosure Class members who executed one form;

(3)     ORDER that Plaintiffs' counsel shall be precluded from making any reference to the execution by Disclosure Class members of one form; and

(4)     ORDER all other relief that the Court deems just and proper.

    Respectfully submitted,

    **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

    ***/s/ Philip K. Kontul***
    W. Scott Hardy, Esq.
    PA I.D. No. 79225
    scott.hardy@ogletreedeakins.com

    Philip K. Kontul, Esq.
    PA I.D. No. 94156
    philip.kontul@ogletreedeakins.com

    One PPG Place
    Suite 1900
    Pittsburgh, PA  15222-1237
    Telephone: (412) 394-3333
    Facsimile: (412) 232-1799

    Counsel for ClosetMaid Corporation

Dated:  November 27, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE PERTAINING TO CLASS MEMBERS' EXECUTION OF ONE FORM** was filed electronically on November 27, 2013.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


**/s/ Philip K. Kontul**
Counsel for Defendant

16538611.1