IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. CATHY REARDON, on behalf of herself and all similarly situated individuals, ) ) ) Plaintiffs, ) ) vs. ) ) CLOSETMAID CORPORATION, ) ) Defendant. ) | Civil Action No. 08-1730<br><br>Judge Mark R. Hornak<br><br>*Electronically Filed* |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE
AND ARGUMENT REGARDING INVESTIGATIVE CONSUMER REPORTS**

Defendant, ClosetMaid Corporation ("ClosetMaid"), by and through its undersigned counsel, hereby moves for an Order *in limine* excluding testimony or argument regarding "investigative consumer reports" as referenced in page 6 of Plaintiffs' Pretrial Statement.

Such evidence and argument should be excluded because Plaintiffs did not plead any violations of the investigative consumer report provisions of the Fair Credit Reporting Act ("FCRA"), nor did Plaintiffs proffer evidence that ClosetMaid ever procured and used investigative consumer reports. Indeed, the Disclosure Class and Pre-Adverse Action Sub-Class are comprised of ClosetMaid's job applicants who signed one or more forms and were the subject of a consumer report, not an investigative consumer report. Such evidence is not relevant, germane, or otherwise probative of the claims asserted in this case. See FED. R. CIV. P. 402, 403.

**MEMORANDUM OF LAW**

It is anticipated that Plaintiffs will seek to offer documentary records, argument and testimony regarding the purported absence of notice regarding "investigative consumer reports". See Plaintiffs' Pretrial Statement, p. 6. Evidence and argument regarding "investigative consumer reports" should be excluded because Plaintiffs have neither pled nor proffered

evidence that ClosetMaid procured or used investigative consumer reports and any such claims are beyond the scope of class certification.

Moreover, the claims asserted in this case do not refer or relate to the use of investigative consumer reports; rather, issues relating to investigative consumer reports are addressed in other FCRA provisions, wholly irrelevant to this case.

The allegations contained in Plaintiffs' Complaint, and the claims advanced in this litigation relate only to certain Disclosure & Authorization Forms utilized by ClosetMaid in procuring "consumer reports" (related to the Disclosure Class) and certain actions taken by ClosetMaid in purportedly relying on those consumer reports in making certain hiring decisions (related to some members of the Pre-Adverse Action Sub-Class). However, neither of these claims relate in any way to the use of investigative consumer reports.

In addition, as mentioned, Plaintiffs have not proffered any evidence to the Court that ClosetMaid procured or used investigative consumer reports or otherwise alleged any claims regarding investigative consumer reports. Indeed, the issue of investigative consumer reports is wholly irrelevant and immaterial to the allegations and claims in this case.

Accordingly, any evidence regarding investigative consumer reports, ClosetMaid's contemplated use of such reports, or any obligations imposed by the FCRA for procuring and using such reports should be excluded because such evidence is irrelevant. See FED. R. CIV. P. 402.

In addition, and in the alternative, evidence regarding investigative consumer reports should be excluded because any probative value that it may have is substantially outweighed by the danger of misleading and confusing the jury regarding the legal and factual issues in this case, particularly because Plaintiffs advance no claims regarding investigative consumer reports. See FED. R. CIV. P. 403.

-3-

Therefore, ClosetMaid respectfully requests that this Court enter an order precluding Plaintiffs from introducing evidence regarding investigative consumer reports and precluding Plaintiffs' counsel from making any reference to investigative consumer reports.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, Defendant ClosetMaid Corporation, respectfully requests that this Court:

(1) GRANT this Motion;

(2) ORDER that Plaintiffs shall not introduce or attempt to introduce, through the testimony of any witness, or through any documentary records, any evidence of or make any references to, whether directly or indirectly, documents, or argument regarding investigative consumer reports;

(3) ORDER that Plaintiffs' counsel shall be precluded from making any reference to investigative consumer reports; and

(4) ORDER all other relief that the Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

***/s/ Philip K. Kontul***

W. Scott Hardy, Esq.
PA I.D. No. 79225
scott.hardy@ogletreedeakins.com

Philip K. Kontul, Esq.
PA I.D. No. 94156
philip.kontul@ogletreedeakins.com

One PPG Place
Suite 1900
Pittsburgh, PA  15222-1237
Telephone: (412) 394-3333
Facsimile: (412) 232-1799

Counsel for ClosetMaid Corporation

Dated:  November 27, 2013

-4-

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING INVESTIGATIVE CONSUMER REPORTS** was filed electronically on November 27, 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Philip K. Kontul*
Counsel for Defendant

16540356.1