UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| R. CATHY REARDON ) | | |
| On behalf of herself and all ) | | |
| similarly situated individuals, ) | | |
| ) | | |
| Plaintiffs, ) | | Civil Action No. 2:08-cv-1730MRK |
| v. ) | | |
| CLOSETMAID CORPORATION, ) | | Hon. Judge Mark R. Hornak |
| ) | | |
| Defendant. ) | | Class Action |

## ORDER

AND NOW, on this _____ day of _____ 2013, upon consideration of Plaintiff's Motion *In Limine* to bar the Relitigation of Class Certification, and Defendant's response in opposition thereto, it is hereby ORDERED that the Motion is GRANTED.

Defendant ClosetMaid Corporation ("*ClosetMaid*") is precluded from offering any evidence or argument at trial that asks the jury to reconsider the elements of Fed. R. Civ. P. 23 already established on class certification and determined by the Court's April 27, 2011 Order. (Docket No. 51), specifically as follows:

- "ClosetMaid's hiring process was not a 'linear process' and as such, every position and every candidate is different and handled individually." Docket No. 139, at 3.

- "ClosetMaid rejected applicants based in whole or in part on the contents of their consumer reports in only a handful of instances." *Id*.

- "Moreover, in all but a few isolated instances, ClosetMaid never based its hiring decisions in whole or in part on the content of its applicants' consumer reports." *Id*. at 8.

- "Whether Class Representative Reardon can adequately represent class members

2

who did not signed the same Disclosure and Authorization forms as she signed [, and] [w]hether Class Representative Reardon can adequately represent sub-class members who did not experience an adverse employment action or who did not experience an adverse employment action based in whole or in part on the contents of their consumer report." *Id*. at 17.

_____
**Hon. Judge Mark R. Hornak**