UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| R. CATHY REARDON<br>On behalf of herself and all<br>similarly situated individuals, | )<br>)<br>)<br>) | |
| Plaintiffs, | ) | Civil Action No. 2:08-cv-1730MRK |
| v. | ) | |
| CLOSETMAID CORPORATION, | ) | Hon. Judge Mark R. Hornak |
| | ) | |
| Defendant. | ) | Class Action |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION IN LIMINE TO BAR THE
<u>RELITIGATION OF CLASS CERTIFICATION</u>**

Comes Now the Plaintiff, R. Cathy Reardon ("Reardon"), on behalf of herself and the class, and in support of her Motion in Limine to Bar the Relitigation of Class Certification, she states as follows:

**ARGUMENT**

**DEFENDANT SHOULD BE PROHIBITED FROM ATTEMPTING TO RELITIGATE CLASS CERTIFICATION BEFORE THE JURY**.

Plaintiff moves in limine to bar any argument that asks the jury to reconsider the elements of Fed. R. Civ. P. 23 already established on class certification and determined by the Court's April 27, 2011 Order. (Docket No. 51). The Court has already determined, and Defendant has not appealed or obtained reconsideration of dispositive facts and issues of law necessarily established "by a preponderance of the evidence." *Reardon v. Closetmaid Corp.*, CIV.A. 08-1730, 2011 WL 1628041 (W.D. Pa. Apr. 27, 2011). For example, as to numerosity, the Court stated:

> There is no dispute that the class meets the Rule 23(a)(1) numerosity requirement. Defendant contends, however, that the subclass fails to have the requisite number of potential class members. Defendant contends that there are only four (4) members of the subclass, that is to say, there are only four (4) individuals including plaintiff who were denied employment solely because of the derogatory information contained in their credit report.
> […]
> The factual dispute is whether there were any other class members who were not hired because of information contained in their consumer report. As to the factual dispute, the record at this stage indicates that there are more than forty (40) potential members of the subclass. If it later becomes clear that there are fewer than forty (40) members of the subclass, ClosetMaid is free to move for decertification or, if appropriate, summary judgment.

*Reardon v. Closetmaid Corp.*, CIV.A. 08-1730, 2011 WL 1628041 (W.D. Pa. Apr. 27, 2011). The Court reached similar factual conclusions as to each other element of class certification. In each instance in which Defendant had asserted a factual dispute, the Court concluded that such dispute could be considered if at all on a motion to decertify the class.

Notwithstanding this posture, for its Pre-Trial Statement ClosetMaid has stated amongst its intended trial issues the litigation, or relitigation, of a number of factual questions relevant solely as to Rule 23 class certification. For example without limitation, it seeks to try these Rule 23(a) typicality, numerosity and adequacy facts or issues:

- "ClosetMaid's hiring process was not a 'linear process' and as such, every position and every candidate is different and handled individually." Docket No. 139, at 3.

- "ClosetMaid rejected applicants based in whole or in part on the contents of their consumer reports in only a handful of instances." *Id*.

- "Moreover, in all but a few isolated instances, ClosetMaid never based its hiring decisions in whole or in part on the content of its applicants' consumer reports." *Id*. at 8.

- "Whether Class Representative Reardon can adequately represent class members who did not signed the same Disclosure and Authorization forms as she signed [, and] [w]hether Class Representative Reardon can adequately represent sub-class members who did not experience an adverse employment action or who did not experience an adverse employment action based in whole or in part on the contents of their consumer report." *Id*. at 17.

The *law of the case* doctrine supports "finality and judicial economy" by limiting a court's discretion to reconsider issues previously decided in a case. *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.,* 123 F.3d 111, 116 (3d Cir.1997). The Court may revisit prior decisions only in "extraordinary circumstances," where there is (1) new evidence available, (2) a supervening change in the law, or (3) an earlier decision that is "clearly erroneous and would create manifest injustice." *Titus v. Shearer*, 498 B.R. 508, 517 (W.D. Pa. 2013) (citations omitted). Rule 23(c)(1)(C) provides a narrow exception permitting the Court discretion to amend or alter a class certification order. Fed. R. Civ. P. 23(c)(1)(C). However, even then, "[W]hen seeking decertification of a class, the defendant bears a heavy burden to show that there exist clearly changed circumstances that make continued class action treatment improper." *In re Atlantic Financial Federal Securities Litigation*, 1992 WL 50072, *2 (E.D. Pa. 1992)). *See also Barkouras v. Hecker*, 2007 WL 4545896, *1 (D.N.J. 2007) ("The party seeking to decertify a class action has the burden of showing 'changed circumstances' that would warrant the decertification of the class action.").

ClosetMaid has moved to decertify or narrow the class. That motion may be granted or may not. But either way, the law of the case will be that the Plaintiff has

satisfied the elements of Rule 23.[1] The time to litigate these issues is past. They are matters solely within the purview of the Court – not the jury. And Defendant should not be permitted to confuse or obstruct the trial of the case on its merits in its ongoing effort to relitigate class certification.

Respectfully submitted,

By: *s/ James M. Pietz*
James M. Pietz
Pa I.D. No. 55406
Pietz Law Office LLC
429 Forbes Ave., Suite 1710
Pittsburgh, PA 15219
412-288-4333
E-mail: jpietz@jpietzlaw.com

Leonard A. Bennett, Esq.
Consumer Litigation Associates
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, VA 23601
(757) 930-3660
E-mail: lenbennett@clalegal.com

Christopher North. Esq.
751-A Thimble Shoals Blvd.
Newport News, VA 23606
(757) 873-1010
E-mail: cnorthlaw@aol.com

*Counsel for the Representative And Class Plaintiff*

---

[1] The Court likely also notes that ClosetMaid did not appeal the Court's class certification order.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 27th day of November, 2013, I caused a true and correct copy of Plaintiff's Memorandum in Support of Plaintiff's Motion In Limine to Bar the Relitigation of Class Certification be served by way of ECF Notification upon the following counsel of record for the Defendant:

W. Scott Hardy
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  scott.hardy@ogletreedeakins.com

Philip K. Kontul
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  Philip.kontul@ODNSS.com


                                      *s/ James M. Pietz*
                                      James M. Pietz
                                      Pa I.D. No. 55406
                                      Pietz Law Office LLC
                                      429 Forbes Ave., Suite 1710
                                      Pittsburgh, PA 15219
                                      412-288-4333
                                      E-mail:  jpietz@jpietzlaw.com