IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. CATHY REARDON, on behalf of herself and all similarly situated individuals, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CLOSETMAID CORPORATION, )<br>)<br>Defendant. ) | Civil Action No. 08-1730<br><br>Judge Mark R. Hornak<br><br>*Electronically Filed* |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
SUBSEQUENT REMEDIAL MEASURES**

Defendant, ClosetMaid Corporation ("ClosetMaid"), by and through its undersigned counsel, hereby moves for an Order *in limine* excluding testimony, documents, or argument for the purpose of proving that ClosetMaid's change to a single Authorization & Disclosure Form on July 1, 2009 is evidence that its previous forms were noncompliant with the Fair Credit Reporting Act ("FCRA"). Indeed, ClosetMaid's change on July 1, 2009 is a subsequent remedial measure pursuant to Federal Rule of Evidence 407 and its change to such a form cannot be used to prove that the forms it used prior thereto were noncompliant with the FCRA or otherwise evidence of culpable conduct as a matter of law.

**MEMORANDUM OF LAW**

It is anticipated that Plaintiffs will seek to offer testimony, documentary records, and argument regarding ClosetMaid's change to the use of a new Authorization & Disclosure Form on July 1, 2009 for the purpose of attempting to prove that such a change is evidence of prior violations of the FCRA. However, offering such evidence to prove prior violations of the FCRA is expressly prohibited by Federal Rule of Evidence 407.

Federal Rule of Evidence 407 expressly provides that "when measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: …culpable conduct …" FED. R. EVID. 407.

In this case, it is undisputed that ClosetMaid made certain changes to its Authorization & Disclosure Form, by implementing a new form for use beginning on July 1, 2009, after this action had been filed challenging whether its prior forms were FCRA-compliant. It is also undisputed that Class Counsel has not alleged any purported violations of the FCRA with regard to ClosetMaid's new form. Accordingly, ClosetMaid's use of the new form cannot then be used as evidence of earlier purported violations of the FCRA because it is a subsequent remedial measure, barred from evidence at trial pursuant to Federal Rule of Evidence 407.

ClosetMaid respectfully requests that this Court enter an order excluding Plaintiffs from introducing evidence of ClosetMaid's July 1, 2009 form for the purposes of proving that ClosetMaid's use of other forms violated the FCRA.

Finally, to the extent ClosetMaid's July 1, 2009 form is introduced to the jury for some proper and admissible purpose, then ClosetMaid further requests that this Court issue a limiting instruction to the jury directing them that consideration of the change to the July 1, 2009 form cannot be used as a basis to establish determine that earlier forms were noncompliant.

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Defendant ClosetMaid Corporation, respectfully requests that this Court:

(1)   GRANT this Motion;

(2)   ORDER that Plaintiffs shall not introduce or attempt to introduce, through the testimony of any witness, or through any documentary records, any evidence of or make any references to, whether directly or indirectly, documents, or argument in an

-3-

        attempt to prove that ClosetMaid's use of a new Disclosure & Authorization Form beginning on or about July 1, 2009 is evidence that its previously used forms were noncompliant with FCRA;

(3)     INSTRUCT the jury that it cannot rely upon or otherwise infer that ClosetMaid's change to a different Authorization & Disclosure Form on July 1, 2009 is evidence that its previously used forms were noncompliant with FCRA; and

(4)     ORDER all other relief that the Court deems just and proper.

-4-

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

### */s/ Philip K. Kontul*

W. Scott Hardy, Esq.
PA I.D. No. 79225
scott.hardy@ogletreedeakins.com

Philip K. Kontul, Esq.
PA I.D. No. 94156
philip.kontul@ogletreedeakins.com

One PPG Place
Suite 1900
Pittsburgh, PA  15222-1237
Telephone: (412) 394-3333
Facsimile: (412) 232-1799

Counsel for ClosetMaid Corporation

Dated:  November 27, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE SUBSEQUENT REMEDIAL MEASURES** was filed electronically on November 27, 2013.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

**/s/ Philip K. Kontul**
Counsel for Defendant

16540340.1