UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| R. CATHY REARDON<br>On behalf of herself and all<br>similarly situated individuals, | )<br>)<br>)<br>) | |
| Plaintiffs, | ) | Civil Action No. 2:08-cv-1730MRK |
| v. | ) | |
| CLOSETMAID CORPORATION, | ) | Hon. Judge Mark R. Hornak |
| | ) | |
| Defendant. | ) | Class Action |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S
OMNIBUS MOTION *IN LIMINE*__**

Class Representative Plaintiff, R. Cathy Reardon, by and through her undersigned counsel, on behalf of the Class, has moved the Court to find *in limine* to preclude the Defendant ClosetMaid Corporation ("ClosetMaid") from offering evidence or argument at trial concerning the following matters. She states the following as her Memorandum in Support:

**ARGUMENT**

**A.   DEFENDANT SHOULD BE PROHIBITED FROM ARGUING THAT BECAUSE MS. REARDON SIGNED TWO DIFFERENT DISCLOSURE FORMS, THE FORMS WERE "CLEAR AND CONSPICUOUS" AS REQUIRED BY THE FCRA.**

Defendant has stated its intent to suggest that its use of multiple forms somehow cancelled out its noncompliance. ClosetMaid's apparently intends to argue that the use of two forms provided enhanced disclosure.  This is mistaken for two reasons. First, as established in Plaintiff's opposition to Defendant's Motion for Summary Judgment

(Docket No. 100, at 17), the uncontroverted evidence is that ClosetMaid's FCRA Authorization NIOCCR form was implemented sporadically and then discontinued. Second, the disclosure provided by the FCRA Authorization NIOCCR form was legally insufficient because it failed to disclose the intention to also obtain an "investigative consumer report".  By contrast, the ClosetMaid FCRA Information/Consent form disclosed that ClosetMaid intended to obtain an "investigative consumer report" as defined by 15 U.S.C.A. § 1681a. Accordingly, the FCRA Authorization NIOCCR form did not operate as a legally sufficient form of disclosure as to the nature and type of consumer report that ClosetMaid intended to procure.

ClosetMaid should also be precluded from arguing that one form signed by Ms. Reardon is a "disclosure" and the other is an "authorization."  ClosetMaid argues that the Waiver Of Rights to which Plaintiffs' object contained in the "authorization" form and not the "disclosure" form, and therefore, the release is not clearly prohibited since § 1681b(b)(2)(A)(ii) does not contain the "consist solely" provision. This is a misrepresentation of ClosetMaid's own forms and practices. Both forms include FCRA disclosures about the nature and scope of consumer reports to be obtained. Cf. Docket No. 16-1, at 3 and Docket No. 16-1, at 5. Both forms have separate blocks for consumer signatures for obtaining authorization. *Id*. Both forms are referred to as "authorization" forms. *Id*. Thus, both forms are intended to be combined disclosure/ consent forms used to provide the disclosure required by § 1681b(b)(2)(A)(ii) and the authorization required by §1681b(b)(2)(ii). As § 1681b(b)(2)(ii) specifically provides, ". . . authorization may be made on the document referred to in clause (i)". 15 U.S.C. § 1681b(b)(2)(A)(ii).

Defendant's theoretical assertions regarding the "two forms" defense are unsupported by the evidence and are therefore improper. To the extent there is any marginal relevance of the existence of two forms, it is overwhelmed by the greater potential to confuse the issues and mislead the jury. Fed. R. Evid. 403.

**B.   ANY EVIDENCE OR ARGUMENT (1.) REARDON OR CLASS MEMBERS "KNEW" THAT A CONSUMER REPORT WOULD BE OBTAINED BY CLOSETMAID, OR (2.) THAT MS. REARDON OR THE CLASS HAS A BURDEN TO SHOW ANY FORM OF ACTUAL DAMAGES**.

Plaintiff and the Class are pursuing a claim for ClosetMaid's willful violation of the FCRA. 15 U.S.C. § 1681n. A prevailing consumer is entitled to statutory damages between $100 and $1,000, and punitive damages as the jury may find and the Court may allow. *Id*. Actual damages are not a prerequisite to recover for a willful FCRA violation. *Murray v. GMAC Mortgage Corp*., 434 F.3d 948, 952-54 (7th Cir. 2006) (consumer may recover FCRA statutory damages even in case of no actual damages). ClosetMaid should be precluded from offering any evidence or making any argument at trial that Ms. Reardon or the Class have a burden or need to show any form of actual damages or concerning the fact that Plaintiff Reardon and the Class are not pursuing a claim for actual damages.

ClosetMaid should not be allowed to refer to a claim for actual damages that Plaintiff and the Class have not brought. Such evidence is irrelevant. Evidence is relevant only if "tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Because the Class is not seeking actual damages, they are

3

not relevant to the issues to be decided by the jury. The only issues for the jury are whether ClosetMaid willfully failed to comply with the FCRA and the amount of statutory damages. A consumer making a claim for a willful violation of the FCRA may recover statutory damages even if there are no "identifiable or measurable actual damages." *Beaudry v. Telecheck Servs., Inc.*, 579 F.3d 702, 705-06 (6th Cir. 2009).

This Court has already addressed the issue, adhering to precedent and holding that consumers in a class action may seek statutory damages under section 1681n for willful violations without any proof of actual damages. *Reardon v. ClosetMaid Info. Servs. LLC*, 256 F.R.D. 492, 496, 499-500 (E.D. Pa. 2009). See also; *Follman v. Village Squire, Inc.*, C.A. No. 07-C-3767, 2007 WL 4522614, at *5 (N.D. Ill. Dec. 18, 2007) (in FCRA class action, finding that "[t]he only reasonable interpretation of section 1681n is . . . a showing of actual harm is not necessary to pursue statutory damages"); *Williams v. LexisNexis Risk Management Inc.*, C.A. No. 3:06cv241, 2007 WL 2439463, at *9 (E.D. Va. Aug. 23, 2007) (statutory damages case against CRA); *Blanco v. El Pollo Loco, Inc.*, C.A. No. CV 07-54 JVSRNBX, 2007 WL 1113997, at *2 (C.D. Cal. Apr. 3, 2007) ("section 1681n contains no such requirement" of actual harm).

Plaintiff Reardon and the Class have made this case less complex, with less factual issues for the jury, by choosing not to pursue actual damages. This Court should not allow ClosetMaid to needlessly complicate the issues by offering irrelevant and confusing evidence concerning actual damages or an actual damages claim that is not part of the case.

Defendant has argued on summary judgment and in its Pre-Trial Statement that Ms. Reardon may have known of the possibility that ClosetMaid would use her consumer

report.   This fact is irrelevant to a claim for statutory damages under the FCRA, or for liability and should be excluded pursuant to Fed. R. Evid. 401 and 403.

Respectfully submitted,

By:   *s/ James M. Pietz*
James M. Pietz
Pa I.D. No. 55406
Pietz Law Office LLC
429 Forbes Ave., Suite 1710
Pittsburgh, PA 15219
412-288-4333
E-mail:  jpietz@jpietzlaw.com

Leonard A. Bennett, Esq.
Consumer Litigation Associates
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, VA 23601
(757) 930-3660
E-mail:  lenbennett@clalegal.com

Christopher North. Esq.
751-A Thimble Shoals Blvd.
Newport News, VA  23606
(757) 873-1010
E-mail:  cnorthlaw@aol.com

*Counsel for the Representative And Class Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that, on this 27th day of November, 2013, I caused a true and correct copy of Plaintiff's Memorandum in Support of Plaintiff's Omnibus Motion *In Limine* to be served by way of ECF Notification upon the following counsel of record for the Defendant:

W. Scott Hardy
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  scott.hardy@ogletreedeakins.com

Philip K. Kontul
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  Philip.kontul@ODNSS.com

                *s/ James M. Pietz*
                James M. Pietz
                Pa I.D. No. 55406
                Pietz Law Office LLC
                429 Forbes Ave., Suite 1616
                Pittsburgh, PA 15219
                412-288-4333
                E-mail:  jpietz@jpietzlaw.com