UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| R. CATHY REARDON<br>On behalf of herself and all<br>similarly situated individuals, | )<br>)<br>)<br>) | |
| Plaintiffs, | ) | Civil Action No. 2:08-cv-1730MRK |
| v. | ) | |
| CLOSETMAID CORPORATION, | ) | Hon. Judge Mark R. Hornak |
| | ) | |
| Defendant. | ) | Class Action |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION IN LIMINE TO EXCLUDE WITNESS TESTIMONY THAT IS NOT
<u>BASED ON PERSONAL KNOWLEDGE</u>**

Class Representative Plaintiff, R. Cathy Reardon, by and through her undersigned counsel, on behalf of the Class, has moved the Court to find *in limine* to exclude witness testimony that is not based on personal knowledge. She states the following as her Memorandum in Support:

**ARGUMENT**

**CLOSETMAID CANNOT OFFER WITNESS TESTIMONY THAT IS NOT BASED ON PERSONAL KNOWLEDGE**.

Defendant has disclosed its employee witnesses previously used in support of its Motion to Decertify the Class. (Docket No. 139, at 10-13). Defendant's primary intended witnesses have been deposed. None testified with personal knowledge as to the facts suggested in the Defendant's Pre-Trial Statement.

As disclosed, in relevant part each of Defendant's trial witnesses would be offered to testify regarding : (1.) ClosetMaid's efforts to comply with applicable laws and regulations; (2.) ClosetMaid's varied manner in which it was implemented by different

1

human resources managers and other personnel; and (3.) ClosetMaid's job applicant disposition codes, job applicants and their applications, and the disposition of job applications for any and all job applicants from December 13, 2006 to present. *Id*. However, in each of these regards, the witness deposition testimony has established that these particular witnesses lack any personal knowledge as to these categories of proof.

Ms. Boring, the Employee Relations Manager at ClosetMaid, testified to her creation of the aforementioned data and information. She said that several weeks before her deposition on April 2, 2013, she was given a list of persons within the Pre-Adverse Action Sub-Class. Docket No. 93, Ex. 4, Boring Dep. 60:9-18. She then pulled the files for each of the persons on the list. *Id*., Boring Dep. p. 59:24-60:4. Only then did she review each file and manufacture a retrospective judgment as to the final basis for each person not being hired. *Id*., Boring Dep. 61. In making this determination, she did not include a column that lists the results of the consumer report obtained by ClosetMaid, because, as she stated, "It wasn't relevant." *Id.,* Boring Dep. 64:2-13. However, Ms. Boring conceded that she does not even know the reason that consumer reports are used by ClosetMaid. Id., Boring Dep. 12:15-14:5. She made this determination even though there was "not necessarily" anything in the file that set forth the reason for not hiring. *Id*., Boring Dep. 61:5-13. She made these determinations even though she did not even know if she had been involved in the determination. *I*d., Boring Dep. 61:14-62:1 ("I made an educated, based upon my experience. . .").

Maybe even more troubling, the testimony ClosetMaid had proffered in these areas from its other employee witnesses was actually created in litigation by Ms. Boring. She used the same process to make the Exhibit A to the Declaration of Merlyn

Hernandez-Opio (*Id.*, Boring Dep. p. 67:10-69:14) and to make the Exhibit A to the Declaration of Patricia Dameron. *Id.*, Boring Dep. 69:15- 71:1; Boring Dep. 57:9-66:3.

Regardless, to the extent that the Defendant's proposed witnesses to not have personal knowledge as to the categories of proof intended by the Defendant, the witness testimony is not properly admitted. Fed. R. Evid. 602.

## CONCLUSION

For the reasons stated herein, the Plaintiff prays the Court to grant her Motion in Limine as pled herein.

Respectfully submitted,

By:   *s/ James M. Pietz*
     James M. Pietz
     Pa I.D. No. 55406
     Pietz Law Office LLC
     429 Forbes Ave., Suite 1710
     Pittsburgh, PA 15219
     412-288-4333
     E-mail:  jpietz@jpietzlaw.com

     Leonard A. Bennett, Esq.
     Consumer Litigation Associates
     763 J. Clyde Morris Boulevard
     Suite 1-A
     Newport News, VA 23601
     (757) 930-3660
     E-mail:  lenbennett@clalegal.com

     Christopher North. Esq.
     751-A Thimble Shoals Blvd.
     Newport News, VA  23606
     (757) 873-1010
     E-mail:  cnorthlaw@aol.com

     *Counsel for the Representative And Class Plaintiff*

## CERTIFICATE OF SERVICE

  I hereby certify that, on this 27th day of November, 2013, I caused a true and correct copy of Plaintiff's Memorandum in Support of Plaintiff's Motion in Limine to Exclude Witness Testimony that is not based on Personal Knowledge to be served by way of ECF Notification upon the following counsel of record for the Defendant:

W. Scott Hardy
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail: scott.hardy@ogletreedeakins.com

Philip K. Kontul
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail: Philip.kontul@ODNSS.com

              *s/ James M. Pietz*
              James M. Pietz
              Pa I.D. No. 55406
              Pietz Law Office LLC
              429 Forbes Ave., Suite 1616
              Pittsburgh, PA 15219
              412-288-4333
              E-mail: jpietz@jpietzlaw.com