UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| R. CATHY REARDON | ) | |
| On behalf of herself and all | ) | |
| similarly situated individuals, | ) | |
| | ) | |
| Plaintiffs, | ) | NO. 2:08cv1730 MRH |
| v. | ) | |
| CLOSETMAID CORPORATION | ) | Hon. Judge Mark R. Hornak |
| | ) | |
| Defendant. | ) | **Class Action** |

**MEMORANDUM OF LAW IN SUPPORT OF THE CLASS PLAINTIFFS' MOTION TO PERMIT *VOIR DIRE* OF CLOSETMAID WITNESSES AS TO THEIR PERSONAL KNOWLEDGE**

James M. Pietz
Pa I.D. No. 55406
Pietz Law Office LLC
429 Forbes Ave., Suite 1616
Pittsburgh, Pa. 15219
412-288-4333
jpietz@jpietzlaw.com

Leonard A. Bennett, Esq.
Consumer Litigation Associates
763 J. Clyde Morris Boulevard.
Suite 1-A
Newport News, VA  23606
(757) 930-3660
lenbennett@clalegal.com

Christopher North. Esq.
751-A Thimble Shoals Blvd.
Newport News, Va  23606
(757) 873-1010

*Counsel for the Representative And Class Plaintiff*

I.  **INTRODUCTION**

A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. 602. Where there is some doubt as to whether a witness is testifying from personal knowledge, it is appropriate to permit the opposing party to conduct a *voir dire* examination of the witness for the purpose of revealing the basis for the testimony. Because substantial doubt exists as to whether Defendant's witnesses have the requisite personal knowledge to testify as to their defense to the claims pursuant to 15 U.S.C. § 1681b(b)(3) (the "Pre-Adverse Action Provision"), Plaintiffs hereby request that the Court allow pre-trial *voir dire* of such witnesses to determine whether the requisite personal knowledge exists. In the event that these witnesses do not testify in accordance with the claims made in the declarations that barely enabled Defendant to avoid summary judgment, the Court could and thereafter should grant a directed verdict on the Pre-Adverse Action Provision sub-class and justly limit trial to issues of statutory and punitive damages. It is hereby proposed that the Court's video conferencing capabilities be employed to conduct these *voir dire* hearings from the witnesses' respective locations.[1]

II. **PROCEDURAL BACKGROUND**

Defendant ("ClosetMaid") will contend at trial that no violation of the Pre-Adverse Action provision of the FCRA occurred with respect to individuals in the Pre-Adverse Action Sub-Class because ClosetMaid did not rely *at all* on information in a

---

[1] Defendant has also indicated that it is considering withdrawing these three disputed witnesses. As of the time of this filing, it has not conveyed a final decision in that regard.

consumer report that was obtained for employment purposes.  ClosetMaid Pre-Trial Statement, ECF 139, p. 8.   ClosetMaid proffered that it would establish this defense by calling as witnesses, Cathy Beal, Patricia Dameron, Merlyn Hernandez –Opio and Jennifer Boring. ECF 139 at p.10-13.   The Pre-Trial Statement states that these witnesses will establish this "no reliance on a consumer report" defense by testifying to their retrospective "review of applications and the hiring of employees; ClosetMaid's job applicant disposition codes, job applicants and their applications, and the disposition of job applications for job applicants from December 13, 2006 to present."  *Id.*  In other words, ClosetMaid intends to establish its Pre-Adverse Action defense by using the testimony of witness who reviewed the files of job applicants, but who were not personally involved in the decision not to hire the applicant.

On November 27, 2013, Plaintiffs filed a Motion In Limine To Exclude Testimony Not Based Upon Personal Knowledge. ECF 155. The motion seeks to exclude the testimony of all of the Defendant's witnesses to the extent that their knowledge is based upon a review of ClosetMaid's internal records and not on their own experience and personal knowledge.

On December 2, 2013, this Court entered an Opinion And Order (ECF No. 157 and 158), *Reardon v. ClosetMaid,* 2013 WL 6231606 (W.D. Pa.) addressing the Parties respective motions for summary judgment and other motions.  In particular, this Court's Opinion raises the question whether Cathy Beal, Patricia Dameron, Merlyn Hernandez – Opio and Jennifer Boring can testify from personal knowledge with respect to the claims.   This Court explained:

> Plaintiffs present a compelling argument based on the testimony of ClosetMaid officials that no consumer report is even obtained until the

> involved applicant has been "selected for hire," and that the fifty (50) remaining Sub–Class members were then not hired after the reports were obtained. On the other hand, ClosetMaid contends that as to each such Sub–Class member, it can demonstrate that the content of the consumer report had literally nothing to do with the decision not to hire. While the timing involved in ClosetMaid's processes and its use of the term "selected for hire" may make prevailing with that argument tough sledding, ClosetMaid can make it at trial.

This Court then went on to explain that ClosetMaid would have to establish that its employees who would testify as such would had "personal knowledge as to the basis of decision":

> This evidence, to be admissible at trial, will require ClosetMaid to produce for testimony persons who have actual personal knowledge as to the basis of decision as to each "selected for hire" applicant who was not hired, or proof of its decisional process and conclusion otherwise admissible under Fed.R.Evid. 803.

Because substantial doubt remains about these witnesses' personal knowledge, and the delay of this determination until the midst of trial would be disruptive and waste substantial Court and even witness time and resources, and potentially confuse the jury, this determination should be made before trial. Plaintiffs here request that this Court allow a Pre-Trial *Voire Dire* of Defendant's witnesses to demonstrate that any such "personal knowledge" is lacking.

**II.   THE FEDERAL RULES OF EVIDENCE AUTHORIZE THE PRE-TRIAL VOIR DIRE OF WITNESSES TO DEMONSTRATE THE PREDICATE OF "PERSONAL KNOWLEDGE"**

A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. 602. Where there is some doubt as to whether a witness is testifying from personal knowledge, it is appropriate to permit the opposing party to conduct a *voir dire* examination of the witness for the purpose of revealing the basis for the testimony. 27

3

Fed. Prac. & Proc. Evid. § 6027 (2d ed.) entitled, "Procedure For Determining Personal Knowledge—Sufficient To Support A Finding". See also *Waters v. Genesis Health Ventures, Inc.*, 400 F. Supp. 2d 814, 821, (E.D. Pa. 2005) (granting motion in limine under Rules 602 and 701 to preclude witness from testifying about "pervasive discrimination" where witness had no personal knowledge of alleged discrimination); *Gage v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 365 F. Supp. 2d 919, 936 (N.D. Ill. 2005) (granting motion in limine to exclude testimony of two witnesses in a Title VII case where defendant showed that witnesses did not play a role in personnel decisions); *Harris v. City of Circleville*, 2010 WL 816974 at *13-14 (S.D. Ohio 2010) (granting motion in limine to exclude testimony that defendants treated plaintiff differently because the witness lacked personal knowledge of the defendants' motivation); *U.S. v. Snodgrass*, 635 F.3d 324,(7th Cir. 2011) (affirming exclusion of a witness' testimony under Rule 602 because it was "based upon hearsay and speculation and not of personal knowledge").

  Here likewise, Defendant has not established the requisite "personal knowledge" of its witnesses as to whether a consumer report was not used even in part in determining the employment qualifications of members of the Sub-Class.  Given that doubt exists about their personal knowledge, Plaintiffs respectfully request that a Pre-Trial *Voir Dire* of such witnesses would be cost effective and expedient in these circumstances.  In the event that the witnesses lack personal knowledge, the Court's summary judgment decision would necessitate directed verdict and streamline the trial to damages alone.

  In this regard, Plaintiffs propose that this Court hold a Pre-Trial *Voir Dire* using the video conferencing capabilities of this Court. In order to minimize the burden on the

Defendant and its employee witnesses, Plaintiff proposes that the disputed witnesses appear by video conferencing from their respective locations for purposes of *voir dire* hearing.

December 12, 2013       **Respectfully submitted,**

R. CATHY REARDON,
For herself and on behalf of all similarly situated individuals**.**

   s/ James M. Pietz
James M. Pietz
PIETZ LAW OFFICE LLC
429 Forbes Avenue, Suite 1616
Allegheny Building
Pittsburgh, PA 15219
412-288-4333
jpietz@jpietzlaw.com


Leonard A. Bennett
Consumer Litigation Associates
763 J. Clyde Morris Boulevard. Suite 1-A
Newport News, VA  23606
757-930-3660
lenbennett@clalegal.com

Christopher Colt North
The Consumer & Employee Rights Law Firm
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
757- 873-1010

5