# EXHIBIT
# D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| R. CATHY REARDON, *on behalf of herself and all similarly situated individuals,* | ) | Civil Division |
| | ) | No. 2:08-cv-01730 |
| Plaintiff, | ) | Judge Gary L. Lancaster |
| v. | ) | |
| CLOSETMAID CORPORATION, | ) | |
| Defendant. | ) | |

**DEFENDANT CLOSETMAID CORPORATION'S ANSWERS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION <u>PURSUANT TO THE COURT'S JANUARY 11, 2013 ORDER</u>**

Defendant, ClosetMaid Corporation (hereinafter "Defendant," "ClosetMaid," or "CMC"), by and through its undersigned counsel, submits the within Answers to Plaintiff's First Set of Requests for Production Pursuant to the Court's January 11, 2013 Order.

**<u>GENERAL OBJECTIONS</u>**

Defendant makes the following general objections to the Plaintiff's First Set of Requests for Production Pursuant to the Court's January 11, 2013 Order. Defendant incorporates by reference these general objections into the Defendant's Answers to each individual Request, to the extent applicable, whether or not specifically stated in any individual Answer or Response.

1. Defendant objects to these Requests for Production or any specific Request and to the extent that the information sought is not relevant to the issues raised in this action and/or is not reasonably calculated to lead to the discovery of admissible evidence, or that the Requests for Production are beyond the scope of permitted discovery and/or require Defendant to exceed its obligation under state or federal law.

2. Defendant objects to any Requests for Production to the extent it seeks discovery of privileged information, including confidential attorney-client communications and/or non-discoverable attorney and/or other work product.

3. Defendant objects to these Requests for Production to the extent they seek information that is already in the possession of the Plaintiff, or is more readily available to Plaintiff.

4. Defendant objects to these Requests for Production to the extent that they seek information that is commercially confidential, propriety in nature, constitutes trade secrets or which is protected by the confidentiality and privacy rights of others. Without waiving this objection, Defendant will answer these Requests for Production pursuant to the Parties' Stipulation of Confidentiality As to Certain Discovery.

5. Defendant objects generally to any and all Requests to the extent they seek information concerning the substance of each and every communication or statement concerning general subject matters, date of such communications and/or the names of all participants to such communications, on the grounds that such Requests are overly board and unduly burdensome, taking into account the needs of this case and that the information sought by way of these Requests could be obtained more easily through other means of discovery. Without waiving said objection, Defendant will answer these requests generally to the extent that its representatives currently can recollect such communications/statements and to the extent the Requests seek information reasonably calculated to lead to the discovery of admissible evidence.

6. Defendant objects to these Requests for Production to the extent a full and complete response would subject Defendant to undue burden and expense.

7. Defendant objects to these Requests for Production to the extent the general provisions, instructions and definitions set out in the Requests for Production exceed the scope of, or impose burdens not required by applicable law.

8. Defendant objects to these Requests for Production to the extent that they seek information beyond the relevant time period of this matter.

9. Answers to Plaintiff's Requests for Production are qualified by the objections, whether general or specific, asserted herein. Answers to Requests for Production do not waive objections asserted.

10. Defendant objects to the Definitions included in Plaintiff's discovery requests to that extent that those Definitions purport to impose duties and obligations beyond those set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, the attorney-client privilege, the work-product privilege, and any other applicable privilege or doctrine, including documents prepared in anticipation of litigation, or otherwise outside the scope of Rule 26 of the Federal Rules of Civil Procedure. Defendant therefore objects to producing any such documents in response to the requests. In the event any privileged document is produced by Defendant, its production is inadvertent and does not constitute a knowing waiver of any privilege.

11. Defendant's investigation of information relating to the claims at issue in this action is ongoing. Defendant's responses to Plaintiff's First Set of Requests for Production Pursuant to the Court's January 11, 2013 Order are based only upon such information as is available to Defendant at the time of such response. Defendant reserves the right to supplement and amend any and all of its responses to these responses in accordance with the Federal Rules of Civil Procedure.

12. Defendant submits these responses to Plaintiff's First Set of Requests for Production Pursuant to the Court's January 11, 2013 Order without conceding the relevancy, materiality, or admissibility of any information or documents provided and without prejudice to its right to object to further discovery or to the materiality or admissibility of any such information or documents being produced herewith.

13. Defendant objects to divulging any information falling within one of the General Objections set forth above or Specific Objections set forth below. To the extent any such information is or may be divulged in these discovery responses, the divulging of such information is inadvertent and is not to be deemed a waiver of the objection in question (or any other objection) with respect to the divulged information.

**REQUESTS FOR PRODUCTION**

1. Please produce all documents related to the establishment or review of your compliance with 15 U.S.C. § 1681b(2)(A) and § 1681B(b)(3)(A). A full response hereto will include all emails, correspondence, memos, opinions or other documents that concern or relate to the establishment, review or implementation of the practices followed to comply with 15 U.S.C. § 1681b(b)(2)(A) and § 1681b(b)(3)(A).

**RESPONSE**: ClosetMaid objects to this Request No. 1 to the extent Plaintiff seeks to elicit documents or information protected from disclosure by reason of the attorney-client privilege and/or the attorney work product doctrine. Subject to and limited by this objection and the General Objections set forth above, but not waiving any response at or before trial on these stated bases or any other basis: None.

2. Please produce all documents prepared by your attorneys, either in-house or outside counsel, concerning or relating to compliance with 15. U.S.C. § 1681b(b)(2)(A) and §

1681b(b)(3)(A) prepared prior to the filing of this lawsuit.

**RESPONSE**: ClosetMaid objects to this Request No. 2 to the extent Plaintiff seeks to elicit documents or information protected from disclosure by reason of the attorney-client privilege and/or the attorney work product doctrine.

3. Please produce all correspondence or communications from you or your agent to any other third party related to this case including but not limited to requests for indemnification or contribution.

**RESPONSE**: ClosetMaid objects to this Request No. 3 to the extent Plaintiff seeks to elicit documents or information protected from disclosure by reason of the attorney-client privilege and/or the attorney work product doctrine. Subject to and limited by this objection and the General Objections set forth above, but not waiving any response at or before trial on these stated bases or any other basis: ClosetMaid has made no requests for indemnification or contribution.

4. Please produce any policy of insurance which may cover any portion of the claims at issue in this case.

**RESPONSE**: None.

5. Please produce all documents that contain any information detailing internal reviews, self-audits, or external audits of your policies, practices, or procedures for your compliance with 15. U.S.C. § 1681b(b)(2)(A) and § 168b1(b)(3)(A).

**RESPONSE**: ClosetMaid objects to this Request No. 5 to the extent Plaintiff seeks to elicit documents or information protected from disclosure by reason of the attorney-client privilege and/or the attorney work product doctrine. Subject to and limited by this objection and the General Objections set forth above, but not waiving any response at or before trial on these

stated bases or any other basis: None.

6. Please produce all documents that you received, created or reviewed in determining any policy, procedure, or practice for compliance with 15 U.S.C. § 1681b(b)(2)(A) and § 168lb(b)(3)(A).

**RESPONSE:** ClosetMaid objects to this Request No. 6 to the extent Plaintiff seeks to elicit documents or information protected from disclosure by reason of the attorney-client privilege and/or the attorney work product doctrine. Subject to and limited by this objection and the General Objections set forth above, but not waiving any response at or before trial on these stated bases or any other basis: See Exhibits B, C, and D which were already produced in Defendant ClosetMaid Corporation's Answers and Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents and which are in the possession of Plaintiff.

7. Please produce all expert reports and all documents related to such reports which have been or are to be prepared in connection with this action or the facts and circumstances giving rise to this action.

**RESPONSE:** ClosetMaid will supply such information in accordance with Federal Rule of Civil Procedure 26(a)(2).

8. Please produce any statements, declarations or testimony to be used by you in the defense of this matter from any employees of ClosetMaid or in your possession or to be obtained from any third party that is not a party to this action and that is any manner related to the facts or issues raised in this action.

**RESPONSE:** ClosetMaid objects to this Request No. 8 to the extent Plaintiff seeks to elicit documents or information protected from disclosure by reason of the attorney-client

privilege and/or the attorney work product doctrine. Subject to and limited by this objection and the General Objections set forth above, but not waiving any response at or before trial on these stated bases or any other basis: Please see bates labeled documents [CMC005093-CMC005098], attached hereto as Exhibit A.

9. Please produce all documents identified, referenced, reviewed, relied upon, or consulted when you prepared your responses to Plaintiff's First Set of Interrogatories Related to the Court's January 11, 2013 Order.

**RESPONSE**: ClosetMaid objects to this Request No. 9 to the extent Plaintiff seeks to elicit documents or information protected from disclosure by reason of the attorney-client privilege and/or the attorney work product doctrine. Subject to and limited by this objection and the General Objections set forth above, but not waiving any response at or before trial on these stated bases or any other basis: See documents attached to these Responses.

10. Please produce all documents you intend to proffer in defense of this matter in any way.

**RESPONSE:** See all documents produced in discovery.

11. For each person in your in-house legal department or outside law firm or affiliated company legal department, please produce all emails sent to or sent by that person which concern or relate to compliance with 15 U.S.C. § 1681b(b)(2)(A) and § 1681b(b)(3)(A).

**RESPONSE:** ClosetMaid objects to this Request No. 11 to the extent Plaintiff seeks to elicit documents or information protected from disclosure by reason of the attorney-client privilege and/or the attorney work product doctrine. Subject to and limited by this objection and the General Objections set forth above, but not waiving any response at or before trial on these stated bases or any other basis: None.

12. Please produce all internal memoranda, opinion letters, legal research, or other compliance documents that you used to form a belief that you could comply with 15 U.S.C. § 1681b(b)(2)(A) by including a Waiver Clause in the FCRA Consent Form or Forms.

**RESPONSE:** ClosetMaid objects to this Request No. 12 to the extent Plaintiff seeks to elicit documents or information protected from disclosure by reason of the attorney-client privilege and/or the attorney work product doctrine. Subject to and limited by this objection and the General Objections set forth above, but not waiving any response at or before trial on these stated bases or any other basis: None.

13. Please produce all internal memoranda, opinion letters, legal research, or other compliance documents that you used to form a belief that you could comply with 15 U.S.C. § 1681b(b)(2)(A) by using two different and separate FCRA Consent Form or Forms.

**RESPONSE:** ClosetMaid objects to this Request No. 13 to the extent Plaintiff seeks to elicit documents or information protected from disclosure by reason of the attorney-client privilege and/or the attorney work product doctrine. Subject to and limited by this objection and the General Objections set forth above, but not waiving any response at or before trial on these stated bases or any other basis: None.

14. Please produce all documents which refer or relate to your alleged efforts to conform to any rules, regulations, or applicable law regarding compliance with 15 U.S.C. § 1681 b(b)(2)(A) and § 168lb(b)(3)(A) prior to the date of filing of this lawsuit.

**RESPONSE:** ClosetMaid objects to this Request No. 14 to the extent Plaintiff seeks to elicit documents or information protected from disclosure by reason of the attorney-client privilege and/or the attorney work product doctrine. Subject to and limited by this objection and

the General Objections set forth above, but not waiving any response at or before trial on these stated bases or any other basis: None.

15. Please produce all documents that refer or relate to any of your factual denials or affirmative defenses that you raised in the Answer to the First Amended Complaint.

**RESPONSE:** ClosetMaid objects to this Request No. 15 as vague, overbroad, and unduly burdensome. ClosetMaid further objects to this Request No. 15 to the extent Plaintiff seeks to elicit documents or information protected from disclosure by reason of the attorney-client privilege and/or the attorney work product doctrine., Subject to and limited by this objection and the General Objections set forth above, but not waiving any response at or before trial on these stated bases or any other basis: See all documents produced in discovery.

16. Please produce all documents that demonstrate your assets and liabilities and or net worth as of a date certain in 2010, 2011, and 2012.

**RESPONSE:** ClosetMaid objects to Request No. 16 as vague and overboard. ClosetMaid further objects that Request No. 16 is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

17. Please produce a copy of your corporate bylaws for 2009, 2010, and 2011.

**RESPONSE:** ClosetMaid objects to Request No. 17 as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. ClosetMaid further objects as the information sought is already in the possession of Plaintiff.

18. Please produce a copy of the 10K form filed with the SEC for Defendant for 2010, 2011, and 2012.

**RESPONSE:** ClosetMaid objects to Request No. 18 irrelevant and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection,

ClosetMaid does not file a form 10K with the SEC.

19. Please produce a copy of the annual report for Defendant for 2010, 2011, and 2012.

**RESPONSE:** ClosetMaid objects to Request No. 19 as vague, irrelevant, and not calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, ClosetMaid does not prepare or issue annual reports.

20. Please produce a copy of the corporate financial statements for Defendant for each year during the applicable time period.

**RESPONSE:** Defendant objects to Request No. 20 as vague, overbroad, and not calculated to lead to the discovery of admissible evidence.

21. Please produce all documents that concern or relate to the evaluation, consideration, debate, establishment, editing, modification, discussion or other such documents that record or reflect the means and methods that you adopted for complying with 15 U.S.C. § 1681b(b)(2)(A) and § 168lb(b)(3)(A) as well as the process and procedure for reaching that policy. A full response to this request will include all notices of meetings, meeting minutes, emails, discussions, drafts, notes, revisions, comments, concerns or any other record of the process by which you reached the policy of compliance with that statute.

**RESPONSE:** ClosetMaid objects to this Request No. 21 because it is vague, overbroad, and unduly burdensome. ClosetMaid further objects to this Request No. 21 to the extent Plaintiff seeks to elicit documents or information protected from disclosure by reason of the attorney-client privilege and/or the attorney work product doctrine. Subject to and limited by this objection and the General Objections set forth above, but not waiving any response at or before

trial on these stated bases or any other basis: None.

**Defendant ClosetMaid will further supplement these responses to the extent necessary and in accordance with the applicable Rules of Civil Procedure.**

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

W. Scott Hardy, Esquire
PA ID No. 79225
scott.hardy@ogletreedeakins.com
One PPG Place, Suite 1900
Pittsburgh, PA 15222
Ph. (412) 394-3367
Fax: (412) 232-1799

Attorney for Defendant
ClosetMaid Corporation

No. 2:08-cv-01730

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of March, 2013, I delivered the forgoing **DEFENDANT CLOSETMAID'S ANSWERS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION PURSUANT TO THE COURT'S JANUARY 11, 2013 ORDER** to the following via hand delivery (as noted) and U.S. Mail Delivery, at the following addresses:

James M. Pietz, Esquire *(Via Hand-Delivery)*
Pietz Law Office LLC
Mitchell Building, Suite 700
304 Ross Street
Pittsburgh, PA 15219

Christopher C. North, Esquire
The Consumer & Employee Rights Law Firm PC
751-A Thimble Shoals Boulevard
Newport News, VA 23606

Leonard A. Bennett, Esquire
Consumer Litigation Associates
12515 Warwick Boulevard, Suite 100
Newport News, VA 23606

*(Attorneys for Plaintiff)*

W Scott Hardy BF

W. Scott Hardy, Esquire
Attorney for Defendant

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. CATHY REARDON, *on behalf of herself and all similarly situated individuals,* Plaintiff, | ) | Civil Division |
| | ) | No. 2:08-cv-01730 |
| v. | ) | Judge Gary L. Lancaster |
| CLOSETMAID CORPORATION, Defendant. | ) | **DECLARATION OF MERLYN HERNANDEZ - OPIO** |

I, Merlyn Hernandez-Opio, being first duly cautioned and sworn, and being over the age of eighteen and competent to testify about the matters contained herein, hereby declare and state as follows upon personal knowledge or information:

1. I am currently employed by ClosetMaid Corporation ("ClosetMaid") as a Human Resource Representative. I have held that position since November of 2006.

2. As a Human Resource Representative, I am responsible for, among other things, the review of applications and hiring of employees for ClosetMaid.

3. I hereby affirm that each of the individuals identified on Exhibit A, which is attached hereto and incorporated herein, were not subject to an adverse employment action that was based on , whether in whole or in part, the results of any financial or criminal background check (i.e., any consumer report). Rather, I have listed the reason for such employment action, if any, as applicable.

4. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America and the Commonwealth of Pennsylvania that the facts alleged in this declaration are based upon matters known personally to me, on information provided to me by

others and/or on information contained in ClosetMaid records and are true and correct to the best of my knowledge, information and belief.

Executed on this 25 day of March, 2013.

Merlyn Hernandez-Opio

14629423.1

**Exhibit A**

| Name | Location | Reason for No Hire |
|---|---|---|
| Abreu, Inovel | CMNA | Candidate not Interested |
| Adams, Michael | CMNA | Not Best Qualified (Experience) |
| Arrazate, Roberto | CMNA | No Openings |
| Barbara, Adam | CMNA | Not Best Qualified (Experience) |
| Becker, Justin | Belle Vernon, PA | Did Not Meet Hiring Criteria – Drug Screen |
| Clem Jr., Robert Mitchell | Ocala, FL | Not Best Qualified |
| Collins, Melody Sue | Ocala, FL | Not Best Qualified |
| Corrica, Selwyn | CMNA | Not Best Qualified |
| Craver, Klye A | CMNA | Not Best Qualified (Work History) |
| Danilchak, Steve | Belle Vernon, PA | Declined Offer |
| Godinez, Richard | Ocala, FL | Candidate not Interested |
| Griffith, Brian | Belle Vernon, PA | Not Best Qualified |
| Hamel, Vivian | Ocala, FL | Not Best Qualified (Work History) |
| Holt, Matthew | Belle Vernon, PA | Candidate not Interested |
| Hreha, Daniel | CMNA | Not Best Qualified (Experience) |
| Jean, Rodly | CMNA | Not Best Qualified (Experience) |
| LaMountain, Stephen | Ocala, FL | Declined Offer |
| Lecompte, Rodger | Belle Vernon, PA | Declined Offer |
| Livingston, David | Belle Vernon, PA | Not Best Qualified |
| Lyle, Jeffrey S | Ocala, FL | No Openings – Hiring Freeze |
| MacPherson, Jeffrey | Belle Vernon, PA | Not Best Qualified |
| McIntosh, Gerald | CMNA | Not Best Qualified (Experience) |
| Munro, Kimberly Dixon | Ocala, FL | Declined Offer |
| Peters, John Howard | CMNA | No Openings |
| Rainey, James | CMNA | Not Best Qualified (Work History) |
| Ramsey, Micahel | Belle Vernon, PA | Hired No Show |
| Sanchez, Ana G. | Ocala, FL | Not Best Qualified |
| Savko, Dean | Belle Vernon, PA | Not Best Qualified |
| Szemborski, David | Ocala, FL | Not Best Qualified |
| Tirpak, Shawn | Belle Vernon, PA | Did Not Appear for Interview. |

14626773.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| R. CATHY REARDON, *on behalf of herself and all similarly situated individuals*, | ) | Civil Division |
| | ) | No. 2:08-cv-01730 |
| Plaintiff, | ) | Judge Gary L. Lancaster |
| v. | ) | |
| CLOSETMAID CORPORATION, | ) | **DECLARATION OF PATRICIA DAMERON** |
| Defendant. | ) | |

I, Patricia Dameron, being first duly cautioned and sworn, and being over the age of eighteen and competent to testify about the matters contained herein, hereby declare and state as follows upon personal knowledge or information:

1. I was employed by the ClosetMaid Corporation ("ClosetMaid') from March 1, 2008 through October 1, 2010 wherein I served as Human Resource Director.

2. As Human Resource Director, I was responsible for, among other things, overseeing and directing the review of applications and hiring of employees for ClosetMaid.

3. I hereby affirm that each of the individuals identified on Exhibit A, which is attached hereto and incorporated herein, were not subject to an adverse employment action that was based on, whether in whole or in part, the results of any financial or criminal background check (i.e., any consumer report). Rather, I have listed the reason for such employment action, if any, as applicable.

4. Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States of America and the Commonwealth of Pennsylvania that the facts alleged in this declaration are based upon matters known personally to me, on information provided to me by

others and/or on information contained in ClosetMaid records and are true and correct to the best of my knowledge, information and belief.

Executed on this 25th day of March, 2013.

Patricia Dameron

14643571.1

**Exhibit A**

| Name | Location | No Hire Reason |
|---|---|---|
| Appel, Bradley | Grantsville | Falsification (Employment Dates) |
| Baker, Brock | Grantsville | Reference check as per applicant information |
| Blubaugh, Kenneth | Grantsville | Declined Offer |
| Carpenter, Lee | Grantsville | Falsification (Employment Dates) |
| Dean, James R. Jr. | CMNA | Declined Offer |
| James, Melissa | Grantsville | Work History |
| King, Katrina | Grantsville | Falsification (Employment Dates) |
| Kuhn, Victoria | Grantsville | Reference check as per applicant information |
| Lantz, Kenneth | Grantsville | Reference check as per applicant information |
| Leonberger, Joshua R | Grantsville | Declined Offer |
| Lukas, Edward | Grantsville | Falsification |
| May, Jonathan | Grantsville | Falsification |
| Miller, Richard | Grantsville | Declined Offer |
| Miller, Steven | Grantsville | No Show for Interview |
| Robertson, Millard | Grantsville | Falsification (Termination Reason) |
| Slagle, Casey | Grantsville | Not Best Qualified (Experience) |
| Twigg, Teresa | Grantsville | Work History |
| Welch, Gary | Grantsville | Falsification (Employment Dates) |
| Wilt, Aaron | Grantsville | Candidate not Interested |
| Mitchell, Aaron | Fife | Not Best Qualified (Temp) |
| McMillan, David | Fife | Not Best Qualified |

14626844.1