UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| R. CATHY REARDON | ) | |
| On behalf of herself and all | ) | |
| similarly situated individuals, | ) | |
| | ) | |
| Plaintiffs, | ) | NO. 2:08cv1730 MRH |
| v. | ) | |
| CLOSETMAID CORPORATION | ) | Hon. Judge Mark R. Hornak |
| | ) | |
| Defendant**.** | ) | **Class Action** |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE FEDERAL TRADE COMMISSION STAFF OPINION LETTERS (ECF 143)**

James M. Pietz
Pa I.D. No. 55406
Pietz Law Office LLC
429 Forbes Ave., Suite 1616
Pittsburgh, Pa. 15219
412-288-4333
jpietz@jpietzlaw.com

Leonard A. Bennett, Esq.
Consumer Litigation Associates
763 J. Clyde Morris Boulevard.
Suite 1-A
Newport News, VA  23606
(757) 930-3660
lenbennett@clalegal.com

Christopher North. Esq.
751-A Thimble Shoals Blvd.
Newport News, Va  23606
(757) 873-1010

*Counsel for the Representative And Class Plaintiff*

I.      INTRODUCTION

Defendant ("ClosetMaid") argues that the Federal Trade Commission Staff Opinion letters and other publications listed by Plaintiffs as Exhibits are not admissible because they are not "binding" and, therefore, not entitled to "*Chevron* type deference". ECF 143 at p.2. ClosetMaid thus "mixes apples with oranges." The applicable FTC Staff Opinion letters are being offered to establish the extent of ClosetMaid's willful conduct. The extent that ClosetMaid acted willfully goes to the factors the jury may consider to establish the amount of statutory and punitive damages on claims under both 15 U.S.C. § 1681b(b)(2) (the "Disclosure Provision") and 15 U.S.C. § 1681b(b)(3) (the Pre-Adverse Action Provsion"). The Letters are also relevant to the fact of willfulness to the extent it is at issue on Plaintiffs Pre-Adverse Action claim. Accordingly, the FTC Staff Opinion letters are both admissible and highly relevant to the issues the jury must decide.[1]

II.     THE FTC STAFF OPINIONS ARE ENTITLED TO JUDICIAL NOTICE

Courts routinely take judicial notice of FTC and other federal or state agency letters or records pursuant to Fed.R.Evid. 201. *Romine v. Diversified Collection Servs.,*

---

[1] Regulations and agency interpretations contained in regulations are entitled to deference. *Christensen v. Harris County*, 529 U.S. 576, 586 (2000)(citing *Chevron U.S.A. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984). Even though the Federal Trade Commission has rulemaking authority, the FTC guidance Plaintiff seeks to introduce is not a rule but a policy directive concerning implementing regulations, not subject to formal adjudication or notice-and-comment or the rigors associated with law or rulemaking. *Mead*, 533 U.S. at 234. The guidance is best viewed as a policy statement or enforcement guideline, rather than a regulation, and therefore "beyond the *Chevron* pale." *Mead*, 533 U.S. at 234 (citing *Christensen*, 529 U.S. at 587). It doesn't mean that the guidance is without force, it just means that it is entitled to "some deference" and "respect." *Id*.

*Inc.*, 155 F.3d 1142, 1146 (9th Cir. 1998)(" We take judicial notice of a 1996 Federal Trade Commission (FTC) letter indicating that a service similar or identical to Western Union's AVT service amounted to an indirect form of debt collection"). Under Rule 201(b)(2) of the Federal Rules of Evidence, matters of public record, including the records and reports of administrative bodies, are proper subjects of judicial notice. *See also Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir.1986) and *Lundquist v. Continental Casualty Co.,* 394 F.Supp.2d 1230, 1243 (C.D.Cal.2005) (" '[a] court may take judicial notice of records and reports of administrative bodies,' such as notices and opinion letters issued by" an administrative agency). Indeed, courts regularly take judicial notice of similar documents. *See Wellbutrin SR/Zyban,* 281 F.Supp.2d at 755 n. 2 (recognizing that courts may take judicial notice of federal government or federal agency documents published on websites or otherwise); *U.S. ex rel. Spay v. CVS Caremark Corp.*, 913 F. Supp. 2d 125, 140 (E.D. Pa. 2012).

Here likewise, the FTC Staff Opinions are admissible pursuant to judicial notice.

### III.   THE FTC STAFF OPINIONS ARE RELEVANT ON THE ISSUE OF THE AMOUNT OF STATUTORY AND PUNITIVE DAMAGES THE JURY MAY AWARD

The Third Circuit has confirmed that the issue of willfulness is determined, in this instance, by whether ClosetMaid's actions were objectively reasonable. *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 249 (3d Cir. 2012).  One prong of the determination of "objective reasonableness" requires an examination as to whether there was "agency guidance" on point that was available and that would have steered a defendant away from the practices that were adopted. 707 F.3d 249.  The FTC Staff Opinions and other FTC publications thus present evidence of "agency guidance" that was freely available to

2

ClosetMaid, that would have steered them away from the Disclosure and Pre-Adverse Action practices that were adopted.

The availability of these agency guidelines is thus relevant to the factors the jury must assess in determining the amount of statutory and punitive damages. For example, Plaintiffs are proposing that the jury be charged on the amount of statutory damages as follows.

> You may consider the following factors in determining the amount of Statutory Damages to award each Class Member between $100 and $1,000: the defendant's sophistication; the clarity of the requirements the defendant violated; the defendant's persistent denial of its violative act; the defendant's failure to bring its practices into compliance despite ample time to do so, prior violations and liability of the defendant for the same illegal act; multiple violations; multiple accounts or transactions that were the subject of the same violation; the importance of deterrence; the consumer's injury; the egregiousness of the violation; and the existence of the defendant's liability insurance.

*See Plaintiffs' Proposed Jury Instructions*

Similarly, Plaintiffs are proposing the jury be charged on the amount of punitive damages as follows.

> If you choose to award punitive damages against the defendant, ClosetMaid, for willful violation of the Fair Credit Reporting Act, you may consider the following factors in considering such an award: The stated remedial purpose of the Fair Credit Reporting Act; the harm the consumer is expected to avoid or have corrected by those requirements; the manner in which the defendant conducted its business; the length of time before the defendant corrected its mistake; the degree of notice provided to the defendant about its mistake, and defendant's awareness of the mistake.
> If you find that punitive damages should be assessed against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

*Id.*

Moreover, to the extent it is at issue, these Letters are relevant to the fact that ClosetMaid willfully. *See Fuges, supra.* That the FTC Staff Letters put ClosetMaid on notice that their policies and practices were contrary guidance is relevant to the fact and extent of the willfulness of their conduct.

IV. **DEFENDANT IMPROPERLY CONFLATES *CHEVRON* DEFERENCE WITH THE FACTORS THAT A JURY MAY USE IN ASSESSING THE EXTENT OF A DEFENDANT'S WILLFUL CONDUCT**

ClosetMaid cites numerous cases for the incontrovertible proposition that FTC Staff Opinions are not binding. ECF 143 at pp. 2-5. Where Congress has authorized an agency to administer a statute, the agency's interpretation of the statute is entitled to deference. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 842–44 (1984). If the statute expressly delegates rulemaking authority to the agency, the agency's interpretation must be given effect as long as it is based on a permissible reading of the statute. *Id.* at 843*; S.E.C. v. McGee*, 895 F. Supp. 2d 669, 677 (E.D. Pa. 2012).

However, the Plaintiffs here are *not* asking the Court to construe the FCRA. Instead, the FTC Staff Opinions and publications are being proffered to demonstrate the level of "objective unreasonableness" of ClosetMaid's conduct. As demonstrated above, the guidance from the FTC is admissible and relevant for this purpose.

Wherefore, it is respectfully requested that Defendant's Motion In Limine as to the FTC Staff Letters and other publications be overruled.

December 13, 2013    **Respectfully submitted,**

R. CATHY REARDON,
For herself and on behalf of all similarly situated individuals**.**

_s/ James M. Pietz_

4

James M. Pietz
PIETZ LAW OFFICE LLC
429 Forbes Avenue, Suite 1616
Allegheny Building
Pittsburgh, PA 15219
412-288-4333
jpietz@jpietzlaw.com


Leonard A. Bennett
Consumer Litigation Associates
763 J. Clyde Morris Boulevard. Suite 1-A
Newport News, VA  23606
757-930-3660
lenbennett@clalegal.com

Christopher Colt North
The Consumer & Employee Rights Law Firm
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
757- 873-1010