IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. CATHY REARDON, on behalf of herself and all similarly situated individuals, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| CLOSETMAID CORPORATION, | ) ) ) |
| Defendant. | ) |

Civil Action No. 2:08-cv-01730

Judge Mark R. Hornak

*Electronically Filed*

**DEFENDANT'S RESPONSE IN OPPOSITION TO REMAINING
PORTIONS OF PLAINTIFFS' OMNIBUS MOTION IN LIMINE**

Defendant, ClosetMaid Corporation (hereinafter "ClosetMaid" or "Company"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., files this Response in Opposition to the Remaining Portions of Plaintiff's Omnibus Motion in Limine ("Plaintiffs' Motion").

Plaintiffs' Motion requests that this Court enter an order to preclude ClosetMaid from presenting "any" evidence that: (i) Ms. Reardon "knew that a consumer report would be pulled," and (ii) "any" argument that Ms. Reardon, or the individuals she represents, must show evidence of actual damages.[1]

Plaintiffs' Motion should be denied because evidence of Ms. Reardon's knowledge that a consumer report about her would be procured, as well as the failure to offer any evidence of actual damages as it relates to Ms. Reardon, or any other class member, is material, relevant, and appropriate for consideration by the jury in assessing any potential statutory or punitive damages

---

[1] Plaintiffs' Motion originally requested that this Court preclude ClosetMaid from offering evidence at trial as to three separate topics. Counsel for ClosetMaid conferred with class counsel regarding all pending motions *in limine* and class counsel informed counsel for ClosetMaid that it will be withdrawing its request as to topic one of Plaintiffs' Motion, i.e., that ClosetMaid should be precluded from arguing that, because Ms. Reardon signed two forms, the forms were "clear and conspicuous" as a matter of law under the Fair Credit Reporting Act ("FCRA"). Due to class counsel's withdrawal of that request, ClosetMaid does not address that issue in this Response.

against ClosetMaid.  Indeed, ClosetMaid should be permitted to present testimony and make arguments that Ms. Reardon's knowledge and understanding of the Disclosure and Authorization Forms she signed, particularly as the only representative of the Disclosure Class made available to ClosetMaid for discovery, can serve as a basis for measuring the extent of damages related to this Court's finding that ClosetMaid willfully violated the FCRA by including a release in the forms signed by her and by members of the Disclosure Class.  Moreover, ClosetMaid should also be permitted to argue that Ms. Reardon's and the Disclosure Class members' failure to offer evidence of any actual harm due to ClosetMaid's inclusion of the release language serves to mitigate any statutory or punitive damages that a jury may assess against it.

In the Memorandum of Support of Plaintiffs' Motion, Plaintiffs cite several cases for the proposition that, in the FCRA context, a plaintiff may recover statutory damages even in cases where they do not offer evidence of actual damages.  See Pl's Brief, pp. 3-4 (citing Murray v. GMAC Mortg. Corp., 434 F.3d 948 (7th Cir. 2006) and Beaudry v. Telecheck Servs., Inc., 579 F.3d 702 (6th Cir. 2009)).  But Plaintiffs' citation of these cases misses the mark in that they do not stand for the proposition Plaintiffs suggest, i.e., that a court should exclude evidence or argument regarding whether the failure to allege or prove any evidence of actual harm for a violation of the FCRA can be a factor for mitigation of statutory or punitive damages or a basis to deny such damages as a matter of law.  Rather, those cases stand only for the proposition that a plaintiff can obtain statutory damages without evidence of actual damages, not that a defendant, such as ClosetMaid, cannot argue to a jury that evidence of actual harm should and can be a basis for measuring damages under the FCRA.

In fact, ClosetMaid should be permitted to make such argument to the jury because the absence of any actual harm, whether relating to the contents of ClosetMaid's Disclosure and Authorization Forms, or in relation to the Pre-Adverse Action Sub-Class, is material and relevant

to Plaintiffs' claims for statutory or punitive damages. See FED. R. CIV. P. 401. For example, the fact that Plaintiffs have not and cannot provide evidence that any class member was not fully aware that ClosetMaid intended to procure a consumer report about them could and should be used by the jury in determining the amount of statutory damages that could be assessed against ClosetMaid because, based upon this Court's earlier rulings, it addresses the severity of any violation of the FCRA by ClosetMaid, along with the degree to which ClosetMaid may have violated the FCRA.

In passing, Plaintiffs also request that this Court order that ClosetMaid be prohibited from offering testimony that Ms. Reardon knew or understood that ClosetMaid would procure a consumer report about her. Plaintiffs claim that such evidence is irrelevant.

To the contrary, such an admission is highly relevant and ClosetMaid should be permitted to proffer such evidence to defend against claims for damages. Once again, the fact that class members knew and understood that ClosetMaid would procure a consumer report about them, i.e., that the underlying purposes of the FCRA forms were met and satisfied, is directly relevant to the calculation and award of damages. It also is relevant to any considerations given to a potential award of punitive damages.

In its December 2, 2013 Opinion, this Court entered summary judgment on behalf of ClosetMaid with respect to those individuals that who received both Notice and Authorization Forms, dismissing Ms. Reardon's personal Disclosure Class claim. The Court also found that Ms. Reardon could no longer serve as class representative for the Disclosure Class, and that class counsel must arrange for a substitute class representative.

Consequently, the issues raised in Plaintiffs' Motion crystallize the myriad of evidentiary issues implicated by the Court's Opinion. Indeed, despite the fact that Ms. Reardon is no longer the class representative for the Disclosure Class, she was the representative at the time of her

deposition and ClosetMaid should be permitted to rely on, and use, her testimony at trial. If not, then ClosetMaid should be permitted the opportunity to discover evidence about the yet to be identified new class representative and to take that person's deposition. To preclude ClosetMaid from relying upon or otherwise using Ms. Reardon's testimony, without permitting ClosetMaid to discover evidence regarding the new class representative[2], would be unfair and prejudicial to ClosetMaid's defense in this case, particularly given that, as of this date, ClosetMaid is unaware of the identity of the new putative class representative and trial is scheduled to begin in 24 days.

Therefore, ClosetMaid respectfully requests that this Court deny Plaintiffs' Motion.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

/s/ **W. Scott Hardy**

W. Scott Hardy, Esq.
PA I.D. No. 79225
scott.hardy@ogletreedeakins.com

Philip K. Kontul, Esq.
PA I.D. No. 94156
philip.kontul@ogletreedeakins.com

One PPG Place
Suite 1900
Pittsburgh, PA  15222-1237
Telephone: (412) 394-3333
Facsimile: (412) 232-1799

Counsel for ClosetMaid Corporation

Dated:  December 13, 2013

---

[2]  ClosetMaid should also be permitted to take discovery of the putative substitute class representative to scrutinize whether he or she satisfies the requisites of Federal Rule of Civil Procedure 23.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO REMAINING PORTIONS OF PLAINTIFFS' OMNIBUS MOTION IN LIMINE** was filed electronically on December 13, 2013. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ **W. Scott Hardy**

Counsel for Defendant

16657087.1