**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| R. CATHY REARDON, *on behalf of herself and all similarly situated individuals*, | ) ) ) ) | Civil Action No. 2:08-cv-01730 |
| Plaintiffs, | ) ) | Judge Mark R. Hornak |
| v. | ) ) | ***Filed Electronically*** |
| CLOSETMAID CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFFS' MOTION IN LIMINE REGARDING WILLFULNESS**

AND NOW COMES the Defendant, ClosetMaid Corporation ("ClosetMaid"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and files this Memorandum in Opposition to Plaintiff's Motion in Limine Regarding Willfulness, and in support thereof states the following:

<u>ARGUMENT</u>

Plaintiffs' purported argument that ClosetMaid should be excluded from offering evidence as to why ClosetMaid did not act "willfully" is wholly without merit and should be denied.  To the contrary, ClosetMaid disclosed and produced relevant evidence clearly demonstrating that it attempted to, and in fact did, comply with the Fair Credit Reporting Act ("FCRA"). Indeed, the testimony of Ms. Catherine Beal, ClosetMaid's 30(b)(6) designee, adequately sets forth ClosetMaid's efforts to comply with the FCRA and coincides with the testimony proffered by other members of ClosetMaid's human resources department; particularly, the testimony of Ms. Jennifer Boring and Ms. Mary Price.  In attempt to preclude such testimony, Plaintiffs misapprehend the missing witness and missing document inferences; both of which are wholly inapplicable.  Moreover, ClosetMaid's subjective good faith and intent

1

to comply with FCRA, as evidenced by ClosetMaid's proffer of the American Background disclosure containing release language similar to the Authorization, its reliance on the actions of its third party consumer reporting agencies in issuing their reports pursuant to ClosetMaid's FCRA disclosures and authorizations, and the complexity, obscurity and highly technical nature of the FCRA itself, is entirely relevant in determining the amount of statutory damages and punitive damages to be imposed against ClosetMaid, if any.  Finally, Plaintiffs' assertion that ClosetMaid be prevented from arguing as to the issue of a negligent violation of FCRA disregards the Court's Order wherein liability was not determined as to the remaining members of the Pre-Adverse Action Sub-Class.  As this issue remains in dispute, Plaintiffs' do not enjoy the unilateral right to preclude a jury from concluding ClosetMaid acted negligently just because Plaintiffs have forgone their right to seek damages under such a finding.  Indeed, Plaintiffs' attempt to preclude critically relevant and admissible evidence is wholly without merit and should be denied in accordance with Federal Rule of Evidence 401.

I.    **ClosetMaid disclosed and produced admissible evidence clearly demonstrating that it attempted to, and in fact did, comply with the Fair Credit Reporting Act.**

Plaintiffs' attempt to prevent ClosetMaid from offering evidence and argument as to ClosetMaid's efforts to comply with FCRA is somewhat puzzling because in seeking this preclusion, Plaintiffs argue that ClosetMaid "did not produce any evidence of the actions that it took in developing or implementing policies that it would comply with the FCRA."  See Docket # 151 at 2.  Yet, such an argument begs the question: If ClosetMaid really did fail to provide any such evidence, why would Plaintiffs need to assert such an argument?

In actuality, ClosetMaid, through its employee-witnesses, including the testimony of its 30(b)(6) designee, Ms. Catherine Beal, proffered a substantial amount of relevant evidence demonstrating ClosetMaid's good faith efforts to ensure compliance with FCRA.  *See* ClosetMaid's Statement of Undisputed Facts at #3, 4, 11, & 12 (Docket #95) (hereinafter,

"ClosetMaid Facts at #___"). Particularly, these efforts were identified at length during discovery and involved researching human resource sources including the Society for Human Resource Management ("SHRM"), the Bureau of Labor Reporting, and AER Employer Legislative; consulting government and legal websites; attending, seminars; continually reviewing, revising and updating their FCRA forms; and participating in human resource discussion groups. ClosetMaid Facts at ## 3, 4, 11, & 12. Indeed, Plaintiffs are remiss in alleging that ClosetMaid's purportedly lacked any sort of "policy implementation" when in fact ClosetMaid proffered its Salaried Recruiting Policy which was questioned at length by Plaintiffs' during the depositions of Ms. Beal. *See* ClosetMaid Facts, at ## 3, 4, & 12. Not only this is evidence relevant in determining the amount of statutory damages that may be imposed by the jury as to the Disclosure Class, it is particularly relevant to the Pre-Adverse Action Sub-Class where both a determination as to liability and the potential for an award of damages, if any, remains outstanding. (Docket #161). In fact, the Salaried Recruiting Policy is of particular relevance because it sets forth in detail ClosetMaid's procedures for addressing those instances where an adverse action may be taken that is based in whole in or in part on an applicant's consumer report. *See* ClosetMaid Facts, at ## 3, 4, & 12

Plaintiffs also allege that they are entitled to a "missing witness and missing document inference"; however, Plaintiffs' argument simply misses its mark. (Docket #151, at 5-7). In seeking these inferences, Plaintiffs inaccurately and unfairly characterize the testimony of Ms. Beal. Plaintiffs assert that Ms. Beal "did not know when or by whom the FCRA documents and process was created." (Docket #151, at 5). Seizing on these fragmented portions of testimony, Plaintiffs go on to request a missing witness and missing document inference by alleging that: 1) ClosetMaid "has not procured, disclosed or identified any actual or specific bulletin, attorney advice or even third party website that supports its policy and FCRA interpretations" nor has 2)

ClosetMaid "identified or disclosed even a specific employee or other person who made such a FCRA compliance effort." (Docket # 151, at p. 5). These allegations are simply without merit.

As a preliminary matter, neither *Safeco* nor *Fuges* require that ClosetMaid procure, disclose or identify any actual or specific bulletin, attorney advice or third party website that supports ClosetMaid's policy. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007); *see also Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241 (3d Cir. 2012). Rather, it is the FCRA itself, in conjunction with ClosetMaid's objectively reasonable interpretation thereof that is controlling. *Safeco*, 551 U.S. at 69-70. Moreover, the "uncertain" light in which Plaintiffs seek to cast Ms. Beal's testimony is a bald misrepresentation. Rather, Ms. Beal testified that she, as Vice President of Human Resources, had duties and responsibilities with regard to ClosetMaid's FCRA forms; particularly, she confirmed her duty to abide by FCRA and described her efforts in doing so as going to seminars, using services such as the Bureau of Labor Reporting, and AER Employer, consulting legal websites and other applicable information to keep ClosetMaid apprised of laws and regulations. *See* ClosetMaid Facts, at #11. Although Ms. Beal could not remember "exactly who she worked with or when they [the forms] were created, she did acknowledge that she worked with members of management to create them. ClosetMaid Facts, at #11.

Indeed, the fact that Ms. Beal may not have remembered or did not know the answers to certain questions posited by Plaintiffs' counsel does not entitle Plaintiffs to a missing witness or document inference. Rather, a corporation's obligation under 30(b)(6) does not mean that the witness can never answer that the corporation lacks knowledge of a certain fact. *See QBE Ins. Corp. v. Jorda Enterprises*, Inc., 277 F.R.D. 676 (S.D. Fla. 2012). In fact, Rule 30(b)(6) is not designated to be a memory contest. *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 150 (S.D.N.Y. 1997). Simply because a defendant's witness could not answer

every question posed does not equate to the fact that there is a missing or unqualified witness. *Wilson v. Lakner*, 228 F.R.D. 524, 519 (D. Md. 2005). Absolute perfection is not required of a 30(b)(6) witness. *QBE Ins. Corp.*, 277 F.R.D. at 691. Further, the mere fact that a designee could not answer every question on a certain topic does not necessarily mean that the corporation failed to comply with its obligation. *Costa v. County of Burlington*, 254 F.R.D. 187, 191 (D.N.J.2008); *Chick-fil-A v. ExxonMobil Corp.*, , 2009 WL 3763032, at *13 (S.D. Fla. Nov. 10, 2009) (explaining that the corporation need not produce witnesses who know every single fact-only those relevant and material to the incidents underlying the lawsuit). Ms. Beal answered the vast majority of questions posed and her testimony was responsive and informative. Moreover, as Vice President of Human Resources, and the individual with the overall responsibility for the creation of ClosetMaid's FCRA forms, it is difficult to imagine what "missing witness" Plaintiffs propose ClosetMaid should have proffered.

As such, ClosetMaid respectfully requests Plaintiffs' Motion in Limine as to willfulness be denied.

## II. Evidence of ClosetMaid's Subjective, Good Faith Intent is Relevant for Purposes of Determining Statutory and Punitive Damages

Despite Plaintiffs' contention to the contrary, ClosetMaid's reliance on third party consumer reporting agencies, the release language included the American Background FCRA disclosure/authorization, the highly complex and technical nature of the FCRA itself, and ClosetMaid's subjective, good faith intent to comply therewith are all relevant and their exclusion would be highly prejudicial to ClosetMaid. Indeed, all of this evidence has a direct impact on: (i) the amount of statutory damages that may be awarded by the jury, (ii) whether and to what extent punitive damages may be awarded, and (iii) the jury's determination as to ClosetMaid's liability as to the Pre-Adverse Action Sub-Class. As such, Plaintiffs' motion to exclude the aforementioned evidence should be denied.

Because liability and willfulness as to members of the Disclosure Class who received only the Authorization has been determined as a matter of law, the only issues that remain for the jury to decide are the amount of statutory damages that will be levied against ClosetMaid and whether, and to what extent, punitive damages may be imposed as to the Disclosure Class. Moreover, and although liability as yet to be determined as to the remaining members of the Pre-Adverse Action Sub-Class, if such liability is in fact imposed, the jury's determination as to the amount of damages to be imposed will also make the aforementioned evidence relevant as to the Pre-Adverse Action Sub-Class. Indeed, the law does not provide any clear and fixed statutory standard by which the jury is to determine the amount of statutory damages or punitive damages to be imposed under FCRA. As such, ClosetMaid must be permitted to present evidence and argument as to its efforts to comply with FCRA in order to enable the jury to properly and fairly make its damages determination.

ClosetMaid executed contracts with its third party consumer reporting agencies wherein these agencies agreed only to provide consumer reports to ClosetMaid if ClosetMaid made the necessary disclosure and procured the requisite authorization under FCRA. ClosetMaid Facts at #5. Moreover, one such consumer reporting agency, American Background, utilized a FCRA authorization that contained the very same release language as the ClosetMaid Authorization.[1] It is vital for the jury to understand that the sole express purpose of FCRA is "to require that *consumer reporting agencies* adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer., with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information…" 15 U.S.C. §1681(b) (*emphasis added*). Further, ClosetMaid is

---

[1]     Although Plaintiffs contend that this form was not timely disclosed, it was in fact produced at Bates #s CMC035959 – CMC035961.

6

mere a user of consumer reports.  Its reliance on and utilization of forms such as the American Background disclosure/authorization that are prepared by the very agencies for which FCRA is intended to regulate can hardly be excluded as irrelevant.  Furthermore, this reliance is only exacerbated by the complexity and obscurity of FCRA.  Perhaps there is no better evidence of this complexity than the different opinions proffered in this case and the wholly inapposite conclusions reached by the *Singleton* and *Smith* Courts, is also relevant to this determination of damages.  *See Singleton v. Domino's Pizza*, 2012 WL 245965 (D. Md. Jan. 25, 2012; *see also Smith v. Waverly Partners, LLC*, 2012 WLO 3645324 (W.D. N.C. Aug. 23, 2012).

Indeed, *Safeco* and *Fuges* set forth an objective reasonableness standard for determining liability; however, they do not stand for the proposition, nor have Plaintiffs identified any authority, precluding a jury's consideration of a defendant's subjective good faith intent for purposes of determining statutory and/or punitive damages.  *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007); *see also Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241 (3d Cir. 2012).  As such, the fact that ClosetMaid, as only a user of consumer reports, was provided consumer reports from these agencies based on the Authorization is highly relevant to a jury's determination

**III.  Whether ClosetMaid acted negligently as to the Pre-Adverse Action Sub-Class is a disputed issue of fact and cannot be precluded as irrelevant.**

Plaintiffs' speciously seek to preclude ClosetMaid from arguing that if did in fact commit a violation of FCRA, which ClosetMaid at all times denies, that such violation was negligent at best.  (Docket #151, p. 8).  Liability as to the Pre-Adverse Action Sub-Class remains a disputed issue of fact.  (Docket # 161).  As such, Plaintiffs' do not enjoy the unilateral right to preclude a jury from concluding, based on evidence and argument presented by ClosetMaid, that ClosetMaid committed only a negligent violation of FCRA, if any.  Just because Plaintiffs have

forgone their right to seek actual damages under a theory of negligent, does not preclude the jury from finding as such.

Based on the foregoing, ClosetMaid respectfully requests this Honorable Court deny Plaintiffs' Motion In Limine Regarding Willfulness.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*/s/ Philip K. Kontul*
W. Scott Hardy, Esq.
PA I.D. No. 79225
scott.hardy@ogletreedeakins.com

Philip K. Kontul, Esq.
PA I.D. No. 94156
philip.kontul@ogletreedeakins.com

One PPG Place
Suite 1900
Pittsburgh, PA  15222-1237
Telephone: (412) 394-3333
Facsimile: (412) 232-1799

Counsel for ClosetMaid Corporation

Dated:  December 13, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S MEMORANDUM OF LAW INOPPOSITION TO PLAINTIFFS' MOTION IN LIMINE REGARDING WILLFULNESS** was filed electronically on December 13, 2013.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Philip K. Kontul*
Counsel for Defendant

16657217.1

9