UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| R. CATHY REARDON | ) | |
| On behalf of herself and all | ) | |
| similarly situated individuals, | ) | |
| | ) | |
| Plaintiffs, | ) | NO. 2:08cv1730 MRK |
| v. | ) | |
| CLOSETMAID CORPORATION | ) | Hon. Judge Mark R. Hornak |
| | ) | |
| Defendant. | ) | Class Action |

**PLAINTIFF'S MEMORANDUM PROFERRING MECHANISM OF PROOF OF LIABILITY FOR PRE-ADVERSE ACTION CLAIMS**

Class Representative R. Cathy Reardon, by and through her undersigned counsel, on behalf of the Class, respectfully submits the following statement of Plaintiff's intended mechanism for proof of 15 U.S.C. § 1681b(b)(3) liability.

The "law of the case" doctrine is not be alien to both sides of this divide. On December 2, 2013 the Court granted Summary Judgment in part to both sides. The decision itself was 38 pages. Reasonable litigants adjust and move forward. And not simply by preference., but as well by law. As the Third Circuit has summarized:

> The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (quoting *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)); *see also ACLU v. Mukasey,* 534 F.3d 181, 187 (3d Cir.2008). "Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.,* 123 F.3d 111, 116 (3d Cir.1997) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward Cooper, *Federal Practice and Procedure* § 4478, at 788 (1981)); *see also Casey v. Planned Parenthood of Se. Pa.,* 14 F.3d 848, 856 (3d Cir.1994).

*Daramy v. Attorney Gen. of U.S.*, 365 F. App'x 351, 354 (3d Cir. 2010).  The Court's decision was correct.  Both ways.  But even if Plaintiff believed otherwise, that belief is immaterial.  The law of the case is as detailed in that decision.  Despite that fact, Defendant has not adapted its position.  The Motions in Limine that remain are actually those that should have most certainly been withdraw.  The Defendant's proposed jury instructions ignore the law of the case.  The request for interlocutory certification is premised solely on a belief that the Court was wrong.  And germane to this pleading, all efforts by Plaintiff to create alternative structures for proof (or settlement) have been unsuccessful.

Plaintiff's overview herein is thus premised on Plaintiff's belief that the mechanism for proof to establish liability for the Pre-Adverse Action claim has been stated already in the Court's December 2, 2013 opinion.  Plaintiff's proposed jury instructions reflect that mechanism.  Its exhibit focus does.  And its trial presentation will.

There are two scenarios for trial.  The first of the following is most likely.  **Scenario One is a trial in which the three witnesses upon which Defendant depended are unable to testify upon their personal knowledge.**  This has already come to pass.  Plaintiff has moved to *voir dire* these summary judgment Declarants as to their personal knowledge.  However, Defendant has now withdrawn two of the three.  And the third witness is now intended solely to authenticate business records.  ClosetMaid has conceded that it will not attempt to prove (or even produce) a defense and explanation for adverse action through a live witness.  Instead, counsel has stated Defendant's intent to prove the defense through its business records.  But there are no such records identified, or in discovery produced.  Plaintiff thus awaits December 17, 2013 to learn how ClosetMaid will attempt to end-run its lack of personal knowledge.

Accordingly, if this scenario occurs as Plaintiff's expect there will not be any defense. Plaintiff's burden will be met through the circumstantial evidence that has already been established and found sufficient. As the Court has stated, if personal knowledge evidence is unavailable to ClosetMaid, Defendant would not have a means to "obviate the permissible inference that the consumer report procured at the latest stages of the hiring process played some role in the hiring decisions. That inference is generated by the combination of the timing of the reports' procurement within that process, the "selected for hire" standard, and the adverse action taken soon thereafter." *Reardon v. ClosetMaid Corp.*, 2:08-CV-01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013). Thus Plaintiff's mechanism is to prove the facts sufficient to establish the same inference obtained on summary judgment. Plaintiff will introduce Defendant's written (and unambiguous) hiring manual that details the stages at which a background check is obtained. As the Court correctly predicts, using the evidentiary summaries and pattern evidence comparable to the statistical proves considered in *Teamsters v. United States,*[1] "[I]f ClosetMaid were to not offer any proof, a fact finder would be permitted to find from the facts that no credit reports were obtained until an applicant had been 'selected for hire,' and that the declination of hire decision was made only after the reports were obtained, that they played at least some role in that declination decision." *Reardon v. ClosetMaid Corp.*, 2:08-CV-01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013).

In fact, Plaintiff intends if successful upon the witness *voir dire* to ask for reconsideration of the summary judgment denial and/or directed verdict. If the Defendant does not have a means despite two years of litigation to rebut its written procedures, its reality is obvious.[2] The only

---

[1] (431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977).
[2] The Court denied summary judgment because ClosetMaid's proffer and claim that it would have and use personal knowledge employees at trial. That "promise" is broken.

3

other remaining disputes for the Pre-Adverse Action class are the amounts of statutory damages[3] and what amount of (if any) punitive damages are awarded.

**Scenario Two is less likely, but occurs if the ClosetMaid finds a way to meet its production or "not pretext" burden.** If so, Plaintiff contemplates a "class member-by-class member" special interrogatory in which the jury would select "YES" or "NO" answers for each of the 50 class members to the question of whether or not the Plaintiff's circumstantial evidence and inference establish the use of the report in the face of Defendant's theoretical evidence otherwise.

Respectfully submitted,

By: ___*/s/ James M. Pietz*___
James M. Pietz
Pa I.D. No. 55406
Pietz Law Office LLC
429 Forbes Ave., Suite 1616
Pittsburgh, PA 15219
412-288-4333
E-mail: jpietz@jpietzlaw.com

Leonard A. Bennett, Esq.
Consumer Litigation Associates
763 J. Clyde Morris Boulevard
Suite 1-A
Newport News, VA 23601
(757) 930-3660
E-mail: lenbennett@clalegal.com

Christopher North. Esq.
751-A Thimble Shoals Blvd.
Newport News, VA  23606

---

[3] Plaintiff's counsel has exhaustively surveyed FCRA cases and other areas of law for developed jury instructions regarding the factors useful for determining a statutory damage amount. There is not much. But Plaintiff's jury instructions substantively detail this question of law.

4

(757) 873-1010
E-mail:  cnorthlaw@aol.com

*Counsel for the Representative And
Class Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 13th day of December, 2013, I caused a true and correct copy of Plaintiffs' Motion to Withdrawn Jury Demand to be served by way of ECF Notification upon the following counsel of record for the Defendant:

Maria Greco Danaher
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  maria.danaher@ogletreedeakins.com

W. Scott Hardy
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  scott.hardy@ogletreedeakins.com

Philip K. Kontul
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail: Philip.kontul@ODNSS.com

Thomas A. Smock
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  thomas.smock@ogletreedeakins.com

*/s/ James M. Pietz*
James M. Pietz
Pa I.D. No. 55406
Pietz Law Office LLC
429 Forbes Ave., Suite 1616
Pittsburgh, PA 15219
412-288-4333
E-mail:  jpietz@jpietzlaw.com