UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| R. CATHY REARDON ) | | |
| On behalf of herself and all ) | | |
| similarly situated individuals, ) | | |
| ) | | |
| Plaintiffs, ) | | NO. 2:08cv1730 MRH |
| v. ) | | |
| CLOSETMAID CORPORATION ) | | Hon. Judge Mark R. Hornak |
| ) | | |
| Defendant. ) | | **Class Action** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE PUNITIVE DAMAGES (Re: ECF 142)**

The Plaintiff is entitled to present evidence of ClosetMaid's willfulness, which the jury is entitled to consider in deciding whether to award punitive damages. In support of this opposition, and without repeating the Plaintiff's arguments on summary judgment, this issue has already been decided:

> The Court reaches no conclusion as to whether the Plaintiffs would be able to adduce proof that would support the award of punitive damages on this record, but only a conclusion that as a statutory matter, they would be available because ClosetMaid's actions were objectively unreasonable

*Reardon v. ClosetMaid Corp.*, 2:08-CV-01730, 2013 WL 6231606, at n.10 (W.D. Pa. Dec. 2, 2013).  With respect to ClosetMaid's argument that the Plaintiff should be foreclosed from introducing evidence of ClosetMaid's income or net worth, the Plaintiff incorporates her argument in opposition to Defendant's Motion in Limine to Exclude Evidence of Emerson's "Worth."  The Defendant's Motions in Limine were filed prior to the Court's decision on the cross-motions for summary judgment, thus it is Plaintiff's position that Defendant's argument is moot.  However, in abundant caution, the Plaintiff

1

incorporates her arguments in the issue of punitive damages in the cross-motions for summary judgment, and now opposes the Defendant's motion. The Third Circuit has long held that reckless disregard of one's duties under the FCRA constituted willfulness, and that has been the law of this Circuit well before the United States Supreme Court made it the law of the land. *See, Cushman v. Trans Union Corp.*, 11 F.3d 220, 226 (3d Cir. 1997); *Safeco Ins. Co. v. Burr,* 551 U.S. 47, 57-60 (2007). In *Safeco*, the Supreme Court held that a party willfully violated the FCRA if it acted in reckless disregard of its duties and its conduct was objectively unreasonable. The Court has determined, and it is the law of the case, that ClosetMaid's conduct was "objectively unreasonable" as a matter of law. *Reardon*, 2013 WL 6231606, at 11. The Plaintiff is thus entitled to present evidence of willful non-compliance in order to establish the level of punitive damages that may be appropriate.

In its Motion *in Limine*, Defendant argues that the Plaintiff should be prohibited from introducing evidence of willfulness because:

(1) Whether to allow punitive damages is at the discretion of the court, not a question to be decided by a jury;

(2) Plaintiff's can't prove that ClosetMaid's violation of the FCRA was willful because there is no evidence of "willful concealment" or "misrepresentation" or "other proofs";

(3) even if relevant, the evidence would not be probative,

(4) even if probative, unfair prejudice would outweigh probative value.

First, it should be noted, that the Defendant has failed to cite a single precedent holding that the Court awards the amount of punitive damage. Neither this court nor the

Third Circuit has ever so held. This court has held that a jury is entitled to make such a determination, but it is within the court's discretion to determine whether the amount is allowable under the law. *Dixon-Rollins v. Experian Info. Sols. Inc.,* 753 F.Supp.2d. 452, 466 (E.D.Pa. Sept. 23, 2010). Defendant has cited *Safeco Ins. Co. v. Burr* in support of its argument that any violation of the FCRA by ClosetMaid was negligent, and not willful, therefore the award of punitive damages is not authorized by the statute. (Def.'s Motion in Limine at 2)(Doc. 142). For reasons explained in this memo, despite its reliance on *Safeco*, the Defendant has not cited to a single, cognizable authority to support its argument that evidence and argument in support of punitive damages should be excluded.

First, the plain language of the statute clearly provides for punitive damages in this case. 15 U.S.C. § 1681n; *Reardon*, 2013 WL 6231606, at *11, & n. 10. The Court has indicated that it is the Plaintiff's burden to adduce evidence in support of her claim for punitive damages. *Reardon*, 2013 WL 6231606, at *11, & n. 10.

Next, without citation to any precedent establishing that any of these factors are relevant to a determination of punitive damages, the Defendant argues that there is no evidence of "willful concealments," "misrepresentations," or any "other proofs." The Plaintiff need not show malice or even an intentional violation of the statute, the Plaintiff needs only to show that ClosetMaid's actions were reckless. *Safeco,* 551 U.S. at 57-60; *accord Reardon*, 2013 WL 6231606, at *11-12. That's the standard for the violation pled in the Complaint and that's being tried on January 6, 2014 – neither intent nor malice are relevant. There are, for instance, other violations enumerated in the FCRA -- such as under 15 U.S.C. 1681n(b), not at issue here -- where the cause of action arises when the

Defendant has knowingly violated the statute. But that's a different cause of action not implicated in this case.

Finally, the Defendant argues that the prejudice of the evidence would outweigh the probative value. In this case, the Plaintiff is entitled to a jury determination of the level of ClosetMaid's willfulness based, among other things, on the evidence of the non-compliance with the statute and the information that was available to it at the time ClosetMaid developed and implemented its policies. *Dixon-Rollins*, 753 F.Supp.2d. at 466. While evidence of the Defendant's willfulness may make it uncomfortable, it does not legally prejudice it from putting on its defense or directing the jury toward a determination that is permitted by law. Furthermore, the relative wealth of the Defendant is well-settled as a relevant and proper consideration for the jury to consider when deciding a punitive damages award. *Id*.

## CONCLUSION

For these reasons, the Defendant's Motion in Limine should be denied.

Respectfully submitted,

By:   *s/ James M. Pietz*
      James M. Pietz
      Pa I.D. No. 55406
      Pietz Law Office LLC
      429 Forbes Ave., Suite 1710
      Pittsburgh, PA 15219
      412-288-4333
      E-mail: jpietz@jpietzlaw.com

      Leonard A. Bennett, Esq.
      Consumer Litigation Associates
      763 J. Clyde Morris Boulevard
      Suite 1-A
      Newport News, VA 23601
      (757) 930-3660

E-mail:  lenbennett@clalegal.com

Christopher North. Esq.
751-A Thimble Shoals Blvd.
Newport News, VA  23606
(757) 873-1010
E-mail:  cnorthlaw@aol.com

*Counsel for the Representative And Class Plaintiff*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on this 13th day of December, 2013, I caused a true and correct copy of Plaintiff's Opposition to Defendant's Motion *In Limine* to Exclude Evidence of Punitive Damages to be served by way of ECF Notification upon the following counsel of record for the Defendant:

W. Scott Hardy
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  scott.hardy@ogletreedeakins.com

Philip K. Kontul
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  Philip.kontul@ODNSS.com

           *s/ James M. Pietz*
           James M. Pietz
           Pa I.D. No. 55406
           Pietz Law Office LLC
           429 Forbes Ave., Suite 1710
           Pittsburgh, PA 15219
           412-288-4333
           E-mail:  jpietz@jpietzlaw.com