# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
## PITTSBURGH DIVISION

| | | |
|---|---|---|
| **R. CATHY REARDON** | ) | |
| **On behalf of herself and all** | ) | |
| **similarly situated individuals,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **NO. 2:08cv1730 MRK** |
| **v.** | ) | |
| **CLOSETMAID CORPORATION** | ) | **Hon. Judge Mark R. Hornak** |
| | ) | |
| **Defendant.** | ) | **Class Action** |

<u>PLAINTIFF'S PROPOSED POINTS FOR CHARGE</u>

Class Representative R. Cathy Reardon, by and through her undersigned counsel, on behalf of the Class, respectfully submits the following Proposed Points for Charge:

PLAINTIFF'S INSTRUCTION NO. P-1

This is a class action.  The law provides that where there are a large number of people in a similar situation, a lawsuit may proceed as a class action.

I have determined that this case may proceed as a class action.   Now you will decide the case for every member of the Class.  Whatever you decide in your verdict will be binding upon all members of the Class, who number in the hundreds.

A class action is a mechanism to resolve disputes in a single trial so every member of the Class need not put on his or her own evidence.   Thus, no Class member needs to be present at trial and you are not to draw any inferences from the fact that any Class member was or was not present at trial.  No class member need testify at trial, and you may not draw any inferences from the fact that any Class member testified or did not testify.

See generally Samuel–Bassett v. Kia Motors America, Inc., Jan. Term 2001, No. 2199 (Phila. Ct. Com. Pl.), Judge Bernstein's Jury Instructions, Trial Tr. 31-33.

National Consumer Law Center, CONSUMER CLASS ACTIONS, § 14.2 (6th ed. 2006).

PLAINTIFF'S INSTRUCTION NO. P-2

Plaintiff Cathy Reardon, on behalf of herself and similarly situated individuals, alleges that the Defendant, ClosetMaid Corporation ("ClosetMaid"), disqualified applicants for employment on the basis of background checks, known in the law as consumer reports, in a manner violative of a federal law titled the Fair Credit Reporting Act, or FCRA.  Specifically, Plaintiffs allege that ClosetMaid obtained and relied upon consumer reports without obtaining the appropriate disclosures required by the FCRA.  This is known as the "Disclosure Claim". Plaintiffs further allege that ClosetMaid failed to provide applicants for employment a reasonable amount of time to dispute the information contained in the consumer reports, and requisite statutory notice of an adverse employment action, prior to refusing to hire them based on such reports.  This is known as the "Pre–Adverse Action Claim".

Reardon v. ClosetMaid Corp., 2:08-CV-01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013)

PLAINTIFF'S INSTRUCTION NO. P-3

The relevant text of the Fair Credit Reporting Act states as follows:

(2) Disclosure to consumer
(A) In general
[A] person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless--

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person of the consumer's rights under section 1681m(a)(3) of this title; and

(3) Conditions on use for adverse actions
(A) In general
[I]n using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates-

(i) a copy of the report; and

(ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

15 U.S.C.A. § 1681b(b)

PLAINTIFF'S INSTRUCTION NO. P-4

The purpose of the Fair Credit Reporting Act, in the words of the statute, is to meet the needs of commerce for consumer credit, personnel, insurance and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy and proper utilization of such information.

See 15 U.S.C.A. § 1681(b).

3A Fed. Jury Prac. & Instr. § 153:10 (6th ed.), 3A Fed. Jury Prac. & Instr. § 153:10 (6th ed.)

PLAINTIFFS' INSTRUCTION NO. P-5

The Representative Plaintiff, Ms. Reardon, and all members of the Class are "consumers"

entitled to the protection and benefit of the FCRA.  I shall refer to them as "the Class" or

"Plaintiffs."  The Defendant, ClosetMaid is a "user" of consumer reports under the FCRA and is

regulated by the FCRA.  I shall refer to it as "ClosetMaid" or "Defendant." The term "consumer

reporting agency" means the company that furnished and sold consumer reports to ClosetMaid.

See Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, § 92.03; 15 U.S.C.
§1681a (definitions); 15 U.S.C. § 1681i(a)(2).

PLAINTIFF'S INSTRUCTION NO. P-6

STIPULATED FACTS

PLAINTIFFS' INSTRUCTION NO. P-7

I have already determined that ClosetMaid willfully violated Section 1681b(b)(2) of the

FCRA.  You are instructed that ClosetMaid willfully violated the FCRA for the Disclosure Class.

For the FCRA Disclosure Claim, specifically, ClosetMaid's inclusion of a waiver of

rights provision in the Authorization Form contravenes the FCRA's requirement that a "clear and

conspicuous" disclosure appear "in a document that consists solely of the disclosure."

ClosetMaid inclusion of a waiver of rights from the consumer in its FCRA disclosure

form directly conflicted with the FCRA's clear prohibition on an employer's inclusion of any

additional provision, excluding the authorization itself, in the disclosure form.

Reardon v. ClosetMaid Corp., 2:08-CV-01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013)

## PLAINTIFF'S INSTRUCTION NO. P-8

The FCRA requires that an employer provide an applicant with advance notice of the employer's intention to take any adverse action on the basis of information contained in the applicant's consumer report. The employer must also provide the applicant with a copy of the consumer report and a summary of rights under the FCRA,

Section 1681b(b)(3)(A) provides that "before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates" the consumer report and summary of rights. 15 U.S.C. § 1681b(b)(3)(A) (emphasis added).

Reardon v. ClosetMaid Corp., 2:08-CV-01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013)

PLAINTIFF'S INSTRUCTION NO. P-9


I have previously ruled that the Plaintiffs have presented sufficient evidence to demonstrate that ClosetMaid's policy and practice during the relevant time period for the was to procure consumer reports only after a prospective employee was deemed qualified and "selected to hire." This evidence therefore raises an inference that any decision on the part of ClosetMaid not to hire a Pre-Adverse Action class member applicant once his or her consumer report has been procured was based, at least in part, on the use of the report.  ClosetMaid may rebut that inference if it proves that as to a particular applicant, his or her consumer report played no role at all.

Reardon v. ClosetMaid Corp., 2:08-CV-01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013);
Model Civ. Jury Instr. 3rd Cir. 5.1.2 (2011), Model Civ. Jury Instr. 3rd Cir. 5.1.2 (2011)

PLAINTIFFS' INSTRUCTION NO. P-10


I have already determined that ClosetMaid willfully violated Section 1681b(b)(3) of the

FCRA.  You are instructed that ClosetMaid willfully violated the FCRA for the Pre-Adverse

Action Class.

PLAINTIFF'S INSTRUCTION NO. P-11

A defendant acts willfully under the FCRA by either knowingly or recklessly disregarding its statutory duty. A defendant's conduct is reckless only if it was "objectively unreasonable" in light of "legal rules that were 'clearly established' at the time." In other words, an employer "cannot be said to have willfully violated FCRA if the company acted on a reasonable interpretation" of the FCRA.

Reardon v. ClosetMaid Corp., 2:08-CV-01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013)

<u>PLAINTIFF'S INSTRUCTION NO. P-12</u>

I have taken judicial notice of four "opinion letters" written and made available to the public by

the Federal Trade Commission ("FTC").


1.      The Hauxwell FTC Letter was published on June 12, 1998, and it stated:

"While we believe that you may combine the disclosure and authorization ..., we note that your draft disclosure includes a waiver by the consumer of his or her rights under the FCRA. The inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA, which requires that a disclosure consist "solely" of the disclosure that a consumer report may be obtained for employment purposes. Moreover, it is a general principle of law that benefits provided to citizens by federal statute generally may not be waived by private agreement unless Congress intended such a result."

Letter from William Haynes, Attorney, Div. of Credit Practices, Fed. Trade Comm'n, to Richard W. Hauxwell, CEO, Accufax Div. (June 12, 1998), 1998 WL 34323756 (F.T.C.),


2.      The Hawkey FTC Letter was published on December 18, 1997, and it stated:

Where an employer includes a disclosure in an employment application, "an employer that follows this procedure must also clearly and conspicuously disclose in a completely separate document that a consumer report may be obtained for employment purposes, as required by [section 1681b(b)(2)(A) ].  Nothing else may appear on the document that detracts from the disclosure required by [section 1681b(b)(2)(A)]."

Letter from William Haynes, Attorney, Div. of Credit Practices, Fed. Trade Comm'n, to Harold Hawkey, Employers Assoc. of N.J. (Dec. 18, 1997), 1997 WL 33791224 (F.T.C.),


3.      The Steer FTC Letter was published on October 21, 1997, and it stated:

"The reason for specifying a stand-alone disclosure was so that consumers will not be distracted by additional information at the time the disclosure is given. We believe that including an authorization in the same document with the disclosure ... will not distract from the disclosure itself; to the contrary, a consumer who is required to authorize procurement of the report on the same document will be more likely to focus on the disclosure. However, such a document should include nothing more than the disclosure and the authorization for obtaining a consumer report.

Letter from Cynthia Lamb, Investigator, Div. of Credit Practices, Fed. Trade Comm'n, to Richard Steer, Jones Hirsch Connors & Bull, P.C. (Oct. 21, 1997), 1997 WL 33791227 (F.T.C.), 1 (emphasis added)

PLAINTIFF'S INSTRUCTION NO. P-13

Considering this FTC agency guidance, all of which was available at the time the Authorization Form was in use by Defendant for members of the Class, ClosetMaid's position with regard to its inclusion of a waiver of rights provision in the Authorization Form is legally insupportable. The Authorization Form is facially contrary to the FCRA, and all of the administrative guidance on the questions.

Reardon v. ClosetMaid Corp., 2:08-CV-01730, 2013 WL 6231606 (W.D. Pa. Dec. 2, 2013)

PLAINTIFF'S INSTRUCTION NO. P-14

In addition to statutory damages, Plaintiff is claiming punitive damages in this case. Punitive damages may be awarded if you find that ClosetMaid willfully violated the FCRA. Plaintiff has the burden of proving punitive damages by a preponderance of evidence.

ClosetMaid acts willfully in violation of the FCRA by acting with "reckless disregard" of any consumer right set forth in the FCRA.  Reckless disregard entails an unjustifiably high risk of violating the law that is either known or so obvious that it should be known.  A defendant may also willfully violate the FCRA by adopting a policy with reckless disregard of whether it contravenes a plaintiff's rights under the FCRA.

Note that reckless disregard need <u>not</u> be knowing, intentional, premeditated or malicious. The Plaintiff here does not need to show that ClosetMaid deliberately violated the law, only that it acted with reckless disregard for his consumer rights.

See Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 57-68 (2007); 15 U.S.C. § 1681n; Levine v. World Financial Network Nat. Bank, 554 F.3d 1314, 1318 (11th Cir. 2009); Cortez v. Trans Union, LLC, 617 F.3d 688, 721-23 (3d Cir. 2010).

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-15

      If you find that the defendant violated the Fair Credit Reporting Act and such act was willful, you may assess punitive damages against the Defendant.   You may award punitive damages only if you find that the Defendant's actions were willful.

15 U.S.C. 1681(n) and (o); Yohav v. City of Alexandria Employees Credit Union, Inc., 827 F.2d 967 (4th Cir. 1987).

<u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. P-16</u>

Punitive damages are damages awarded for the purpose of punishing the defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. You should bear in mind, however, that the law requires that the amount of punitive damages, if any, must be fixed with calm discretion and sound reasoning. Punitive damages must never be awarded due to sympathy, bias or prejudice with respect to the parties.

If you choose to award punitive damages against the defendant, ClosetMaid, for willful violation of the Fair Credit Reporting Act, you may consider the following factors in considering such an award: The stated remedial purpose of the Fair Credit Reporting Act; the harm the consumer is expected to avoid or have corrected by those requirements; the manner in which the defendant conducted its business; the length of time before the defendant corrected its mistake; the degree of notice provided to the defendant about its mistake, and defendant's awareness of the mistake. If you find that punitive damages should be assessed against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

As instructed in Brim v. Midland Credit Mgmt., Inc., 795 F. Supp. 2d 1255 (N.D. Ala. 2011).

PLAINTIFF'S INSTRUCTION NO. P-17

If you choose to assess punitive damages against a Defendant under the Fair Credit Reporting Act, you may consider the following factors in assessing the award:

a) The remedial purpose of the Fair Credit Reporting Act;

b) The harm to consumers intended to be avoided or corrected by this Act's requirements;

c) The manner in which the Defendant conducted its business;

d) The length of time before the defendant corrected its violation;

e) The degree of notice provided to the Defendant about its violation;

f) Defendant's awareness of the violation;

g) The Defendant's income and net worth;

Mullins v. Equifax Info. Servs., LLC, CIV. 3:05CV888, 2007 WL 2471080 (E.D. Va. Aug. 27, 2007); Saunders v. Branch Banking And Trust Co. Of VA, 526 F.3d 142 (4th Cir. 2008); Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694 (W. Va. 1990); Dalton, 257 F.3d at 418. (4th Cir. ); Diprinzio v. MBNA America Bank, N.A., 2005 WL 2039175 (E.D. Pa. 2005). TXO Prod. Corp. v. Alliance Resources Corp., 509 U.S. 443, 460-61 (1993); Pinner v. Schmidt, 805 F.2d 1258 (5th Cir. 1986); Collins v. Retail Credit Co., 410 F. Supp. 924 (D. Mich. 1976). Fury Imports, Inc. v. Shakespeare Co., 554 F.2d 1376, 1389 (5th Cir. 1977; Continental Trend Resources v. OXY USA Inc., 44 F.3d 1465, 1476 (10th Cir. 1995); Dunn v. HOVIC, 1 F.3d 1371, 1380 (3d Cir. 1993); ); Nitti v. Credit Bureau of Rochester, Inc., 84 Misc.2d 277, 375 N.Y.S.2d 817, 821 (1975).

PLAINTIFF'S INSTRUCTION NO. P-18

I have already ruled that ClosetMaid willfully violated Section 1681b(b)(2) of the FCRA

for the entire Disclosure class.  Because ClosetMaid willfully violated this requirement, you

must award each class member statutory damages.  You will need to determine the amount of

statutory damages to award per class member in the amount of at least one hundred dollars, but

no more than one thousand dollars.  These statutory damages are separate from any punitive

damages you may award.

15 U.S.C. §1681n; Harris v. Mexican Specialty Foods, Inc., 564 F.3d 1301, 1312 (11th Cir. 2009)(discussing the damages available for willful violations of the FCRA and holding that the statutory damages were not punitive); Saunders v. Branch Banking And Trust Co. Of VA, 526 F.3d 142 (4th Cir. 2008).  James Young v. Equifax Credit Information Services, 294 F.3d 631 (5th Cir. 2002); Whitesides v. Equifax, 125 F.Supp.2d 807 and 813 (W.D. La.  2000); Parker v. Parker, 124 F.Supp.2d 1216 (M.D. Ala.  2000); Jaramillo v. Experian, 155 F.Supp.2d 356, 2001 U.S.Dist.Lexis 6745 (E.D. Pa.  2001).

PLAINTIFF'S INSTRUCTION NO. P-19

The most important factor in determining the amount of a statutory-damages award to class members is the importance and value of the rights and protections conferred on the public by FCRA's notice requirements. Any individualized harm to each class member is irrelevant.

Ashby v. Farmers Ins. Co. of Oregon, 592 F. Supp. 2d 1307, 1318 (D. Or. 2008); 15 U.S.C. §1681n;

PLAINTIFF'S INSTRUCTION NO. P-20

You may consider the following factors in determining the amount of Statutory Damages to award each Class Member between $100 and $1,000: the defendant's sophistication; the clarity of the requirements the defendant violated; the defendant's persistent denial of its violative act; the defendant's failure to bring its practices into compliance despite ample time to do so, prior violations and liability of the defendant for the same illegal act; multiple violations; multiple accounts or transactions that were the subject of the same violation; the importance of deterrence; the consumer's injury; the egregiousness of the violation; and the existence of the defendant's liability insurance.

National Consumer Law Center's Fair Credit Reporting Act Manual, § 11.3, pp. 278-79 (internal citations omitted); Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(b); the Truth In Lending Act, 15 U.S.C. § 1640(a)(2)(B).

PLAINTIFF'S INSTRUCTION NO. P-21

If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

3 Fed. Jury Prac. & Instr. § 104.26 (5th ed.), 3 Fed. Jury Prac. & Instr. § 104.26 (5th ed.)

PLAINTIFF'S INSTRUCTION NO. P-22

For purposes of this case:

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A [corporation] [partnership] [unincorporated association] is entitled to the same fair trial as a private individual. All persons, including [corporations], [partnerships], [unincorporated association], and other organizations stand equal before the law, and are to be treated as equals.

This instruction is proposed by Defendant.

Authority:  <u>See</u> § 103:12, Fed. Jury Prac. & Instr. § 103:12 (6th ed.)

Respectfully submitted,


By:    /s/ James M. Pietz
        James M. Pietz
        Pa I.D. No. 55406
        Pietz Law Office LLC
        429 Forbes Ave., Suite 1616
        Pittsburgh, PA 15219
        412-288-4333
        E-mail:  jpietz@jpietzlaw.com

        Leonard A. Bennett, Esq.
        Consumer Litigation Associates
        763 J. Clyde Morris Boulevard
        Suite 1-A
        Newport News, VA 23601
        (757) 930-3660
        E-mail:  lenbennett@clalegal.com

        Christopher North. Esq.
        751-A Thimble Shoals Blvd.
        Newport News, VA  23606
        (757) 873-1010
        E-mail:  cnorthlaw@aol.com

        Counsel for the Representative And
        Class Plaintiff

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that, on this 13th day of December, 2013, I caused a true and correct copy of Plaintiffs' Motion to Withdrawn Jury Demand to be served by way of ECF Notification upon the following counsel of record for the Defendant:

Maria Greco Danaher
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  maria.danaher@ogletreedeakins.com

W. Scott Hardy
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  scott.hardy@ogletreedeakins.com

Philip K. Kontul
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  Philip.kontul@ODNSS.com

Thomas A. Smock
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  thomas.smock@ogletreedeakins.com

       /s/ James M. Pietz
       James M. Pietz
       Pa I.D. No. 55406
       Pietz Law Office LLC
       429 Forbes Ave., Suite 1616
       Pittsburgh, PA 15219
       412-288-4333
       E-mail:  jpietz@jpietzlaw.com