IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

R. CATHY REARDON, on behalf of herself ) 
and all similarly situated individuals, )
 ) Civil Action No. 08-1730
Plaintiffs, )
 ) Judge Mark R. Hornak
vs. )
 ) ***Electronically Filed***
CLOSETMAID CORPORATION, )
 )
Defendant. )

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

AND NOW comes Defendant, ClosetMaid Corporation ("ClosetMaid"), by and through its attorneys, the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and hereby submits the following Proposed Jury Instructions.  ClosetMaid reserves the right to supplement or otherwise amend these Proposed Jury Instructions based upon the evidence presented or legal theories pursued by Plaintiffs at trial.

**Jury Instruction No.\_\_\_ - Congressional Findings and Purpose**

Congress stated the following findings and statement of purpose when it enacted the Fair Credit Reporting Act:

(1)  The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functions of the banking system.

(2)  An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3)  Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4)  There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

(5)  It is the purpose of the Fair Credit Reporting Act to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this Act.

**This instruction is proposed by Defendant.**

Authority:  See 15 U.S.C. § 1681(b); see also, e.g., 3 O'Malley, Grenig & Lee, Federal Jury Practice and Instruction, § 153:10 (6th ed.) (hereinafter "Federal Jury Practice and Instructions" at § \_\_\_).

**Jury Instruction No. ___ - Person and Consumer**

Pursuant to the Fair Credit Reporting Act:

(a)    A "person" means any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity. I instruct you that Plaintiffs and ClosetMaid are "persons" within the meaning of the Fair Credit Reporting Act.

(b)    A "consumer" means an individual. I instruct you that Plaintiffs are "consumers" within the meaning of the Fair Credit Reporting Act.

**This instruction is proposed by Defendant.**

Authority:  See 15 U.S.C. § 1681a(b), § 1681a(c); Federal Jury Practice and Instructions at § 153:11.

**Jury Instruction No. ____ - Consumer Reporting Agency**

A "consumer reporting agency" is any person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and who uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

You have heard evidence in this trial about Accurate Background, American Background, LexisNexis, and Securint. These companies are "consumer reporting agencies" within the meaning of the Fair Credit Reporting Act. These companies are unrelated to ClosetMaid.

I instruct you that ClosetMaid is not a consumer reporting agency within the meaning of the Fair Credit Reporting Act.

**This instruction is proposed by Defendant.**

Authority:  <u>See</u> 15 U.S.C. § 1681a(f); <u>Federal Jury Practice and Instructions</u> at §153.33.

**Jury Instruction No. ____ - Consumer Reports**

A "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for permissible purposes, which includes employment purposes.

When used in connection with a consumer report, "employment purposes" means a report used for the purpose of evaluating a consumer for employment, promotion, reassignment or retention as an employee.

Accordingly, it was permissible and lawful for ClosetMaid to collect or use consumer reports for the purpose of serving as a factor in establishing job applicants' eligibility for hire.

**This instruction is proposed by Defendant.**

Authority:  <u>See</u> 15 U.S.C. § 1681a (d), § 1681a (h);  <u>Federal Jury Practice and Instructions</u> at § 153:31, § 153:35.

### Jury Instruction No.____ - Disclosure and Authorization

A person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

**This instruction is proposed by Defendant.**

Authority:  <u>See</u> 15 U.S.C. § 1681b(b).

**Jury Instruction No. ___**
**Statutory Damages**
**(Disclosure Class)**

For each member of the Disclosure Class who you determine by a preponderance of the evidence signed only a form known as the "Authorization" and then was the subject of a consumer report procured by ClosetMaid, you may award statutory damages to each of these persons in an amount of no less than $100 but no more than $1,000.

The law does not provide any fixed standard by which you are to determine the amount of statutory damages within this range. The amount of statutory damages you award must be reasonable. You may not award statutory damages for the purpose of punishing ClosetMaid.

So, in determining the amount of statutory damages to award per class member, you must apply your own considered judgment, and, in doing so, you should consider:

(i)     The nature of the interests Congress sought to protect when enacting the Fair Credit Reporting Act as I have already instructed you;

(ii)    Whether the individual class members were informed that ClosetMaid was going to procure their consumer reports;

(iii)   Whether the individual class members knew or understood that ClosetMaid was going to procure their consumer reports;

(iv)    Whether the individual class members experienced any actual harm as a consequence of ClosetMaid's noncompliance;

**This instruction is proposed by Defendant.**
Authority:  See 15 U.S.C. § 1681b(b), 1681n.

**Jury Instruction No. __ - Adverse Action Based on a Consumer Report**

In using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates--

(i)  a copy of the report; and

(ii) a description in writing of the rights of the consumer under this Act, as prescribed by the Federal Trade Commission.

I instruct you that Ex. D-__ is a description in writing of the rights of the consumer under the Fair Credit Reporting Act as prescribed by the Federal Trade Commission.

**This instruction is proposed by Defendant.**

Authority:  See 15 U.S.C. § 1681b(b)(3)(A).

### Jury Instruction No. __ - Adverse Action

"Adverse action" means a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee.

It is not a violation of the Fair Credit Reporting Act for ClosetMaid to decide not to hire someone because of his or her consumer report.

**This instruction is proposed by Defendant.**

Authority: <u>See</u> 15 U.S.C. § 1681a(k)(1); 15 U.S.C. §1681b(a)(3)(B).

**Jury Instruction No. __**
**Liability**
**(Pre-Adverse Action Sub-Class)**

The Fair Credit Reporting Act requires that an employer provide an applicant with his or her consumer report and a written descrpition of rights if it intends to take an adverse action based in whole or in part on the applicant's consumer report before taking such adverse action. In the employment context, an adverse action includes "a denial of employment."

For purposes of this case, it is undisputed that certain sub-class members ultimately were not hired by ClosetMaid and therefore experienced an "adverse action."  It is not a violation of the law for ClosetMaid to decide not to hire someone because of his or her consumer report.  The fact that ClosetMaid may have made a business judgment – including a subjective business judgment –  that may or may not have been fair or wise in your opinion, or that you may disagree with, is not relevant to the issues before you in this case.

It also is undisputed that these pre-adverse action sub-class members did not receive a copy of their consumer report and a description of rights before Closetmaid denied their job applications.

Therefore, for these pre-adverse action sub-class members to prevail on their claims, you must first decide, by a preponderance of the evidence, whether each of them was entitled to receive a copy of their consumer report and a description of rights before their job applications were denied.  In order to determine whether they should have received a copy of their consumer report and a description of rights, these sub-class members must prove that their consumer reports were a "necessary condition" and thus the "but-for" cause in each of ClosetMaid's decisions not to hire them. Stated another way, these pre-adverse action sub-class members must

prove that: (i) their consumer report actually played a role in ClosetMaid's decision-making process, and (ii) had a determinative influence on the outcome as to each decision.

**This instruction is proposed by Defendant.**

Authority:  See 15 U.S.C. §1681b(a)(3)(B); 5 U.S.C. § 1681b(b)(3)(A); *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 63 (2007); *Univ. of Tex. Sw. Med. Ctr. V. Nassar*, __ U.S. __, ___, 133 S.Ct. 2517 (2013); *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 175-178 (2009); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993); *Meacham v. Knolls Atomic Power Laboratory*, 554 U.S. 84, __, 128 S.Ct. 2395, 2400-2401, 171 L.Ed.2d 283 (2008);  *Schaffer v. Weast*, 546 U.S. 49, 56, 126 S.Ct. 528, 163, L.Ed.2d 387 (2005); *Hohider v. United Parcel Service, Inc., et al*, 574 F.3d 169, 190 (3d Cir. 2009).

**Jury Instruction No. __**
**Willfulness**
**(Pre-Adverse Action Sub-Class)**

If you determine, in a particular instance, that a consumer report actually played a role in ClosetMaid's decision-making process and also that it had a determinative influence on the outcome of ClosetMaid's decision, and is thus the "but-for" cause in ClosetMaid's decision not to hire him or her, then you must determine that ClosetMaid was noncompliant with the Fair Credit Reporting Act in such instance.

If you determine that ClosetMaid was noncompliant in a particular instance, then you must also determine whether or not ClosetMaid's failure to provide that particular applicant with a copy of their consumer report and a written description of rights before taking the adverse action to not hire him or her was "negligent" or "willful."

"Negligent" noncompliance means the failure to comply with a requirement of the Act because a person failed to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

"Willful noncompliance" means the failure to comply with a requirement of the Act that was either known or so obvious that it should have been known, that is to say, was noncompliant in reckless disregard of the requirement. ClosetMaid cannot be said to have willfully violated the Act if it acted on an objectively reasonable interpretation of the Act's coverage.

For purposes of your determination, you may only conclude that ClosetMaid's failure to provide a copy of the applicants' consumer report and a written description of rights was

"willful" if you determine that ClosetMaid's conduct entailed an unjustifiably high risk of noncompliance that is either known or so obvious that it should have been known.  You may not find that ClosetMaid acted willfully, or in reckless disregard of the Fair Credit Reporting Act, unless Ms. Reardon proves by a preponderance of the evidence that ClosetMaid's failure to provide a copy of the consumer report and a summary of rights to her before declineing to her her was objectively unreasonable.   To make this finding, you must determine whether (i) a reasonable reading of the Fair Credit Reporting Act would make ClosetMaid's action a violation; and, if so, (ii) whether ClosetMaid ran an unjustifiably high risk of violating the law substantially greater than the risk associated with an interpretation of the law that was merely careless.


**This instruction is proposed by Defendant.**

Authority:  <u>See</u> 15 U.S.C. §§ 1681b, 1681n, 1681o; *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007); <u>Fuges v. Southwest Fin. Serv., Ltd.</u>, 707 F.3d 241, 248-255 (3d Cir. 2012); <u>see</u> <u>also</u> Pa. SSJI (Civ) 13.10 (negligence) (modified).

**Jury Instruction No.__**
**Liability**
**(Ms. Reardon's Pre-Adverse Action Sub-Class Claim)**

I am instructing you that [or, the parties have stipulated that] ClosetMaid's decision not to hire Ms. Reardon was based in whole or in part on credit history information contained in the consumer report it obtained about her. It is not a violation of the Fair Credit Reporting Act for ClosetMaid to decide not to hire Ms. Reardon because of credit history information contained in her consumer report.   The fact that ClosetMaid made a business judgment – including a subjective business judgment –  that may or may not have been fair or wise in your opinion, or that you may disagree with, is not relevant to the issues before you in this case.

In using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates--

(i)     a copy of the report; and

(ii)    a description in writing of the rights of the consumer under this Act, as prescribed by the Federal Trade Commission.

The parties also do not dispute that ClosetMaid provided Ms. Reardon with a copy of her consumer report and a written description of rights under the Fair Credit Reporting Act.   I am further instructing you that the content of the written description of rights that ClosetMaid provided to Ms. Reardon satisfies the requirements Fair Credit Reporting Act.

You must determine whether Ms. Reardon has proven by a preponderance of the evidence that ClosetMaid failed to provide her with a copy of her consumer report and a written description of rights under the Fair Credit Reporting Act before taking the adverse action of not hiring her.

**This instruction is proposed by Defendant.**

Authority:  <u>See</u> 15 U.S.C. §§ 1681b(b)(3)(A); *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 63 (2007); *Univ. of Tex. Sw. Med. Ctr. V. Nassar*, __ U.S. __, ___, 133 S.Ct. 2517 (2013); *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 175-178 (2009); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993); *Meacham v. Knolls Atomic Power Laboratory*, 554 U.S. 84, __, 128 S.Ct. 2395, 2400-2401, 171 L.Ed.2d 283 (2008);  *Schaffer v. Weast*, 546 U.S. 49, 56, 126 S.Ct. 528, 163, L.Ed.2d 387 (2005); *Hohider v. United Parcel Service, Inc., et al*, 574 F.3d 169, 190 (3d Cir. 2009).

**Jury Instruction No.___**
**Willfulness**
**(Ms. Reardon's Pre-Adverse Action Sub-Class Claim)**

If you determine that Ms. Reardon has shown by a preponderance of the evidence that ClosetMaid did not provide her with a copy of her consumer report and a description in writing of rights under the Fair Credit Reporting Act before taking the adverse action of not hiring her, then you have found that Closetmaid failed to comply with the Fair Credit Reporting Act. You must now determine whether or not ClosetMaid's noncompliance in this regard was "negligent" or "willful."

"Negligent" noncompliance means the failure to comply with a requirement of the Act because a person failed to use reasonable care.  Reasonable care is that degree of care which a reasonably careful person would use under like circumstances.  Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

 "Willful noncompliance" means the failure to comply with a requirement of the Act that was either known or so obvious that it should have been known, that is to say, was noncompliant in reckless disregard of the requirement.

For purposes of your determination, you may only conclude that ClosetMaid's failure to provide to Ms. Reardon a copy of her consumer report and a written description of rights before taking the adverse action was "willful" if you determine that ClosetMaid's conduct entailed an unjustifiably high risk of noncompliance that is either known or so obvious that it should have been known.  So, even if you determine that ClosetMaid failed to comply with the requirement

that it provide Ms. Reardon with a copy of her consumer report and a description in writing of rights under the Fair Credit Reporting Act as prescribed by the Federal Trade Commission before taking an adverse action based in whole or in part on her consumer report, you cannot determine that ClosetMaid failed to do so in reckless disregard of that requirement unless you also determine, by a preponderance of the evidence, that such noncompliance was not only a violation under a reasonable reading of the Act's words but also that ClosetMaid ran an unjustifiably high risk of violating the law substantially greater than the risk associated with a reading of those words that was merely careless.

**This instruction is proposed by Defendant.**

Authority:  See 15 U.S.C. §§ 1681b(b)(3)(A), 1681n, 1681o; Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 69 (2007); Fuges v. Southwest Fin. Servs., Ltd., 707 F.3d 241 (3d Cir. 2012).

**Jury Instruction No. ____**
**(Business Judgment)**

I instruct you that employers are entitled to make business decisions as they see fit, even if those decisions appear to be unfair, so long as they are not based upon an unlawful motive. The Fair Credit Reporting Act is not a vehicle for second-guessing business decisions or to transform the members of the jury into personnel managers. The Fair Credit Reporting Act does not prohibit an employer, such as Closetmaid, from using the contents of a consumer report, including information concerning credit history, criminal records, and motor vehicle records, in whole or in part, as a basis not to hire an applicant.

In considering the case, you may not second-guess or even consider the wisdom or fairness of the decisions of ClosetMaid regarding Ms. Reardon or the other Pre-Adverse Action Subclass member.

**Source:** : See 15 U.S.C. §§ 1681 – 1681x; *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

**Jury Instruction No. ___ - Punitive Damages**

In addition to statutory damages, you may consider awarding punitive damages.  A jury may award punitive damages to punish Closetmaid, or to deter ClosetMaid and others like it from committing such conduct in the future.  However, you may only award punitive damages if you find that ClosetMaid acted malicoiusly or wantonly in violating Plaintiffs' federally protected rights

A violation is malicioius if it was prompted by ill will or spite towards Plaintiffs. A defendant is malixious when it consciously desires to violate federal rights of which it is aware, or when it consciously desires to injure Plaintiffs in a manner it knows to be unlawful. A conscioius desire to perform the acts that caused Plaintiffs' injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscous desire to violate rights or injure Plaintiffs' unlawfully.

A violation is wanton if the person committing the violation recklessly or callously disregarded the Plaintiffs' rights.

If you find that it is more likely than not that ClosetMaid acted maliciously or wantonly in violating Plaintiffs' federal rights, then you may award punitive damages against ClosetMaid. However,  an award of punitive damages is discretionary; that is, if you find that the legal requirements for puntive damages are satisfied, then you may decide to award punitive dmagaes, or or may decide not to award them.  I will now discuss some considerations that should guide your exercise of this discretion.  But remember that you cannot award punitive damages unless you have found that ClosetMaid acted malicoiusly or wantonly in violating Plaintiffs' federal rights.

If you have found that ClosetMaid  acted maliciously or wantonly in violating Plaintiffs' federal rights, then you should consider the purposes of punitive dmages.  The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish ClosetMaid.  You should also consider whether actual damages standing alone are sufficient to deter or prevent ClosetMaid from again performing any wrongful acts it may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongul acts similar to those ClosetMaid may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of puntivie damages to award.  That is, in deciding the amount of puntiive damages, you should consider the degree to which ClosetMaid should be punished for its wrongful conduct towards Plaintiffs, and the degree to which an award of one sum or another will deter ClosetMaid or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's actions. For example, you are entitled to consider whether a defendant's act was violent or non-violent; whether the defenant's act posed a risk to health or safety; whethe rhte defendant acted in a deliverately deceptive manner; and whtehr the defendant engaged in repeated misconduct, or a single act.  You should also consider the amount of harm actually caused by the defendant's acts, and the harm that could result if such acts are not deterred in the future.

**This instruction is proposed by Defendant solely to the extent that the Court decides to submit the question of punitive damages to the jury.**
Authority:  <u>See</u> 1681n(a)(2); Model Civ. Jury Instr., 3rd Cir. 4.8.3 (2011).

16580044.2