UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| R. CATHY REARDON ) | | |
| On behalf of herself and all ) | | |
| similarly situated individuals, ) | | |
|  ) | | |
| Plaintiffs, ) | NO. 2:08cv1730 MRH | |
| v. ) | | |
| CLOSETMAID CORPORATION ) | Hon. Judge Mark R. Hornak | |
|  ) | | |
| Defendant**.** ) | **Class Action** | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
AMEND ORDER TO CERTIFY FOR IMMEDIATE APPEAL (ECF 166)**

James M. Pietz
Pa I.D. No. 55406
Pietz Law Office LLC
429 Forbes Ave., Suite 1616
Pittsburgh, Pa. 15219
412-288-4333
jpietz@jpietzlaw.com

Leonard A. Bennett, Esq.
Consumer Litigation Associates
763 J. Clyde Morris Boulevard.
Suite 1-A
Newport News, VA 23606
(757) 930-3660
lenbennett@clalegal.com

Christopher North. Esq.
751-A Thimble Shoals Blvd.
Newport News, Va 23606
(757) 873-1010

*Counsel for the Representative And Class Plaintiff*

I.      INTRODUCTION

Defendant's Motion To Amend pursuant to 12 U.S.C. § 1292(b) (ECF No. 165 and 166) fails to come even close to satisfying the stringent requirements for certification of an interlocutory order.  *First,* ClosetMaid fails to identify a "controlling question of law" for purposes of certification. Instead, ClosetMaid seeks certification of the correct legal standard for determining "willfulness" under 15 U.S.C. § 1681n(1)(A). (ECF 166 at p. 2).  The "willfulness" legal standard has already been established. *See e.g. Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) and *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 248 (3d Cir. 2012). Application of a settled legal standard to a unique set of facts does not give rise to the pure question of law as required by 28 U.S.C. § 1292(b).

*Second,* no substantial disagreement exists as to the legal standard for determining "willfulness".  Instead, ClosetMaid seeks to manufacture a "disagreement", where one does not exist, by asserting that this Court misapplied the 3-part *Fuges* standard. ClosetMaid creates a "false-conflict" between *Waverly Partners,* 2012 WL 3645324 (W.D.N.C. 2012) and *Singleton v. Domino's Pizza, LLC*, CIV.A. DKC 11-1823, 2012 WL 245965 (D. Md. Jan. 25, 2012) in asserting that this Court misapplied the 1st prong . ECF 166, pp. 5-7).  Properly understood, these cases are not in conflict at all, but are fully consistent in supporting this Court's determination. *Waverly* simply has nothing to do with the claims or issues presented here, whereas *Singleton* is directly on point. Moreover, ClosetMaid disagrees with this Court application of the 3rd prong of the *Fuges* analysis for this Court's citation to Federal Trade Commission Staff Letters. ECF 166 pp. 8-10).  But the *Fuges* 3rd prong expressly requires examination of "agency guidance".

1

Thus, ClosetMaid is effectively disagreeing with direct Third Circuit precedent as a basis for seeking § 1292(b) certification. This is obviously misguided.

*Third,* certification cannot materially advance the ultimate resolution of this case because discovery is complete, this matter is set for trial, motions *in limine* are on file and this matter is set for trial on January 6, 2014. Certification can only delay, not advance, the ultimate resolution of this matter.

## II. THE LEGAL STANDARD UNDER 12 U.S.C. § 1292(B)

Interlocutory appeals "contravene the judicial policy opposing piecemeal litigation and the disadvantages of delay and disruption associated with it." *Milbert v. Bison Labs., Inc.*, 260 F.2d 431, 435 (3d Cir. 1958); *Countrywide Home Loans, Inc. v. Office of the U.S. Tr.*, CIV.A. 08-617, 2008 WL 2388285 (W.D. Pa. June 11, 2008) (Ambrose, J.) *citing Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). *See also, Katz v. Live Nation, Inc.*, CIV.A. 09-3740 MLC, 2010 WL 3522792 (D.N.J. Sept. 2, 2010). Certification pursuant to § 1292(b) represents a "narrow exception to the final judgment rule." *U.S. ex rel. Sobek v. Educ. Mgmt., LLC*, CIV.A. 10-131, 2013 WL 3852795 (W.D. Pa. July 23, 2013)(McVerry, J.) *citing Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

Specifically, 28 U.S.C. § 1292(b) allows for certification of a question for interlocutory appeal if the order at issue "(1) involve[s] a 'controlling question of law,' (2) offer[s] 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance[s] the ultimate termination of the litigation.' " *Katz v. Carte Blanch Corp.,* 496 F.2d 747, 754 (3d Cir.1973) (*quoting* 28 U.S.C. § 1292(b)). The moving party shoulders the burden of demonstrating that a 1292(b) appeal

is warranted. *In re Actiq Sales & Mktg. Practices Litig.*, 2012 WL 2135560 (E.D. Pa. June 13, 2012) *citing Rottmund v. Continental Assurance Co. .,* 813 F.Supp. 1104, 1112 (E.D.Pa.1992).

As to the first prong, a controlling question of law means a controlling legal standard, it does *not* encompass the court's application of a controlling legal standard to a set of record facts. The "question of law" certified for interlocutory appeal "must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record.' "*Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 371 (S.D.N.Y. 2008). When the underlying order involves a mixed question of law and fact, the use of Section 1292(b) is inappropriate because it is not designed to secure appellate review of factual matters or of the application of the acknowledged law to the facts of a particular case, matters which are within the sound discretion of the trial court.' " *Glover v. Udren*, CIV.A. 08-990, 2011 WL 3290238 (W.D. Pa. June 30, 2011) *citing Krishanthi v. Rajaratnam,* 2011 WL 1885707, at *3, (D.N.J. May 18, 2011) (quoting *In re Schering–Plough Corporation,* 2010WL 2546054, at *4 (D.N.J. June 21, 2010). Therefore, a controlling question of law is one in which either (1) an incorrect disposition would constitute reversible error if presented on final appeal, or, (2) the question is "serious to the conduct of the litigation either practically or legally." *In re Chocolate Confectionary Antitrust Litigation,* 607 F.Supp.2d 701, 705 (M.D.Pa.2009) (quoting *Katz v. Carte Blanche Corporation,* 496 F.2d 747, 755 (3d Cir.1974)).

Under the second prong, a "substantial ground for difference of opinion" must arise out of doubt as to the correct legal standard, such as conflicting precedent, the

absence of controlling law, or complex statutory interpretation. *U.S. ex rel. Sobek v. Educ. Mgmt.,* 2013 WL 3852795 *citing In re Dwek,* 2011 WL 487582 at *4 (D.N.J.2011). Strong disagreement with the Court's ruling does not constitute a "substantial ground for difference of opinion." *Couch v. Telescope Inc.,* 611 F.3d at 633. That settled law might be applied differently does not establish a substantial ground for difference of opinion. *Id.* citing *Bush v. Adams,* 629 F.Supp.2d 468, 475 (E.D.Pa.2009); *Hansen v. Schubert,* 459 F.Supp.2d 973, 1000 (E.D.Cal.2006); *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group,* 233 F.Supp.2d 16, 19-20 (D.D.C.2002). *Glover* 2011 WL 3290238.

Finally, under the third prong, in determining whether certification would "materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), this Court "must evaluate whether an appeal could eliminate the need for a trial, simplify a case by foreclosing complex issues, or enable the parties to complete discovery more quickly or at less expense" *Harris v. Kellogg, Brown & Root Servs., Inc.*, CIV.A. 08-563, 2009 WL 1248060 (W.D. Pa. Apr. 30, 2009)(Fischer, J.). Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set. *New Jersey Prot. & Advocacy, Inc. v. New Jersey Dep't of Educ.*, CIV.A. 07-2978 MLC, 2008 WL 4692345 (D.N.J. Oct. 8, 2008).

### III. DEFENDANT FAILS TO ESTABLISH THE § 1292(B) REQUIREMENTS

#### A. Defendant Has Not Identified Any "Controlling Question Of Law" Made In The December 2, 2013 Opinion And Order

Closetmaid seeks interlocutory appeal as to the correct application of the established legal standard for "willfulness" under 15 U.S.C. § 1681n(1)(A) entitled "Civil Liability For Willful Noncompliance" to a violation of 15 U.S.C. § 1681b(b)(2) (the

4

"Disclosure Provision").[1] ECF 188 at p.2. ClosetMaid frames the issue in its Memorandum Of Law as follows: "The Court's affirmative entry of summary judgment as to both liability and statutory willfulness against ClosetMaid and in favor of the Disclosure Class" would purportedly result in a reversal of such judgment on appeal. ECF 166 at p.4.  Thus, ClosetMaid is not seeking appellate review of the correct legal standard; but of the way that standard should be applied to the facts of this case. ClosetMaid has, therefore, failed to identify any controlling question of law.

      The legal standard for determining "willfulness" in connection with compliance with FCRA requirements is one that the Supreme Court and the Third Circuit have extensively addressed in recent opinions. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007);  *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 248 (3d Cir. 2012); *Cortez v. Trans Union, LLC*, 617 F.3d at 721;  *Long v. Tommy Hilfiger U.S.A., Inc.*, 671 F.3d 371, 376 (3d Cir. 2012).  What ClosetMaid is, therefore, challenging, in effect, is this Court's application of the *Safeco-Cortez-Long-Fuges* willfulness legal standard to the unique objective facts in this record. As the Third Circuit explained in *Fuges,* the applicable legal standard as to whether a party is subject to liability for a "willful" violation is one of "objective reasonableness". *Fuges,* 707 F.3d at 249.  Thus,  a court ". . . may not impose liability for a reckless, and therefore willful, violation of the statute unless that party's reading is "objectively unreasonable." *Id*. In determining "willfulness" under this objective standard, the *Fuges* court recognized the application of 3 pronged analysis which includes: 1) examining the plain language of the FCRA provision in question to

---

[1]     Defendant does not identify the precise pure issue of law that is requested for this Court to amend its December 2nd and 6th Orders in order to "certify". *See* Motion ( ECF 165), Proposed Order (ECF 165-1)

see if it was clear in its requirements; 2) analyzing the defendant's interpretation to see if it has any basis in the Act, and 3) looking to see if there was any agency or judicial guidance on point that would have alerted the defendant to the proper practice and procedure. 707 F.3d at. 253-54.  Notably, the determinations as to the liability of the defendants in *Safeco* and *Fuges* as based upon the "objective reasonableness" of their conduct were derived from the unique summary judgment record in each of those cases. This Court's determination of "willfulness" is based upon the application of the *Safeco-Fuges* "objective reasonableness" standard to the unique summary judgment record in this case.

In other words, Defendant motion to amend violates the prohibition under § 1292(b) that the certification at issue must ***not*** involve "mixed questions of law and fact", seek to secure appellate review of factual matters or the application of the acknowledged law to the facts of a particular case.   The application of the "objective reasonableness" standard in the context of this case does is not present a controlling question of law.

### B. A Substantial Ground For Difference Of Opinion Does Not Exist

The term "substantial ground for difference of opinion" means the issue must involve genuine doubt as to the correct legal standard." *In re Flat Glass Antitrust Litig. (II)*, 8-180, 2013 WL 136472 (W.D. Pa. Jan. 10, 2013); *Kapossy supra*, 942 F. Supp. at 1001 and *Am. Corp. v. Al–Nahyan,* 948 F.Supp. 1107, 1116 (D.D.C.1996).

Here, as demonstrated above, there exists no doubt as to the correct legal standard to determine willfulness under 15 U.S.C. § 1681n(1)(A). Application of the "objective reasonableness" standard has been uniform given its derivation from the Supreme Court decision in *Safeco*, 551 U.S. at 52. The Third Circuit decision in *Fuges, supra,* was

merely a further explication of the "objective unreasonableness" legal standard. Courts in other subsequent cases have, embraced, not expressed "genuine doubt" about the 3 pronged "willfulness" standard. *See e.g. Boyd v. CEVA Freight, LLC*, 3:13-CV-00150-JAG, 2013 WL 6207418 (E.D. Va. Nov. 27, 2013) and D*reher v. Experian Info. Solutions, Inc.*, 3:11-CV-00624-JAG, 2013 WL 2389878 (E.D. Va. May 30, 2013).

Rather than contesting the *Fuges* legal standard, ClosetMaid instead focuses on this Court's purported misapplication of that standard. ClosetMaid attempts to find a "substantial difference of opinion" by training on this Court's application of the first prong of the *Fuges* 3 pronged analysis—that is to examine the plain language of the FCRA provision in question to see if it was clear in its requirements. To derive a purported "Substantial Ground For Difference Of Opinion", ClosetMaid revives its summary judgment defense, again positing that the Disclosure Provision, 15 U.S.C. § 1681b(b)(2), imposes only two duties on an employer: 1) to make a "clear and conspicuous" disclosure of the intention to procure a consumer report; and 2) to obtain written consent from the job applicant . ECF 96 at p. 11.[2] In doing so, ClosetMaid yet

---

[2] Section § 1681b(b)(2) unambiguously provides:

> Except as provided in subparagraph (B) . . . a *person* may not *procure* a *consumer report,* or cause a *consumer report* to be *procured, for employment purposes* with respect to any *consumer,* unless -
>
> (i) a *clear and conspicuous disclosure* has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure,* that a consumer report may be obtained for employment purposes; and
>
> (ii) the *consumer* has *authorized* in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

7

again completely ignores the "*in a document that consists solely of the disclosure*" requirement of this provision.  Plaintiffs have fully refuted ClosetMaid's position in their summary judgment submissions and for brevity sake incorporate those refutations here.  See, Plaintiffs Memorandum In Support Of The Partial Motion For Summary Judgment, ECF 91at pp. 10-18. See also, Plaintiffs Memorandum In Opposition To Defendant's Motion For Summary Judgment. ECF 100 at pp. 7-18.

According to ClosetMaid, one court agrees with its position; namely *Smith v. Waverly Partners,* 2012 WL 3645324 (W.D.N.C. 2012).  At the same time, ClosetMaid states that *Singleton v. Domino's Pizza, LLC*, CIV.A. DKC 11-1823, 2012 WL 245965 (D. Md. Jan. 25, 2012) disagrees with its construction.  From this purported "difference of opinion", ClosetMaid argues that it could not have acted "objectively unreasonably" given that a court has adopted its proposed construction of the Disclosure Provision.

However,  any such purported conflict is completely fallacious for at least two reasons. *First, Singleton* and *Waverly* do not evince any disagreement about the correct legal standard for determining "willfulness" under the FCRA because *Waverly* did not involve nor address "willfulness".   ECF 100 pp. 13-16. *Second,* a correct examination of these cases, as provided by Plaintiff during summary judgment proceedings, demonstrates that they involved wholly distinct claims under § 1681b(b)(2).  On the one hand, *Singleton* involved claims virtually identical to the claims asserted here where employees of Domino's Pizza claimed that the inclusion of a release of rights in an FCRA consent form constituted a "willful" violation of  § 1681b(b)(2). ECF 91 pp. 12-14. The *Singleton* Court recognized that § 1681b(b)(2) contains an important requirement that ClosetMaid ignores--that the disclosure/consent form must "consist solely of the

8

disclosure". Accordingly, the *Singleton* Court found that § 1681b(b)(2) was clear and unambiguous in prohibiting the inclusion of "waiver of rights" in a FCRA consent form.

By contrast, the plaintiff in *Waverly Partners* did ***not*** assert a claim based upon the "in a document that consists solely of the disclosure" provision in § 1681b(b)(2). ECF 100, pp. 13-16. She claimed that the defendant violated § 1681b(b)(2) by failing to disclose in the FCRA/consent form that her current employer would be contacted as part of the investigative background report, i.e. that the disclosure was not clear or conspicuous. In turn, the defendant raised the waiver of rights provision in the FCRA disclosure/ consent form as a complete defense to liability. Ultimately, the court found that public policy precluded use of the waiver of rights as a defense. However, the court explicitly stated that a violation of § 1681b(b)(2) could not be based upon the defendant's use of the waiver of rights provision because *the plaintiff did not allege that claim in her complaint.*

Accordingly, this Court recognized that since *Waverly* did not address or concern the "consist solely of the disclosure", that was it not applicable in this context:

> In response, ClosetMaid, relying on a case from the Western District of North Carolina, contends that the proper test for whether inclusion of release language in a disclosure complies with section 1681b(b)(2)(A) is whether the release language is "not so great a distraction"[6] as to discount the effect of the disclosure.

2013 WL 6231606. As this Court further noted, the "not so great a distraction" rule is "A construct not found in the FCRA, the applicable regulations, or in any agency guidance." *Id.* fn. 6.

Even more telling that ClosetMaid is seeking certification of a settled legal standard is its argument that this Court improperly cited to FTC Staff Opinion letters in applying the 3 pronged *Fuges* legal standard. ECF 166 at p. 10-12. However, *Fuges*

9

was quite clear that "agency guidance" was to be examined in the 3rd prong of its 3 part analysis. The *third* prong of the analysis is to determine whether there is any agency or judicial guidance that would suggest that the defendant's interpretation is contrary to the intended interpretation of the FCRA provision. 707 F.3d at. 253.

Viewed accordingly, ClosetMaid has totally failed to demonstrate that "a substantial ground for difference of opinion exists." A litigant simply cannot satisfy this crucial burden by creating a "false conflict" between two cases that do not even involve the same claims and similar facts or by arguing that a district court legally erred by following established precedent.

### C. Certification Will Not Materially Advance The Litigation

Given that this matter is set for trial on January 6, 2014, motions *in limine* have been filed and proposed jury instructions have been submitted, certification of any issue to the Court of Appeals will not materially advance the litigation.

Certification is more likely to materially advance the litigation where the appeal occurs early in the litigation, before extensive discovery has taken place and a trial date has been set. *New Jersey Prot. & Advocacy, Inc.*, *supra,* 2008 WL 4692345. A critical factor is whether the interlocutory appeal will cause excessive delay. *Katz v. Live Nation, Inc.*, 2010 WL 3522792. The court's analysis in *Kapossy*, 942 F. Supp. at 1004 applies equally as well to the procedural posture of this case:

> KBR contends that if the Court of Appeals would reverse this Court's decision, this case would be closed and, thus, an interlocutory appeal would materially advance the termination of this litigation. The Court disagrees because, as discussed below, due to the bifurcation of discovery in this matter, an interlocutory appeal would not materially advance this litigation but would unduly prolong and complicate discovery and pretrial matters including disposition of summary judgment motions. In addition,

based on discussions with counsel, it appears that both parties would seek to appeal any decision by the Court of Appeals to the Supreme Court.

ClosetMaid completely fails to address the procedural posture of this case. ClosetMaid merely argues that a successful appeal on its behalf will dispose of the entire case in this court. However, an unsuccessful appeal of this matter by ClosetMaid will not finally dispose of this matter and, therefore, the matter will have to be again set for trial. The trial of this matter, set for January 6, 2014, will dispose of this matter in this court at which time ClosetMaid can take an appeal from a final judgment in just about the same time as proposed by the Motion To Amend. Viewed in this light, a certification pursuant to 1292(b) will certainly not materially advance the resolution of this matter. It will cause undue delay.

## Conclusion

Wherefore, it is respectfully submitted that this Court over-rule the Motion To Amend.

December 16, 2013

**Respectfully submitted,**

R. CATHY REARDON,
For herself and on behalf of all similarly situated individuals.

   s/ James M. Pietz
James M. Pietz
PIETZ LAW OFFICE LLC
429 Forbes Avenue, Suite 1616
Allegheny Building
Pittsburgh, PA 15219
412-288-4333
jpietz@jpietzlaw.com


Leonard A. Bennett
Consumer Litigation Associates

11

763 J. Clyde Morris Boulevard. Suite 1-A
Newport News, VA  23606
757-930-3660
lenbennett@clalegal.com

Christopher Colt North
The Consumer & Employee Rights Law Firm
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
757- 873-1010

12