# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is made and entered into by and between (1) Plaintiffs R. Cathy Reardon, Bridgette Beckinger and Willy Rains, individually ("Plaintiffs") and as representatives of the Settlement Class Members as defined below; and (2) ClosetMaid Corporation.  ClosetMaid Corporation is collectively referred to as "Defendant."  Plaintiffs, Settlement Class Members, and Defendant are collectively referred to as the "Parties."  This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims to the extent set forth below, subject to the terms and conditions set forth herein.

## RECITALS

WHEREAS, on December 19, 2008, R. Cathy Reardon commenced the lawsuit styled *Reardon v. ClosetMaid Corporation*, in the United States District Court for the Western District of Pennsylvania, Civil Action No: 2:08-cv-1730, alleging that ClosetMaid Corporation willfully failed to comply with the disclosure and authorization requirements in 15 U.S.C. § 1681b(b)(2) prior to obtaining a consumer report about her for employment purposes and that it willfully failed to comply with the pre-adverse action notification requirements in 15 U.S.C. § 1681b(b)(3) prior to taking adverse employment action against her (the "Litigation"); and

WHEREAS, on May 27, 2011, the Court granted Plaintiffs' Motion For Class Certification certifying a defined Disclosure Class and a Pre-Adverse Action Sub-Class, and appointing R. Cathy Reardon class representative; and

WHEREAS, on September 6, 2011, the Court entered an order amending the Order On Class Certification which more specifically defined the Disclosure Class and the Pre-Adverse Action Sub-class;

WHEREAS, on multiple occasions during the pendency of the case, the Parties engaged in formal mediation sessions in Pittsburgh;

WHEREAS, on December 2, 2013, the Court granted Summary Judgment in part to Plaintiffs and in part to Defendant, and denying Defendant's Motion to Decertify the Class;

WHEREAS, both Parties have exchanged their respective positions with respect to the right to appeal any rulings made in the case;

WHEREAS, after dispositive motions practice and class certification litigation, and on the eve of trial, the Parties have negotiated what they believe is a fair and adequate settlement in light of the remaining uncertainties and leverages in the case;

WHEREAS, the Parties are willing to enter into this Settlement Agreement to settle the claims of the Plaintiffs and Settlement Class Members because of, among other reasons, the attendant expense, risks, difficulties, delays, and uncertainties of continued litigation; and

WHEREAS, Plaintiffs and Settlement Class Counsel believe that this Settlement Agreement provides fair, reasonable, and adequate relief to the Settlement Class Members and it is in the best interest of the Settlement Class Members for the Litigation to be settled, compromised, and dismissed on the merits and with prejudice on the terms set forth below, subject to the approval of the Court; and

WHEREAS, Defendant denies all claims asserted against it in the Litigation, denies that class certification would be appropriate if the cases were litigated rather than settled, denies all allegations of wrongdoing and liability, and denies that anyone was harmed by the conduct alleged, but nevertheless desires to settle Plaintiff's claims on the terms and conditions set forth in this Settlement Agreement solely for the purpose of avoiding the burden, expense, risk and un-

certainty of continuing the proceedings on those issues in the Litigation and fully, finally, and forever putting to rest the controversies engendered;

**NOW THEREFORE**, IT IS AGREED, by and among the Parties, without (a) any admission or concession of the lack of merit of the Litigation whatsoever on the part of Plaintiff, or (b) any admission or concession of liability or wrongdoing or the lack of merit of any defense whatsoever by Defendant, that the Litigation and all claims of the Settlement Class be settled, compromised, and dismissed on the merits and with prejudice on the terms set forth below, subject to the approval of the Court.

## I.    DEFINITIONS

As used in this Settlement Agreement, the terms defined below shall have the meanings assigned to them when capitalized in the same fashion as in this Part I.  Any other terms that relate to the consumer reporting industry shall have the customary meaning accorded to those terms in the consumer reporting industry.

1.1    "Settlement Class Members" shall mean those persons included in the "Disclosure Settlement Class", the "Appeal Rights Disclosure Settlement Class" and the "Pre-Adverse Action Settlement Class" each of whom are more fully defined below.

1.2    "Disclosure Settlement Class" means all employees or prospective employees of Defendant or Doable Products, Inc. in the United States who were the subject of a consumer report that was obtained by Defendant, and for whom applicant files maintained by Defendant or Doable Products, Inc. evidence that ClosetMaid used a single form pursuant to 15 U.S.C. § 1681b(b)(2) that contained a Release Of Rights Provision or for whom the applicant file fails to evidence any form pursuant to 15 U.S.C. § 1681b(b)(2) from December 19, 2006 through September 30, 2012.

1.3     "Appeal Rights Disclosure Settlement Class" means employees or prospective employees of Defendant or Doable Products, Inc. in the United States who were the subject of a consumer report that was obtained by Defendant, and for whom applicant files maintained by Defendant or Doable Products, Inc. evidence that ClosetMaid used two or more forms pursuant to 15 U.S.C. § 1681b(b)(2), at least one of which contained a Release Of Rights Provision and one of which did not from December 19, 2006 through September 30, 2012.

1.4     "Pre-Adverse Action Settlement Class" means all employees or prospective employees of Defendant or Doable Products, Inc. in the United States who were the subject of a consumer report that may have been used by Defendant to make an adverse employment decision regarding such employee or prospective employee from December 19, 2006 through September 30, 2012 for whom Defendant did not provide that applicant a copy of their consumer report at least five business days before it took such adverse action and a copy of the FCRA summary of rights at least five business days before it took such adverse action.

1.5     "Attorneys' Fees" means the attorneys' fees and expenses applied for by Settlement Class Counsel relating to this Settlement Agreement and approved by the Court.

1.6     "CAFA Notice" means notice of this proposed settlement to the appropriate federal and state officials, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

1.7     "Class Settlement Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

1.8     "Consumer" means a natural person residing in the United States of America or its territories.

1.9     "Court" means the United States District Court for the Western District of Pennsylvania.

1.10    "Defendant" means ClosetMaid Corporation.

1.11    "<u>Defendant's Counsel</u>" means Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

1.12    "<u>Effective Date</u>" means the date on which the Court's Final Approval Order  has become final because either (i) no appeal of the Final Approval Order has been filed and the time provided in the applicable rules of procedure within which an appeal may be filed has lapsed, or (ii) if one or more timely appeals have been filed, all such appeals are finally resolved, with no possibility of further appellate review, resulting in final judicial approval of this Settlement.  For purposes of this definition, the term "appeal" includes writ proceedings.  The Court's determination or approval of Plaintiffs' Petition For Attorneys' Fees shall not affect the Effective Date or be used as a basis for determining the Effective Date.

1.13    "<u>FCRA</u>" means the federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and any subsequent amendments thereto.

1.14    "<u>FCRA State Equivalents</u>" means any statute, regulation, or common law rule of any state, U.S. territory, the District of Columbia, or Puerto Rico, that has the purpose or effect of regulating the collection, reporting, or use of consumer information, background investigations, background checks, and related actions.

1.15    "<u>Final Approval</u>" means the approval of the Settlement Agreement by the Court at or after the Final Approval Hearing, and entry on the Court's docket of the Final Approval Order.

1.16    "<u>Final Approval Order</u>" means a final order and judgment entered by the Court giving Final Approval to the Settlement Agreement and dismissing with prejudice Plaintiff's claims and entering a judgment according to the terms set forth in this Settlement Agreement.

1.17    "<u>Final Approval Hearing</u>" or "<u>Final Fairness Hearing</u>" means the hearing at which the Court will consider and finally decide whether to approve this Settlement, enter the Final Approval Order, and make such other rulings as are contemplated by this Settlement.  The Final

Approval Hearing shall not be scheduled for a date less than 90 days following the mailing of CAFA Notice as set forth in Section 4.3.

1.18   "Litigation" means *Reardon v. ClosetMaid Corporation*, Civil Action No: 2:08-cv-1730 (W.D. Pa.).

1.19   "Mail Notice" means the notice (in a form substantially similar to that attached hereto as Exhibits "A-C" and approved by the Court) that will be mailed to the proposed Settlement Class Members pursuant to the Notice Plan.

1.20   "Named Plaintiffs" means the Plaintiffs named in the Litigation.

1.21   "Notice and Administration Expenses" means the fees, costs, and expenses incurred by the Settlement Administrator in order to carry out its obligations under this Settlement Agreement.

1.22   "Notice Plan" means the plan for disseminating notice to proposed Settlement Class Members as described in Sections 4.1 and 4.2 hereof.

1.23   "Parties" means Plaintiffs and Defendant.

1.24   "Payment Notice" means the notice sent to Settlement Class Members at the time of payment pursuant to Subsection 7.2.5 of this Settlement Agreement.

1.25   "Preliminary Approval" means preliminary approval of the Settlement Agreement by the Court, conditional certification of the Settlement Class, and approval of the method and content of notice to the Settlement Class.

1.26   "Preliminary Approval Order" means the order entered by the Court granting Preliminary Approval.

1.27   "Released Parties" means and refers to ClosetMaid Corporation, Emerson Electric Co., and its/their respective present, former and future affiliates, divisions, parents, subsidiaries, cor-

porate family members, insurers, indemnitors, officers, directors, partners, employees, agents, attorneys, servants, heirs, administrators, executors, members, member entities, shareholders, predecessors, successors, representatives, trustees, principals, vendors, and assigns, individually, jointly and severally.

1.28   "Settlement" means the agreement between the Named Plaintiffs (on behalf of themselves and as proposed representatives of the Settlement Class Members) and Defendant to settle and compromise Named Plaintiffs' and the Settlement Class Members' claims in the Litigation, as memorialized in this Settlement Agreement and the accompanying documents attached hereto, fully, finally and forever.

1.29   "Settlement Administrator" means McGladrey LLP.

1.30   "Settlement Class Counsel" or "Class Counsel" means James M. Pietz, Leonard Bennett and Christopher Colt North.

1.31   "Settlement Fund" means the account established pursuant to Section 7.1 herein and to be deposited into it pursuant to Section 7.1.

1.32   "Settlement Website" means the Internet website established by the Settlement Administrator.


## II.    NO ADMISSION OF LIABILITY OR ELEMENTS OF CLASS CERTIFICATION

### 2.1   Defendant's Denial Of Wrongdoing Or Liability

Defendant has asserted and continues to assert many defenses in this Litigation and has expressly denied and continues to deny any fault, wrongdoing or liability whatsoever arising out of the conduct alleged in the Litigation.  Defendant expressly denies any fault, wrongdoing or liability whatsoever, as well as the validity of each of the claims and prayers for relief asserted in the Litigation.  The Parties expressly acknowledge and agree that neither the fact of, nor any

provision contained in, this Settlement Agreement, nor any of the implementing documents or actions taken under them, nor Defendant's willingness to enter into this Settlement Agreement, nor the content or fact of any negotiations, communications, and discussions associated with the Settlement shall constitute or be construed as an admission by or against Defendant or any of the Released Parties of any fault, wrongdoing, violation of law or liability whatsoever, the validity of any claim or fact alleged in the Litigation, or any infirmity of any defenses asserted by Defendant in the Litigation.

**2.2**   **No Admission by Defendant of Elements of Class Certification**

Defendant denies that a litigation class was properly certified other than for purposes of this Settlement and reserves its rights to continue to contest any class certification motion. Nothing in this Settlement Agreement shall be construed as an admission by Defendant or any of the Released Parties that this Litigation or any similar case is amenable to class certification for trial purposes. Furthermore, nothing in this Settlement Agreement shall prevent Defendant from continuing to seek de-certification of the certified classes if Final Approval of this Settlement is not obtained, or not upheld on appeal, including review by the United States Court of Appeals for the Third Circuit.

**III.   MOTION FOR PRELIMINARY APPROVAL**

On or before January 24, 2014, Settlement Class Counsel shall file this Settlement Agreement with the Court together with a Motion for Preliminary Approval that seeks entry of an order that would, for settlement purposes only: (i) certify conditional settlement classes under Federal Rule of Civil Procedure 23 composed of the Settlement Class Members as described in Section 1.1; (ii) preliminarily approve this proposed Settlement Agreement; (iii) approve the proposed Mail Notices to the proposed Settlement Class Members in a form substantially similar to that attached hereto as Exhibits A-C; (iv) certify the Named Plaintiffs as representative of the

Settlement Class; (v) appoint Settlement Class Counsel; and, (vi) appoint the Settlement Administrator.

Settlement Class Counsel will cause to be hired McGladrey LLP as the Settlement Administrator.

## IV.   NOTICE PLAN

### 4.1   <u>Preparation and Production of Settlement Class Lists</u>

**4.1.1**   Settlement Class Counsel shall provide the proposed lists of class members to the Defendant for review on or before January 31, 2014.  The Parties shall resolve any disputes regarding the Class Lists on or before February 7, 2014.  Any disputes shall be resolved by the Court at the hearing for Preliminary Approval, or on the papers if no hearing is held.  Within two business days of reaching agreement on the Class Lists, Settlement Class Counsel shall provide the lists to the Settlement Administrator.

**4.1.2**   The Parties agree that there are approximately 1,540 Disclosure Settlement Class Members; 309 Appeal Right Disclosure Settlement Class members; and 69 Pre-Adverse Settlement Action Class members.  These estimates constitute a material term of the Settlement.

### 4.2   <u>Notice Process</u>

**4.2.1**   For purposes of providing court-approved class notices and establishing that the best practicable notice has been given, the provision of class notice will be accomplished in accordance with the following provisions.

**4.2.2**   The members of the Disclosure Settlement Class shall receive the notice attached hereto as Exhibit "A".   Members of the Appeal Rights Disclosure Settlement Class shall receive the notice attached as Exhibit "B". The members of the Pre-Adverse Action Settlement Class shall receive the notice attached hereto as Exhibit "C".

### 4.2.3   Mail Notice

Within thirty (30) days following Preliminary Approval, the Settlement Administrator shall cause the Mail Notice to be sent via first-class U.S. mail, postage prepaid, to all Settlement Class Members.  Prior to sending the Mail Notice, the Settlement Administrator shall update mailing addresses through the USPS National Change of Address database and utilize a "best practices" address verification resource to identify missing addresses.  For up to thirty (30) days following mailing of the Mail Notice, the Settlement Administrator will re-mail the Mail Notice via first-class U.S. mail, postage prepaid, to updated addresses of Consumers identified on the Settlement Class lists to the extent that the Settlement Administrator receives address change notifications from the U.S. Postal Service or is otherwise reasonably able to obtain an updated address. Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the mailing of the Mail Notice to be filed with the Court.  Neither the Parties nor the Settlement Administrator shall have any further obligation to send notice of the Settlement to proposed Settlement Class Members.

### 4.2.4   Internet Notice

The Settlement Administrator shall establish an Internet website containing information about the Settlement at http://www.ClosetMaidFCRAClassAction.com.  The Settlement Website will be accessible no later than five (5) days prior to the mailing of the Mail Notice described above.  The Settlement Website will set forth the following information:  (i) the full text of the Settlement Agreement; (ii) the Mail Notice; (iii) the Preliminary Approval Order and other relevant orders of the Court; (iv) with the consent of Defendant (which shall not be unreasonably withheld), other documents and information determined in good faith by Settlement Class Counsel to be reasonably necessary for effectuating of this settlement and notice process; (v) if the

Settlement is terminated, a notice approved by the Parties notifying Settlement Class Members of such termination; and (vi) contact information for Settlement Class Counsel and the Settlement Administrator.  Any language or information appearing on the website in addition to the above-listed documents shall appear only with the prior consent of all Parties.  Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the establishment and maintenance of the Settlement Website to be filed with the Court. Any disputes under this Subsection shall be resolved by the Court, without right of appeal

### 4.2.5   Telephone Assistance Program

The Settlement Administrator shall establish a toll-free telephone number, which will be staffed by the Settlement Administrator, to answer questions from Settlement Class Members. The toll-free number will provide access to live support, a voice response unit ("VRU"), or a combination of live support and VRU.  It shall also offer a Spanish language alternative number and VRU.  Not later than twenty (20) days before the Final Fairness Hearing, the Settlement Administrator shall cause proof of the establishment and maintenance of the Telephone Assis-tance Program to be filed with the Court.  The telephone assistance program described in this Subsection shall be maintained by the Settlement Administrator until sixty (60) days following the mailing of the last Payment Notice, pursuant to Subsection 7.2.5.

### 4.2.6   Notice Under Class Action Fairness Act of 2005 ("CAFA Notice")

Defendant will send CAFA Notice in accordance with 28 U.S.C. § 1715(a) not later than ten (10) days after this Settlement Agreement is filed with the Court.   Defendant will bear the cost associated with sending CAFA Notice.

Defendant shall file with the Court a certification of the date upon which the CAFA Notice was served.

## V.    PROCEDURES FOR CLAIMS, OPT-OUTS AND OBJECTIONS

### 5.1    Opt-Out Procedures

The Mail Notice shall contain information about how a Disclosure Settlement Class Member or an Appeal Rights Settlement Class Member may opt out of the Settlement, as well as the potential implications of doing so, including that opting out may preclude later participation in any class action against the Released Parties.

**5.1.1**   A proposed Disclosure Settlement Class Member and an Appeal Rights Disclosure Settlement Class Member may request to be excluded from the Settlement Class by sending a written request for exclusion to "Exclusion Requests – *Reardon v. ClosetMaid* Settlement Administrator" to the address for the Settlement Administrator provided in the Mail Notice.  The proposed Disclosure Settlement Class Member or Appeal Rights Disclosure Settlement Class Member's opt-out request must contain the Consumer's original signature, current postal address and telephone number, the last four digits of the Consumer's Social Security number, and a specific statement that the proposed Settlement Class Member wants to be excluded from the Settlement Class.  Opt-out requests must be postmarked no later than twenty-one (21) days before the Final Approval Hearing.

**5.1.2**   In no event shall Settlement Class Members as a group, aggregate, or class involving more than one consumer be considered valid opt-outs.

**5.1.3**   Requests for exclusion that do not comply with Subsections 5.2 are invalid.

### 5.2    List of Opt Outs

No later than five (5) business days after the deadline for submission of opt-out requests, the Settlement Administrator shall provide to Settlement Class Counsel and Defendant's Counsel a complete list of all proposed Disclosure Settlement Class Members and Appeal Rights Disclo-

sure Settlement Class Members who have properly opted out of the Settlement together with copies of the opt-out requests.

### 5.3  Representation of Opt-Outs

Settlement Class Counsel agree that this Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members.  Settlement Class Counsel agree that Consumers who seek to opt-out should be represented by counsel who do not agree that the Settlement Agreement is fair, reasonable, and in the best interest of the Settlement Class Members.  Accordingly, Settlement Class Counsel shall, if contacted, refer any such opt-outs to the applicable state bar association or other referral organization for appropriate counsel in any subsequent litigation against the Released Parties.

### 5.4     Objections from Settlement Class Members

Any Settlement Class Member who does not opt out, but who instead wishes to object to the Settlement or any other matters as described in the Mail Notice, may do so by filing with the Court a notice of his or her intention to object (which shall set forth each objection and the basis therefore and containing the objecting Settlement Class Member's signed verification of membership in the Settlement Class), with any papers in support of his or her position, and serve copies of all such papers upon Settlement Class Counsel and Defendant's Counsel at the addresses provided in the Mail Notice.  Objections must be filed and served no later than twenty-one (21) days before the Final Fairness Hearing.  Objections to the Settlement Class Counsel's attorneys' fees may be supplemented up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion.  Finally, the written objection must indicate whether the Settlement Class Member and/or his lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must enter a

written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its Preliminary Approval Order and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector.

## VI.   FINAL FAIRNESS HEARING AND FINAL APPROVAL

### 6.1   Final Fairness Hearing

The Parties will jointly request that the Court hold the Final Fairness Hearing to consider approval of the Settlement of the Litigation as provided for herein approximately one hundred (100) days after Preliminary Approval but in no event fewer than 90 days after CAFA Notice is served.  On or before a date at least ten (10) days prior to the Final Fairness Hearing, Settlement Class Counsel shall file a motion for entry of the Final Approval Order.  The Parties agree that the Final Approval Order constitutes a final judgment dismissing the Litigation with prejudice.

### 6.2   Final Approval

All relief contemplated by this Settlement Agreement is expressly contingent upon the Settlement Agreement receiving the Court's Final Approval.

## VII.   SETTLEMENT FUND

### 7.1   Creation of and Deposit Into Settlement Fund

**7.1.1**   Within five (5) days of Preliminary Approval, Settlement Class Counsel shall provide to the Settlement Administrator consideration necessary to fully fund the Settlement Fund, which shall be considered a common fund created as a result of the Litigation.  Settlement Class Counsel and Defendant's Counsel shall direct the Settlement Administrator to make distributions from the Settlement Fund only in accordance with this Settlement Agreement.  No funds shall be distributed or paid by the Settlement Administrator without written confirmation from both Settlement Class Counsel and Defendant's Counsel.   Settlement Class Counsel shall promptly notify Defendant's Counsel of the date of the establishment of the Settlement Fund ac-

count.   The Settlement Fund may not be commingled with any other funds and may be held in cash, cash equivalents, certificates of deposit or instruments insured by an arm of or backed by the full faith and credit of the United States Government.  Interest earned, if any, on the Settlement Fund shall be for the benefit of the Settlement Class Members in the event this Settlement Agreement is not terminated by the Defendant and the Effective Date otherwise occurs.

**7.1.2**   Within twenty (20) business days following Preliminary Approval, Defendant shall deposit or cause to be deposited, with the Settlement Administrator, by draft or by wire an initial amount equal to the sum of Four Hundred dollars ($400.00) for each member of the Disclosure Settlement Class and Fifty dollars ($50.00) for each member of the Appeal Rights Disclosure Settlement Class.

**7.2.2**   **Pre-Adverse Action Settlement Class Claims Process**

**7.2.2.1**        Each Pre-Adverse Action Settlement Class member is also eligible to be paid Four Hundred dollars ($400.00), but must first affirmatively state in writing through a notice and claims process administered by the Class Action Settlement Administrator that they are electing to participate in this settlement in lieu of retaining any claim based on 15 U.S.C. § 1681b(b)(3) or similar state or federal statutes or laws.  Those Pre-Adverse Action Settlement Class members who make this election will be deemed "Claiming Pre-Adverse Action Settlement Class Members."

**7.2.2.2**        The Settlement Administrator shall initially, and if the Settlement Administrator is unable to, then Settlement Class counsel and Defendant shall jointly, make a determination as to whether the Claiming Pre-Adverse Action Settlement Class Member has adequately demonstrated eligibility for recovery under this Paragraph. If a Pre-Adverse Action Settlement Class member submits a valid, properly executed claim form and thereafter is provided a pay-

ment of Four hundred dollars ($400.00) by the Settlement Administrator, such Pre-Adverse Action Settlement Class member shall be bound by and subject to the Release provisions of Paragraph 9.2.1 herein.

**7.2.2.3**        If a Pre-Adverse Action Settlement Class Member elects not to or fails to submit a claim form and is not provided a payment by the Settlement Administrator, such class member's Pre-Adverse Action claim shall not be subject to the Release Provisions of Paragraph herein and any such class member shall continue to have the right to pursue any individual claims for any asserted violations of the Pre-Adverse Action provision to the extent provided by law.

**7.2.2.4**        If a Pre-Adverse Action Settlement Class Member elects not to or fails to submit a claim form and is not provided a payment by the Settlement Administrator, such class member shall still be barred from asserting any right to pursue any asserted violations of the Pre-Adverse Action provision as a representative of a class or as a class member of a class of persons under federal or state law pursuant to Paragraph 9.2.2 herein.

**7.2.2.5**        Within Fifteen (15) days after the close of the Claim processes described in this Section, the Settlement Administrator will notify the Parties of the number of Consumers it has determined to be Claiming Pre-Adverse Action Settlement Class members.   Within Ten (10) days thereafter, Defendant shall make a supplemental funding into the Settlement Fund in an additional amount equal to the sum of Four Hundred dollars ($400.00) for each Claiming Pre-Adverse Action Settlement Class member.

**7.3**        <u>**Use and Disbursement of Settlement Fund**</u>

**7.3.1**   Each member of the Disclosure Settlement Class shall automatically be paid Four Hundred dollars ($400.00) per class member as of the Effective Date of this settlement by the Settlement Administrator.

**7.3.2**   Each member of the Appeal Rights Disclosure Settlement Class shall automatically be paid Fifty dollars ($50.00) per class member as of the Effective Date of this settlement by the Settlement Administrator.

**7.3.3**   Within five (5) days after the Effective Date, the Settlement Administrator shall mail Payment Notices and settlement checks in accordance with paragraphs 7.3.1 and 7.3.2 via U.S. Mail.  The Payment Notices accompanying the settlement checks shall notify the recipients that the checks must be cashed within forty-five (45) days from the date on the Payment Notice and that the enclosed check shall not be valid after that date.  Forty-five (45) days after the date on the Payment Notice, if the check has not been deposited or cashed, the amount of the check shall remain in the Settlement Fund for further distribution pursuant to this Settlement Agreement.

**7.3.4**   Within five (5) days after the receipt of the Supplemental funding of the Settlement Fund in accordance with paragraph 7.2.2.5, the Settlement Administrator shall mail Payment Notices and settlement checks in accordance with that paragraph via U.S. Mail.  The Payment Notices accompanying the settlement checks shall notify the recipients that the checks must be cashed within forty-five (45) days from the date on the Payment Notice and that the enclosed check shall not be valid after that date.  Forty-five (45) days after the date on the Payment Notice, if the check has not been deposited or cashed, the amount of the check shall remain in the Settlement Fund for further distribution pursuant to this Settlement Agreement.

**7.3.5** __Taxes and Tax Expenses.__  Taxes and Tax Expenses shall be paid by the Settlement Administrator as an expense of notice and administration.

**7.3.6** __Cy Pres.__ Within one-hundred eighty (180) days after the Effective Date, any excess funds remaining in the Settlement Fund shall first be applied to the costs of Notice and Administration and thereafter paid to an appropriate public interest beneficiary designated by Settlement Class Counsel, subject to Court approval and reasonable objection by Defendant.

## VIII.   ATTORNEYS' FEES, LITIGATION COSTS AND COSTS OF NOTICE AND ADMINISTRATION

**8.1**     __Attorneys Fees and Costs__.

**8.1.1**     The Defendant stipulates for purposes of determining an appropriate and reasonable attorneys fee and litigation costs award that the Plaintiffs and the Settlement Class members are the prevailing parties in their claims brought against ClosetMaid Corporation under the FCRA. In making this stipulation, ClosetMaid does not waive any arguments regarding Settlement Class Counsel's petition for attorneys' fees and litigation costs and expenses based upon the Court's Orders in this case, including its December 2, 2013 Opinion and Order.

**8.1.2**    Defendant agrees to pay to Settlement Class Counsel:  (a.) reasonable attorneys' fees; and (b.) reasonable litigation costs and expenses.  This payment will be independent and not paid from the Settlement Fund or any payment otherwise made to Settlement Class members.

**8.1.3**     The Parties disagree as to an appropriate amount for the award of attorneys' fees and litigation costs and expenses.  Accordingly, they have agreed that the Court shall determine the amount of this award in accordance with the following process:

(a.)     Within Forty-five (45) days of the Order Preliminarily Approving the Settlement, Settlement Class Counsel will provide their full fee and cost demand to Defendant's

counsel with sufficient detail for Defendant to determine if it will stipulate to such amount, or such other amount it determines reasonable;

        (b.)    If Settlement Class Counsel does not accept that amount and the Parties are not otherwise able to reach agreement as to an appropriate fee and cost award, within Sixty (60) days of entry of the Order Preliminarily Approving the Settlement, Settlement Class Counsel will file a Motion for Award of Attorneys Fees and Litigation Costs which may include (i.) Declarations of Class Counsel in support of the Motion (ii.) monthly time summaries for each billing law firm sufficient to describe the categories and nature of work performed, and by whom, for each month; (iii.) an estimate of additional time remaining to completion of the case; (iv.) evidence to support and by which to determine the billable rate for all billed attorneys and paralegals; (iv.) full detail of all litigation costs or expenses incurred; and (v.) a brief in support of the Motion.  Settlement Class Counsel and the Defendant may attempt to reach any appropriate stipulations in lieu of such evidence.

        (c.)    Within Thirty (30) days of service of Settlement Class Counsel's Motion and supporting documents, ClosetMaid will file its response.

        (d.)    Defendant agrees that the Court may determine a reasonable fee and cost award for work to be completed subsequent to this petition based upon time and expense estimates in lieu of filing a Supplemental Motion for an award of Fees and Costs for attorneys' fees incurred in prosecution of the Motion for an award of attorneys' fees and costs and/or for the recovery of all costs of Notice and Administration.

    **8.1.4**  Any awarded attorneys' fees or costs will be paid by Defendant within twenty (20) days after the date such fees and/or costs are ordered and any appeal rights are exhausted.

**8.1.5**    The application or applications for Attorneys' Fees, and any and all matters related thereto, shall not be considered part of the Settlement Agreement, and shall be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.  Plaintiffs and Settlement Class Counsel agree that this Settlement Agreement is not conditional on the Court's approval of Attorneys' Fees in the requested amount or in any amount whatsoever.  The Court's ruling on the application or applications for such fees shall not operate to terminate or cancel the Settlement.

**8.2**    **<u>Service Awards to the Named Plaintiffs</u>**

The Parties agree that the named Plaintiffs are entitled to receive a Service Award. Subject to Court approval, the Defendant agrees to pay, separate and apart from consideration paid to Settlement Class members, Service Awards as follows: $1,000 to Brigette Beckinger; $1,000 to Willy Rains, and $10,000 to R. Cathy Reardon.

**8.3**    **<u>Notice and Administration Expenses</u>**

**8.3.1**    The Parties have estimated that Notice and Administration Expenses will be less than Thirty thousand dollars ($30,000.00), in addition to any expense incurred in creating the Settlement Class list.  The Parties have agreed that the Defendant shall pay this amount of Notice and Administration Expenses without objection.  If the amount exceeds $30,000 and the Parties cannot otherwise agree, Settlement Class Counsel may move for recovery of the additional amount as part of their Petition For Attorneys' Fees and Costs, to the extent that they are not recoverable from undistributed funds at the end of the settlement process pursuant to Subsection 7.3.6.

**8.3.2**    Settlement Class Counsel shall advance the costs necessary to pay the Notice and Administration Expenses.

**8.3.3**   The Notice and Administration Expenses shall be paid from undistributed funds at the end of the settlement process pursuant to Subsection 7.3.6 and, if no such funds remain, then from the Attorneys Fees awarded to Settlement Class Counsel.  Class Counsel shall then seek to recover these reasonable expenses and costs as part of their Petition For Attorneys' Fees and Costs, to the extent that they are not recoverable from undistributed funds at the end of the settlement process.

## IX.   RELEASE OF CLAIMS

**9.1**   <u>Disclosure Settlement Class and Appeal Rights Disclosure Settlement Class Release</u>

Upon the Effective Date, and in exchange for the relief described in this Settlement Agreement, Disclosure Settlement Class Members and Appeal Rights Disclosure Settlement Class Members, including the persons who did not validly opt out of the Settlement and each of their respective spouses, heirs, executors, trustees, guardians, wards, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf (including the government in its capacity as parens patriae) completely, finally and forever release and discharge the Released Parties of and from any claim under 15 U.S.C. § 1681b(b)(2), and any similar state or federal statutes or laws referring or relating to the use of background investigations or background checks.  The claims are released regardless of whether they are known or unknown, concealed or hidden, suspected or unsuspected, anticipated or unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, fixed or contingent.

**9.2**   <u>Pre-Adverse Action Settlement Class Release</u>

**9.2.1**   Upon the Effective Date, and in exchange for the relief described in this Settlement Agreement, Pre-Adverse Action Settlement Class Members, including the Plaintiffs, who

validly claim in to the Settlement Fund and each of their respective spouses, heirs, executors, trustees, guardians, wards, administrators, representatives, agents, attorneys, partners, successors, predecessors and assigns and all those acting or purporting to act on their behalf (including the government in its capacity as *parens patriae*) completely, finally and forever release and discharge the Released Parties of and from any claim under 15 U.S.C. § 1681b(b)(3), and any similar state or federal statutes or laws referring or relating to the use of background investigations or background checks . The claims are released regardless of whether they are known or unknown, concealed or hidden, suspected or unsuspected, anticipated or unanticipated, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, fixed or contingent.

    **9.2.2**   The Pre-Adverse Action Settlement Class Members waive their right to pursue, any claim under 15 U.S.C. § 1681b(b)(3), or any similar state or federal statutes or laws referring or relating to the use of background investigations or background checks, against the Released Parties that were or could have been brought in the Litigation, (and that are not otherwise released and discharged by the Settlement Agreement), using the class action procedural device or as a mass action.

## X.   TERMINATION AND SUSPENSION

### 10.1   <u>Rights to Terminate Agreement</u>

    Defendant's willingness to settle this Litigation on a class-action basis and to agree to the certification of conditional Settlement Class is dependent upon achieving finality in this Litigation and avoiding the expense of this and other litigation. Consequently, either party shall have the right to terminate this Settlement Agreement, declare it null and void, and have no further

obligations under this Settlement Agreement if any of the following conditions subsequently occurs:

> (a.)   The Court fails or declines to grant Preliminary Approval;

> (b.)   The estimates of Settlement Class Members stated in Subsection 4.1.3 increases by more than 3%, unless Defendant elects to make a proportionate increase in the amount it deposits or cause to be deposited into the Settlement Fund;

> (c.)   The Effective Date does not occur for any reason, including the entry of an order by any court that would require either material modification or termination of the Settlement.

> (d.)   In addition, Defendant shall have the unilateral right to terminate this Settlement Agreement, declare it null and void, and have no further obligations under this Settlement Agreement if more than 3% of the proposed Settlement Class Members request to opt-out of the Settlement pursuant to Section 5.1.

**10.2**   The failure of any Court to approve the Attorneys' Fees or service award in the requested amounts, or any amounts whatsoever, shall not be grounds for Named Plaintiffs or Settlement Class Counsel to terminate this Settlement Agreement.

**10.3**   **Procedure for Terminating Agreement**

To terminate this Settlement Agreement, Defendant or Defendant's Counsel shall provide written notice of termination to Settlement Class Counsel via e-mail and first-class U.S. Mail. Termination of this Settlement Agreement shall become effective on the date such written notice is provided via email.

**10.4**   **Effect of Termination on This or Future Litigation**

If this Settlement Agreement is terminated:

(a.)     Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from this Settlement Agreement set aside, withdrawn, and stricken from the record;

(b.)     The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and

(c.)     The Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

**10.5   <u>Effect on Monies Paid Pursuant to Settlement Agreement</u>**

If this Settlement Agreement is terminated or the Effective Date otherwise does not occur, the Settlement Fund, including interest earned but less Taxes and Tax Expenses that have been properly disbursed pursuant to this Settlement Agreement, shall be returned directly to Defendant or their designee(s) within five (5) days of notification by Defendants.

**XI.   MISCELLANEOUS PROVISIONS**

**11.1   <u>Public Statements</u>**

Settlement Class Counsel agree to make no statements, directly or indirectly, to any media source, including but not limited to press releases, concerning the Settlement prior to the Preliminary Approval Hearing.

**11.2   <u>Admissibility of Settlement Agreement</u>**

This Settlement Agreement shall not be offered or be admissible in evidence in any action or proceeding except (1) the hearings necessary to obtain and implement Court approval of this Settlement; or (2) any hearing to enforce the terms of this Settlement Agreement or any related order by the Court.

### 11.3    Successors and Assigns

The terms of this Settlement Agreement shall apply to and bind the Parties as well as their heirs, successors and assigns.

### 11.4    Communications with Parties Relating to Settlement Agreement

All notices, requests for consent, and other formal communications under this Settlement Agreement shall be in writing and sent by mail to counsel for the Party to whom the notice is directed at the following addresses:

| If to Plaintiffs: | If to Defendant: |
|---|---|
| James M. Pietz | W. Scott Hardy |
| Pietz Law Office LLC | Ogletree, Deakins, Nash, Smoak & Stewart, P.C. |
| 429 Forbes Ave., Suite 1616 | One PPG Place, Suite 1900 |
| Pittsburgh, Pa. 15219 | Pittsburgh, PA 15222 |
| 412-288-4333 | 412-394-3346 |
| E-mail: jpietz@jpietzlaw.com | E-mail: scott.hardy@ogletreedeakins.com |

Any Party may, by written notice to all the other Parties, change its designated recipient(s) or notice address provided above.

### 11.5    Defendant's Communications with Consumers in the Ordinary Course of Business

Defendant reserve the right to continue communicating with their customers, employees, or prospective employees, including Settlement Class Members, in the ordinary course of business. To the extent Consumers initiate communications regarding this Settlement Agreement, Defendant and its counsel may confirm the fact of a settlement and refer inquiries to the Settlement Administrator.

### 11.6     Efforts to Support Settlement

The Parties and their counsel agree to cooperate fully in seeking Court approval for this Settlement Agreement and to use their best efforts to effect the consummation of the Settlement and to protect the Settlement Agreement by applying for appropriate orders enjoining others from initiating or prosecuting any action arising out of or related to facts or claims alleged in the Litigation, if so required.

### 11.7     Disputes Between Parties Relating to the Settlement Agreement

To the extent any disputes or issues arise with respect to documenting or effecting the Settlement Agreement, the Parties agree to use their best efforts to informally resolve any such disputes or issues; but in the event any such dispute or issue cannot be resolved informally, to bring any such dispute or issue to the Court for resolution.

### 11.8     Entire and Voluntary Agreement

The Parties intend the Settlement Agreement to be a final and complete resolution of the Litigation.  The Parties agree that the terms of the Settlement Agreement were negotiated at arm's length and in good faith and were reached voluntarily after consultation with competent legal counsel.  There shall be no presumption for or against any Party that drafted all or any portion of this Settlement Agreement.  This Settlement Agreement contains the entire agreement and understanding concerning the subject matter between the Parties and supersedes all prior negotiations and proposals, whether written or oral.  No other party or any agent or attorney of any other party has made any promise, representation or warranty whatsoever not contained in this Settlement Agreement and the other documents referred to in this Settlement Agreement to induce Plaintiffs or Settlement Class Counsel to execute the same.  The Parties represent that they have

not executed this Settlement Agreement or the other documents in reliance on any promise, representation or warranty not contained or referred to in this Settlement Agreement.

### 11.9   Headings for Convenience Only

The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

### 11.10   Amendments

The Settlement Agreement may be amended or modified only by a written instrument signed by Defendant and Settlement Class Counsel, or their respective successors-in-interest.

### 11.11   Authorization of Counsel

Settlement Class Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs and the Settlement Class Members to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class that they deem necessary or appropriate.  Each attorney or other person executing the Settlement Agreement on behalf of any Party hereto hereby warrants that such attorney or other person has the full authority to do so.

### 11.12   Confidentiality

All agreements made and Orders entered during the course of the Litigation relating to the confidentiality of information, including any Stipulated Protective Order entered by the Court, shall survive this Settlement Agreement.

### 11.13   Court's Jurisdiction

The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement.

### 11.14   Construction

Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement. Hence, in any construction to be made of this Settlement Agreement, the same shall not be construed against any of the Parties. Before declaring any provision of this Settlement Agreement invalid, a court should first attempt to construe the provision valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Settlement Agreement valid and enforceable.

### 11.15   No Claims Arising from this Settlement Agreement

No person shall have any claim against any Released Party or counsel for any Released Party, Named Plaintiff, or Settlement Class Counsel based on distribution of benefits made substantially in accordance with this Settlement Agreement or any Settlement Agreement-related order(s) of the Court.

### 11.16   Severability

Should the Court reject or otherwise refuse to approve any of the provisions of this Settlement pertaining to the Appeal Rights Disclosure Settlement Class and/or the Pre-Adverse Action Settlement Class, such provision shall immediately become null and void, leaving the remainder of this Agreement pertaining to the Disclosure Settlement Class in full force and effect.

### 11.17   Applicable Law

This Settlement Agreement shall, in all respects, be interpreted, construed and governed by and under the laws of the United States of America.  To the extent state law applies for any reason, the laws of the Commonwealth of Pennsylvania shall be applied.  All judicial proceedings regarding this Settlement Agreement shall be brought only in the Court.  Any notice period set forth in this Settlement Agreement shall be calculated pursuant to the Federal Rules of Civil

Procedure and the Local Rules of the U.S. District Court for the Western District of Pennsylvania.

**11.18   Counterparts**

This Settlement Agreement may be executed in one or more counterparts and by facsimile.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Counsel for the Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court.

[Remainder of page intentionally left blank]

IN WITNESS THEREOF, and intending to be legally bound, the Parties hereto have caused this Settlement Agreement and Release to be executed by their duly authorized representative.

James M. Pietz
Pa I/D. No. 55406
Pietz Law Office LLC
429 Forbes Ave., Suite 1710
Pittsburgh, PA 15219
412-288-4333
E-mail: jpietz@jpietzlaw.com

Leonard A. Bennett, Esq.
Consumer Litigation Associates
763 J. Clyde Morris Boulevard. Suite 1-A
Newport News, VA  23601
(757) 930-3660 - Telephone
E-mail: lenbennett@clalegal.com

Christopher North. Esq.
The Consumer & Employee Rights
Law Firm, P.C.
751-A Thimble Shoals Blvd.
Newport News, VA  23606
(757) 873-1010 – Telephone
E-mail: cnorthlaw@aol.com


Counsel for the Representative and Class Plaintiffs

29

W. Scott Hardy
Ogletree, Deakins, Nash, Smoak & Stewart, PC
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  scott.hardy@ogletreedeakins.com

Philip K. Kontul
Ogletree, Deakins, Nash, Smoak & Stewart,
P.C.
One PPG Place, Suite 1900
Pittsburgh, PA 15222
E-mail:  philip.kontul@ogletreedeakins.com

Counsel For Defendant.

# EXHIBIT A

*A court authorized this notice.  This is not a solicitation from a lawyer.*

<u>NOTICE OF CLASS ACTION SETTLEMENT</u>

**IF CLOSETMAID CORPORATION OBTAINED YOUR CONSUMER REPORT (BACKGROUND CHECK) FROM DECEMBER 19, 2006 THROUGH SEPTEMBER 30, 2012 FOR A JOB APPLICATION, YOU COULD RECEIVE $400.00 FROM A CLASS ACTION SETTLEMENT**

**YOUR LEGAL RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LAWSUIT.  PLEASE READ THIS NOTICE CAREFULLY.  IT EXPLAINS THE LAWSUIT, THE SETTLEMENT, AND YOUR LEGAL RIGHTS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the settlement and you do nothing, you will be releasing your claims and you will receive a check in the amount of $400.00.  The Full Release and Released Parties are available on the Settlement Website, http://www.ClosetMaidFCRAClassAction.com. |
| **IF YOU EXCLUDE YOURSELF FROM THE SETTLEMENT** | You have the right to exclude yourself from the settlement completely ("opt out").  You can opt out by following the instructions on the Settlement website http://www.ClosetMaidFCRAClassAction.com. You will not receive any monetary payments from the Settlement.  You will not have any right to object, but you will not be bound by the terms of this Settlement and will retain your right to file your own lawsuit. The opt out deadline is _____, 2014. |

If you do not exclude yourself, you may object to the settlement.  You can remain in the Settlement Class but file written objections to the Settlement.   The Court will consider the objections in deciding whether to approve the Settlement.  Instructions for mailing an objection are on the Settlement Website, http://www.ClosetMaidFCRAClassAction.com.  If the Settlement is approved, you will not be able to sue ClosetMaid for claims relating to ClosetMaid's employment background check when you applied for a job.

**What is this lawsuit about?**

This lawsuit was filed on December 19, 2008, in the United States District Court for the Western District of Pennsylvania. R. Cathy Reardon, Bridgette Beckinger and Willy Rains (the "Plaintiffs"), sued ClosetMaid Corporation ("ClosetMaid") in this class action case (*Reardon v. ClosetMaid Corporation, 2:08cv1730*) alleging that it violated the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681b(b)(2), because it did not make a clear and conspicuous disclosure in writing that a consumer report would be obtained for employment purposes, in a document that consisted solely of the disclosure.  They alleged that the authorization form that ClosetMaid used contained a "release" of claims and therefore was not a disclosure that consisted solely of the disclosure. ClosetMaid contends that its procedures did not violate the FCRA, and did not willfully violate the FCRA.

On December 2, 2013, the Court granted "summary judgment" as to some of the claims in this case.  It found that ClosetMaid willfully violated the FCRA for consumers who only received a single authorization form containing the "Release" sentence.   You are receiving this notice because you were in that group that includes approximately 1,540 consumers.
This "Disclosure Settlement Class" is defined to include:

> All employees or prospective employees of Defendant or Doable Products, Inc. in the United States who were the subject of a consumer report that was obtained by Defendant, and for whom applicant files maintained by Defendant or Doable Products, Inc. evidence that ClosetMaid used a single form pursuant to 15 U.S.C. § 1681b(b)(2) that contained a Release Of Rights Provision or for whom the applicant file fails to evidence any form pursuant to 15 U.S.C. § 1681b(b)(2) from December 19, 2006 through September 30, 2012.

The Court also granted summary judgment to ClosetMaid and dismissed the claims for class members who received a two authorization forms and only one contained the "Release" sentence.   You were not in that group that includes approximately 309 consumers.

**Who are the Attorneys representing the Class and how will they be paid?**

The Court has appointed lawyers to represent the Class, but you may enter an appearance in the case through an attorney if you want. If you do so, you will have to pay for your own lawyer.

The attorneys who have been appointed by the Court to represent the Class are:

Subject to the Court's approval, ClosetMaid will pay all reasonable attorneys' fees, costs, and expenses, in an amount to be determined by the Court. The Plaintiffs may also ask the Court for a Service award up to $10,000.00 for Reardon, and $1,000.00 for Beckinger and Rains. These attorneys fees, costs and service award payments will be over and above the $400.00 paid to each class member. To the extent there are funds remaining in the Class Settlement Fund after the Settlement Checks are distributed and the time to cash the checks has expired, any uncashed funds will be donated to a *cy pres* recipient chosen by the parties and subject to approval by the Court.

## What rights am I giving up in this settlement?

Unless you exclude yourself from this settlement, you will be considered a member of the Class, which means you give up your right to sue or file a lawsuit against ClosetMaid regarding the legal issues that were raised or could have been raised in this case. Giving up your legal claims is called a release. The released parties collectively include ClosetMaid Corporation, and its parent, principals and agents. You will be releasing these parties from all claims relating to ClosetMaid's employment background check when you applied for a job at ClosetMaid.

## If I chose to do so, how do I exclude myself from the settlement?

If you wish to be excluded, you must mail a written request for exclusion to the Settlement Administrator at:

Your request for exclusion must be in writing and postmarked on or before _____, 2014. The request must state: "I do not want to be part of the Class in *Reardon v. ClosetMaid Corporation, 2:08cv1730*." The request should be signed, with your name, address, and telephone number printed below your signature. The address you use should be the address to which this notice was mailed, so that you can be properly identified. However, if you have a new address, please inform us of the new address so we can make the change in the Class List.

## When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing on _____2014, at _____ a.m./p.m.. The hearing will be held in the _____ U.S. Courthouse, _____. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any. We do not know how long the Court will take to make its decision. In addition, the hearing may be continued at any time by the Court without further notice to you.

## Where can I get additional information?

This notice is only a summary of the proposed settlement of this lawsuit. Certain pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed or copied in the Clerk's Office or by visiting the website http://www.ClosetMaidFCRAClassAction.com.

# EXHIBIT B

*A Court Authorized This Legal Notice.  This Is Not A Solicitation From A Lawyer.*

### NOTICE OF CLASS ACTION SETTLEMENT

**IF CLOSETMAID CORPORATION OBTAINED YOUR CONSUMER REPORT (BACKGROUND CHECK) AFTER DECEMBER 2006 FOR A JOB APPLICATION, YOU COULD RECEIVE $50.00 FROM A CLASS ACTION SETTLEMENT.**

**YOUR LEGAL RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LAWSUIT.  PLEASE READ THIS NOTICE CAREFULLY.  IT EXPLAINS THE LAWSUIT, THE SETTLEMENT, AND YOUR LEGAL RIGHTS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the settlement and you do nothing, you will be releasing your claims and you will receive a check in the amount of $50.00.  The Full Release and Released Parties are available on the Settlement Website, http://www.ClosetMaidFCRAClassAction.com. |
| **IF YOU EXCLUDE YOURSELF FROM THE SETTLEMENT** | You have the right to exclude yourself from the settlement completely ("opt out").  You can opt out by following the instructions on the Settlement website http://www.ClosetMaidFCRAClassAction.com.  You will not receive any monetary payments from the Settlement.  You will not have any right to object, but you will not be bound by the terms of this Settlement and will retain your right to file your own lawsuit. The opt out deadline is _____, 2014. |

If you do not exclude yourself, you may object to the settlement.  You can remain in the Settlement Class but file written objections to the Settlement.   The Court will consider the objections in deciding whether to approve the Settlement.  Instructions for mailing an objection are on the Settlement Website, http://www.ClosetMaidFCRAClassAction.com.  If the Settlement is approved, you will not be able to sue ClosetMaid for claims relating to ClosetMaid's employment background check when you applied for a job.

**What is this lawsuit about?**

This lawsuit was filed on December 19, 2008, in the United States District Court for the Western District of Pennsylvania. R. Cathy Reardon, Bridgette Beckinger and Willy Rains (the "Plaintiffs"), sued ClosetMaid Corporation ("ClosetMaid") in this class action case (*Reardon v. ClosetMaid Corporation, 2:08cv1730*) alleging that it violated the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681b(b)(2), because it did not make a clear and conspicuous disclosure in writing that a consumer report would be obtained for employment purposes, in a document that consisted solely of the disclosure.  The authorization form that ClosetMaid used contained a "release" of claims and therefore was not a disclosure that consisted solely of the disclosure.  ClosetMaid contends that its procedures did not violate the FCRA, and did not willfully violate the FCRA.

On December 2, 2013, the Court granted summary judgment to ClosetMaid and dismissed the claims for class members who received two authorization forms and only one contained the "Release" sentence.   This group of consumers still had a right to seek appeal of this dismissal.  You are receiving this notice because you were in that group that includes approximately 309 consumers.

This "Appeal Rights Disclosure Settlement Class" is defined to include:

> All employees or prospective employees of Defendant or Doable Products, Inc. in the United States who were the subject of a consumer report that was obtained by Defendant, and for whom applicant files maintained by Defendant or Doable Products, Inc. evidence that ClosetMaid used two or more forms pursuant to 15 U.S.C. § 1681b(b)(2), at least one of which contained a Release Of Rights Provision and one of which did not from December 19, 2006 through September 30, 2012.

The Court also granted "summary judgment" to some class members.  It found that ClosetMaid willfully violated the FCRA for consumers who only received a single authorization form containing the "Release" sentence. You are not in that group that includes approximately 1,540 consumers.

**Who are the Attorneys representing the Class and how will they be paid?**

The Court has appointed lawyers to represent the Class, but you may enter an appearance in the case through an attorney if you want. If you do so, you will have to pay for your own lawyer.

The attorneys who have been appointed by the Court to represent the Class are:

Subject to the Court's approval, ClosetMaid will pay all reasonable attorneys' fees, costs, and expenses, in an amount to be determined by the Court. The Plaintiffs may also ask the Court for a Service award up to $10,000.00 for Reardon, and $1,000.00 for Beckinger and Rains. These attorneys fees, costs and service award payments will be over and above the $50.00 paid to each class member. To the extent there are funds remaining in the Class Settlement Fund after the Settlement Checks are distributed and the time to cash the checks has expired, any uncashed funds will be donated to a *cy pres* recipient chosen by the parties and subject to approval by the Court.

**What rights am I giving up in this settlement?**

Unless you exclude yourself from this settlement, you will be considered a member of the Class, which means you give up your right to sue or continue a lawsuit against ClosetMaid regarding the legal issues that were raised or could have been raised in this case. Giving up your legal claims is called a release. The released parties collectively include ClosetMaid Corporation, and its parent, principals and agents. You will be releasing these parties from all claims relating to ClosetMaid's employment background check when you applied for a job at ClosetMaid.

**If I chose to do so, how do I exclude myself from the settlement?**

If you wish to be excluded, you must mail a written request for exclusion to the Settlement Administrator at:

Your request for exclusion must be in writing and postmarked on or before _____, 2014. The request must state: "I do not want to be part of the Class in *Reardon v. ClosetMaid Corporation, 2:08cv1730*." The request should be signed, with your name, address, and telephone number printed below your signature. The address you use should be the address to which this notice was mailed, so that you can be properly identified. However, if you have a new address, please inform us of the new address so we can make the change in the Class List.

**When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing on _____2014, at _____ a.m./p.m.**.** The hearing will be held in the _____ U.S. Courthouse, _____. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any. We do not know how long the Court will take to make its decision. In addition, the hearing may be continued at any time by the Court without further notice to you.

**Where can I get additional information?**

This notice is only a summary of the proposed settlement of this lawsuit. All pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed or copied in the Clerk's Office or by visiting the website http://www.ClosetMaidFCRAClassAction.com.

# EXHIBIT C

*A court authorized this notice.  This is not a solicitation from a lawyer.*

<u>NOTICE OF CLASS ACTION SETTLEMENT</u>

**IF CLOSETMAID CORPORATION OBTAINED YOUR CONSUMER REPORT (BACKGROUND CHECK) AND YOU WERE DENIED EMPLOYMENT BY CLOSETMAID CORPORATION  FROM DECEMBER 19, 2006 THROUGH SEPTEMBER 30, 2012, YOU COULD RECEIVE $400.00 FROM A CLASS ACTION SETTLEMENT**

**THIS SETTLEMENT NOTICE IS IN ADDITION TO A SEPARATE NOTICE THAT WAS MAILED TO YOU REGARDING A SEPARATE CLAIM AND SETTLEMENT IN THIS CASE**

**YOUR LEGAL RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LAWSUIT.  PLEASE READ THIS NOTICE CAREFULLY.  IT EXPLAINS THE LAWSUIT, THE SETTLEMENT, AND YOUR LEGAL RIGHTS.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **IF YOU DO NOTHING** | If the Court approves the settlement and you do nothing, you will not release your individual claim and you will not receive any payment.  You will not be able to bring this claim as a class action or on a mass tort basis.   The  Full  Release  and  Released  Parties  are  available  on  the  Settlement  Website, http://www.ClosetMaidFCRAClassAction.com. |
| **IF YOU SUBMIT A CLAIM** | You will receive a check in the amount of $400.00.  You will be releasing all of your claims. |
| **IF YOU EXCLUDE YOURSELF FROM THE SETTLEMENT** | You have the right to exclude yourself from the settlement completely ("opt out").  You can opt out by following the instructions on the Settlement website http://www.ClosetMaidFCRAClassAction.com.   You will not receive any monetary payments from the Settlement.  You will not have any right to object, but you will not be bound by the terms of this Settlement and will retain your right to file your own lawsuit. The opt out deadline is _____, 2014. |

If you do not exclude yourself, you may object to the settlement.  You can remain in the Settlement Class but file written objections to the Settlement.   The Court will consider the objections in deciding whether to approve the Settlement.  Instructions for mailing an objection are on the Settlement Website, http://www.ClosetMaidFCRAClassAction.com.  If the Settlement is approved, you will not be able to sue ClosetMaid for claims relating to ClosetMaid's employment background check when you applied for a job.

**What is this lawsuit about?**

This lawsuit was filed on December 19, 2008, in the United States District Court for the Western District of Pennsylvania. R. Cathy Reardon, Bridgette Beckinger and Willy Rains (the "Plaintiffs"), sued ClosetMaid Corporation ("ClosetMaid") in this class action case (*Reardon v. ClosetMaid Corporation, 2:08cv1730*) alleging that it violated the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681b(b)(3), by refusing to hire certain job applicants based on what was in their consumer report (background check), without giving the applicant a copy of the report and a notice of FCRA rights within a reasonable time before taking that action. ClosetMaid contends that its procedures did not violate the FCRA, and did not willfully violate the FCRA.

You are receiving this notice because you were in that group that includes approximately 69 consumers.
This "Pre-Adverse Action Settlement Class" is defined to include:

> All employees or prospective employees of Defendant or Doable Products, Inc. in the United States who were the subject of a consumer report that may have been used by Defendant to make an adverse employment decision regarding such employee or prospective employee from December 19, 2006 through September 30, 2012 for whom

Defendant did not provide that applicant a copy of their consumer report at least five business days before it took such adverse action and a copy of the FCRA summary of rights at least five business days before it took such adverse action.

## Who are the Attorneys representing the Class and how will they be paid?

The Court has appointed lawyers to represent the Class, but you may enter an appearance in the case through an attorney if you want. If you do so, you will have to pay for your own lawyer.

The attorneys who have been appointed by the Court to represent the Class are:

Subject to the Court's approval, ClosetMaid will pay all reasonable attorneys' fees, costs, and expenses, in an amount to be determined by the Court. The Plaintiffs may also ask the Court for a Service award up to $10,000.00 for Reardon, and $1,000.00 for Beckinger and Rains. These attorneys' fees, costs and service award payments will be over and above the $400.00 paid to each class member. To the extent there are funds remaining in the Class Settlement Fund after the Settlement Checks are distributed and the time to cash the checks has expired, any uncashed funds will be donated to a *cy pres* recipient chosen by the parties and subject to approval by the Court.

## What rights am I giving up in this settlement?

If you submit a claim you will receive a cash payment of $400.00. This is in addition to any payment you may otherwise receive in this case. However, you will be releasing all of your claims for the alleged violation of the FCRA under 15 U.S.C. § 1681b(b)(3) or any other similar law. If you do not submit a claim, you may still bring an individual case for this alleged violation. However, unless you exclude yourself from this settlement, you will be considered a member of the Class, which means you give up your right to sue or file a class action lawsuit against ClosetMaid regarding the legal issues that were raised or could have been raised in this case. Giving up your legal claims is called a release. The released parties collectively include ClosetMaid Corporation, and its parent, principals and agents.

## If I chose to do so, how do I exclude myself from the settlement?

If you wish to be excluded, you must mail a written request for exclusion to the Settlement Administrator at:

Your request for exclusion must be in writing and postmarked on or before _____, 2014. The request must state: "I do not want to be part of the Class in *Reardon v. ClosetMaid Corporation, 2:08cv1730*." The request should be signed, with your name, address, and telephone number printed below your signature. The address you use should be the address to which this notice was mailed, so that you can be properly identified. However, if you have a new address, please inform us of the new address so we can make the change in the Class List.

## When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing on _____2014, at _____ a.m./p.m.. The hearing will be held in the _____ U.S. Courthouse, _____. At the Fairness Hearing, the Court will consider whether the proposed settlement is fair, reasonable, and adequate. The Court will hear objections to the settlement, if any. We do not know how long the Court will take to make its decision. In addition, the hearing may be continued at any time by the Court without further notice to you.

## Where can I get additional information?

This notice is only a summary of the proposed settlement of this lawsuit. Certain pleadings and documents filed in Court, including the Settlement Agreement, may be reviewed or copied in the Clerk's Office or by visiting the website http://www.ClosetMaidFCRAClassAction.com.

First Name M.I. Last Name
Street Address 1
Street Address 2
City, ST Zip Code

Your Unique Claim Number: **#####**

---

## PRE-ADVERSE ACTION NOTICE CLAIM FORM:

**COMPLETE THIS FORM TO OBTAIN A CASH PAYMENT AS DESCRIBED IN THE CLASS NOTICE.**

**INSTRUCTIONS:**

1.      VERIFY THAT YOUR NAME AND ADDRESS INFORMATION IS CORRECT.

2.      ADD YOUR TELEPHONE NUMBER AND E-MAIL ADDRESS.

3.      SIGN BELOW CONFIRMING THAT YOU HAVE ELECTED TO RECEIVE AN ADDITIONAL CASH PAYMENT OF $400.00 IN EXCHANGE FOR A RELEASE OF YOUR INDIVIDUAL "PRE-ADVERSE ACTION NOTICE" CLAIM UNDER THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b(b)(3) OR SIMILAR STATE LAW.

**The deadline to submit a claim is _____.  You may also submit this claim online at
http://www.ClosetMaidFCRAClassAction.com.**

---

**Section I: Updated Personal Information**

**If the preprinted information at the top of this form is not correct, make any changes here.
(STOP! Do not complete this section if the preprinted information above is correct)**

First Name, MI, Last Name:_____ _____ _____

Mailing Address:_____

City, State, Zip Code: _____

---

**Section II: Additional Information:**

Telephone Number (**required**): (_____) _____–_____

Email Address (if you have one):_____

---

**Section III:        Signature:**

Name:_____

CLASS ADMINISTRATOR MAILING INFO.